DEC 1 2023 AM 11:32
FILED - USDC -

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISON

FBT-CV-18-6074995-S                          :          CIVIL NO.

                                             :
THE BANK OF NEW YORK MELLON                  :          DECEMBER 1, 2023
F/K/A THE BANK OF NEW YORK AS                :
TRUSTEE FOR THE                              :
CERTIFICATEHOLDERS OF THE CWABS              :
INC., ASSET BACKED CERTIFICATES              :
SERIES 2006-12                               :
                                             :
              Plaintiff                      :
                                             :
vs                                           :
                                             :
JOHNNY RAY MOORE                             :
                                             :
              Defendant                      :

## DEFENDANTS NOTICE OF REMOVAL IN REM

**NOW COMES, JOHNNY RAY MOORE,** the ("Defendant") Pursuant to 28 U.S.C. §1446

(a) and 28 U.S.C. § 1331, the Defendant, this day, removes this action from the jurisdiction

of the Connecticut Superior Court of the Judicial District of Fairfield at Bridgeport of Fairfield

County located at 1061 Main Street, Bridgeport CT 06604, ("the Superior Court") under Case

No.: FBT-CV-18-6076680-S.   The Defendant files this NOTICE OF REMOVAL In Rem, having

received a personal discharge of the mortgage debt on February 4, 2025, under petition no. 12-

51027. The Removal of this case is based on Colorable claim that there is a complete disregard

for the Defendant's Rights, based on US Constitution Article III, First, Fifth, Seventh and

14th Amendment, Class Action Fairness Act of 2005, Federal Courts Jurisdiction and Venue

Clarification Act of 2011 and on 42 U.S.C. S 1983.

Such basis of Federal Protections that were afforded the Defendant as a former Debtor in

Possession to the right to an automatic stay under 11 U.S.C § 362 of the Bankruptcy

(1)

Code regarding his Petition No. 16-51133, by certain officers of the Superior Court.

There is complete disregard of the filing of Proof of Claims by parties claiming to be the creditors of mortgage debt under 11 U.S.C. § 101 (10) having no regard for 18 U.S.C. §§ 152 and 3571. It happens that because they are officers of the Superior Court, they have the right to file and say anything in order to foreclose on the Defendant's property as it pertains to a real property having a mailing address known as: 73-75 Baldwin Street, Bridgeport CT. 06607.

These officers of the Court are willing to set a new precedence in that if a case is removed from a state court to the District Court, the case no longer must be remanded back to the Superior Court for a Superior Court to have jurisdiction and therefore officers of the court can prosecute this case just because the District Court's Order was not executed by it clerks and the case was not remanded back some five years later when the Defendant personal inquired.

The Constitutional rights afforded to this Citizen as a Defendant by the United States Congress under 11 U.S.C § 362 of the Bankruptcy Code is being trampled on by an experience and seemly very influential officers of the Superior Court. (Def. **Exhibit A,)** is a copy of the U.S. District Court civil docket # 3:18-cv-01504-AWT, it shows that on 09/07/2018, the Defendant filed a Notice of Removal, outline the reasons at Doc. 1) (It shows that the Defendant on 09/11/2018, filed an Amended Notice of Removal at Doc. 7.) All though the District Court shows the Case was terminated in its Jurisdiction the District Court maintains Jurisdiction to 05/18/2023, (see Doc. # 20)

The Removal of the Case corresponds with the Superior Court Civil Docket is attached at (Def. **Exhibit B**; See Doc. #'s, 108, 109, 117, 118 and 119). Despite that fact that on 07/26/2018, Doc. # 109, clearly shows as is reflected in (Def. Exhibit A). Officers of the Superior Court completely disregarded the Fed. Rule of Civil Procedure for which the District Court is aware of. Then continued to file pleadings (Doc #, 110, 111, 115, 116, and even filed a pleading that the case had been remanded back, Doc, 119). The Defendant not knowing any better

(2)

responded with pleadings ignorant to the fact that the case was not remanded back.

The Writ, Summons and Complaint, shows that Specialized Loan Servicing LLC, (herein called "SLS") is a co-Plaintiff. Yet the Notice of Lis Pendens and the Complaint only lists The Bank of New York Mellon FKA The Bank of New York, as Trustee For the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12, (herein called "BONY).

It is now clear as of 11/30/2023, that from the inception of the case commenced in the State Court action, that it was **COMMENCED IN BAD FAITH**. See (Def. **EXHIBIT C**, which is a copy of the Writ, Summons and Complaint filed with the Superior Court on May 22, 2018).

Yet the officer of the Court Superior Court who defend SLS, and issued a Notice of Default, which was done in violation of the Defendant's Automatic Stay afforded him under 11 U.S.C. § 362 of the Bankruptcy Code. (See **Def. EXHIBIT D**, Doc # 149 and 150 and 154).

The Defendant's attorney at that time laid out the argument of the violation of the Defendant Bankruptcy Stay by SLS.

## TIMELINESS AND FACTUAL BACKGROUND

The Caption of the Complaint only list BONY as a Plaintiff. SLS, should have been named in the Case Caption of the Notice of Lis Pendens and Complaint pursuant to 28 U.S.C. S 1446(a), a true and correct copy of the Summons and Complaint, which constitutes " the summons and complaint served upon Defendant and filed in the State Court.

Due to the BAD FAITH of the officers of the Superior Court to not name SLS, should not prevent the Defendant in accordance with Fed. R. Civ. P. Rule 10 (a) to have the case remanded back to the Superior Court.

The Defendant claims that on November 29, 2023, SLS filed a Affidavit of Debt, ( See, Doc. # 189, Def. **EXHIBIT E**) Claiming a Bogus amount of money from the Defendant on behalf of another entity and not on behalf of BONY,

(3)

## FEDERAL QUESTION JURISDICTION

The US Federal courts have jurisdiction over the statutes, including the 42 U.S. Code S 1983, the "Act": addressed herein, the laws and the issues herein, the Constitution, Fifth Amendment (for suppressing information), Seventh Amendment (for denying the Defendant right to a jury trial by suppressing information extrinsic fraud barring the commencement of an action I equity in a state court Keystone Diller Co. v. General Excavator Co. 290 U.S. (1933). Keystone Driller Co. v. General Excavator 34 and 35: 29. "...1) He who comes into equity must come with clean hands. P 290 U.5.244.2) This maxim applies only when some unconscionable act of Plaintiffs has an immediate and necessary relation to the equity he seeks in the litigation ...", 14tn Amendment:

(1) Question did an officer of the Superior Court prosecute this action in violation of the Defendant Bankruptcy Stay?

(2) Are the pleadings filed in the Superior Court and the Orders issued between 07/26/2018 to 05/18/2023 void?

(3) Does the Defendant have the right to introduce evidence to the District Court regarding fraudulent Proof of Claims filed in his Bankruptcy and how he was severely Prejudiced?

(4) Did the Superior Court have jurisdiction to issue orders between 07/26/2018 and 05/18/2023?

(5) Did the Superior Court abuse its discretion when it issued an Order on 10/11/2023 denying the Defendant the right to reargue its Decision (See Doc. Entry No. 173.10, 184 and 185) without considering a pending Trial.

## VENUE AND NOTICE

Removal is appropriate " to the district court of the United States for the district and division embracing the place where such action is pending". 28 U.S.C S 1441 (a). Venue is proper in this District because, pursuant 28 U.S.C. 112 S this District embraces the Superior Court J.D. of Fairfield County of the State of Connecticut where the removed action had been pending. U.S.C. $ 1441 (a) 31, Removal is appropriate " to the district court of the United States for the

(4)

district and division embracing the place where such action is pending.'28 U.S.C. S 1441(a).
Venue is proper in this District because, pursuant 28 U.S.C. S 1391 in that the real estate
is located in this District. The Defendant, Johnny Ray Moore, resides in this District and filed his
Bankruptcy Petition in the Bridgeport Division. This District Court has exclusive Jurisdiction to
Hear matter under 11 U.S.C. § 362, the was under the District Court jurisdiction at that time
regarding the Defendant's real property under 28 U.S.C. § 1332 (a)(e)(1).

### <u>BONY BAD FAITH AND VEXATIOUS LITIGATION</u>

(1) The Defendant claims that BONY's Complaint is filed in bad faith; (2); SLS is listed in the
Summon, are not Real Parties in interest to make any equitable claims against the real estate property
(3);BONY cannot prove it paid any monetary consideration, as purchaser or has any
ownership regarding the debt as claimed (4); BONY cannot prove it has suffered any financial
injury (5); BONY and SLS is the real party claiming the debt and both lack standing to bring this
Complaint seeking equitable relief in violation of the Defendant's Bankruptcy Stay.

The Federal Law enacted by the U.S. Congress and the State of Connecticut under the
Constitution. Which afforded rights to Due Process, Equal Protection under the of law and a
fundamental right of this Defendant be heard on the Defendant's Motion for Extension of Time.
Which only confirms why this case has been removed to the jurisdiction of the District Court to
present Federal Questions in the jurisdiction of the Federal Court to Redress the violation if not
addressed will erode public confidence and public policy in the integrity of the Fed. Rules of Civ.
Procedure and the Law protecting the rights of the Citizens. Such as the Right to be heard. (See
Def. Doc. Entry Nos. 184 and 185 and 185.10). The Defendant has a preponderance of
evidence that the above-named Plaintiff has never been a real party in interest, nor has
Specialized Loan Services LLC. Both lack Standing before the Courts. The only party that
claimed ownership of the Defendant mortgage debt before his discharge, after

(5)

his discharge was Bank of America, N.A. having acquired the debt from Countrywide Home Loans. Please see the Defendant's **EXIBIT F.** In response to Brock and Scott PLLC, letter.

<div align="center">

### Conclusion

</div>

The Defendant claims that the Removal of this Case is justifiable concerning the Disregard for both Federal and State Law. And Prays that he will be afforded Right under the US Constitution US Constitution Article III, First, Fifth, Seventh and 14th Amendment, Class Action Fairness Act of 2005, Federal Courts Jurisdiction and Venue Clarification Act of 2011 and on 42 U.S.C. S 1983. To be Respectfully HEARD. And present his evidence to the best of his limited ability.

The United State Supreme Court consistently has been solicitous of the rights of pro se litigants. *Keane* v. *Smith,* 163 Conn. 606, 316 A.2d 416, cert. denied, 409 U.S. 1113, 93 S. Ct. 927, 34 L. Ed.2d 696; denied, 409 U.S. 502* 520 851, 93 S. Ct. 62, 34 L. Ed. 2d 94. "In such a situation not only this court, but our highest trial court, so far as they properly can, will endeavor to see that such a ... [litigant] shall have the opportunity to have his **case fully and fairly heard, and will endeavor to aid a result, such as this case presents, brought about by ... [his] lack of legal education and experience, rather than to deny him an opportunity to be heard through a too strict construction of a rule of practice when this course does not interfere with the just rights of the ... [other party], nor unduly impede the court in making a proper record for appeal**." *Higgins v. Hartford County Bar Assn.*, 109 Conn. 609, 692, 145 A.20.

Dated __12/1/2023__

THE DEFENDANT

By: _Johnny Ray Moore_
JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON CT 06484
    (203) 395-4282
greenenergyjrm@gmail.com

<div align="center">

(6)

</div>

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rule of Civil Procedure the following Notice of Removal has

on DECEMBER 1, 2023, been emailed and sent by First-Class Mail, postage pre-paid,

on DECEMBER 1, 2023, upon all parties of record, as indicated below:

JEFFREY KNICKERBOCKER, ESQ.
BROCK & SCOTT PC

e-Mail:  Jeffery.knickerbocker@brockandscott.com
e-Mail:  CTpleadings@brockandscott.com

Dated _____December 1, 2023_____

THE DEFENDANT

By: _____
JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON CT 06484
(203) 395-4282
greenenergyjrm@gmail.com

# EXHIBIT _A_

CLOSED,EFILE,PROSE

**U.S. District Court**
**District of Connecticut (New Haven)**
**CIVIL DOCKET FOR CASE #: 3:18-cv-01504-AWT**

Bank of New York Mellon v. Moore
Assigned to: Judge Alvin W. Thompson
Cause: 42:1983 Civil Rights Act

Date Filed: 09/07/2018
Date Terminated: 04/19/2019
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Bank of New York Mellon**
*As Trustee For the*
*Certificateholders of the*
*CWABS Inc. Asset Backed*
*Certificates Series 2006-12*
*formerly known as*
Bank of New York

represented by **Jeffrey M. Knickerbocker**
Brock and Scott, PLLC
270 Farmington Ave
Suite 151
Farmington, CT 06032
860-474-8939
Email:
JEFFREY.KNICKERBOCKER@BROCKANDSCOTT.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Johnny Ray Moore**

represented by **Johnny Ray Moore**
15 Sachem Drive
Shelton, CT 06484
203-395-4282
Email: greenenergyjrm@gmail.com
PRO SE

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/07/2018 | 1 | NOTICE OF REMOVAL by Johnny Ray Moore from Superior Court, Bridgeport, case number FBT-CV18-6074995-S., filed by Johnny Ray Moore.(Fazekas, J.) (Entered: 09/11/2018) |
| 09/07/2018 |   | Filing fee received from Johnny Ray Moore: $400.00, receipt number 467843. (Fazekas, J.) (Entered: 09/11/2018) |
| 09/07/2018 | 2 | Order on Pretrial Deadlines: Amended Pleadings due by 11/6/2018. Discovery due by 3/9/2019. Dispositive Motions due by 4/13/2019. Signed by Clerk on 9/7/2018.(Fazekas, J.) (Entered: 09/11/2018) |
| 09/07/2018 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Alvin W. Thompson on 9/7/2018.(Fazekas, J.) (Entered: 09/11/2018) |

| 09/07/2018 | 4 | STANDING PROTECTIVE ORDER<br>Signed by Judge Alvin W. Thompson on 9/7/2018.(Fazekas, J.) (Entered: 09/11/2018) |
|---|---|---|
| 09/11/2018 | 5 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 3 Electronic Filing Order, 1 Notice of Removal filed by Johnny Ray Moore, 2 Order on Pretrial Deadlines, 4 Standing Protective Order<br>Signed by Clerk on 9/11/2018. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 09/11/2018) |
| 09/11/2018 | 6 | NOTICE TO COUNSEL NOT ADMITTED TO THE BAR OF THE US DISTRICT COURT OF CONNECTICUT Re: Local Rule 83.1 Admission of Attorneys. The above captioned case has been received and filed in our court. Please see our Local Rule 83.1 regarding Admission of Attorneys that is available on our website at www.ctd.uscourts.gov. You will not be added to the case, nor will we accept further filings until you have complied with Local Rule 83.1. If you have any questions about this procedure, please contact the Clerk's Office.<br>Signed by Clerk on 9/11/2018.(Fazekas, J.) (Entered: 09/11/2018) |
| 09/11/2018 | 7 | AMENDED SECOND NOTICE OF REMOVAL IN REM by Johnny Ray Moore from Superior Court, Bridgeport, case number FBT-CV-18-6076680-S., filed by Johnny Ray Moore. (Attachments: # 1 Docs and Exhibits Part 1, # 2 Docs and Exhibits Part II, # 3 Docs and Exhibits Part III, # 4 Docs and Exhibits Part IV)(Payton, R.) (Entered: 09/12/2018) |
| 09/11/2018 | 8 | MEMORANDUM OF LAW re 7 AMENDED SECOND NOTICE OF REMOVAL IN REM filed by Johnny Ray Moore. (Payton, R.) (Entered: 09/12/2018) |
| 09/17/2018 | 9 | NOTICE of Appearance by Jeffrey M. Knickerbocker on behalf of Bank of New York Mellon (Knickerbocker, Jeffrey) (Entered: 09/17/2018) |
| 09/17/2018 | 10 | First MOTION to Remand to State Court *in Bridgeport* by Bank of New York Mellon.Responses due by 10/8/2018 (Attachments: # 1 Memorandum in Support Motion for Remand, # 2 Exhibit A - Memo of Decision from first removal action)(Knickerbocker, Jeffrey) (Entered: 09/17/2018) |
| 09/21/2018 | 11 | Appearance Self Represented Party by Johnny Ray Moore (Oliver, T.) (Entered: 09/24/2018) |
| 09/21/2018 | 12 | Consent to Electronic Notice by Johnny Ray Moore (Oliver, T.) (Entered: 09/24/2018) |
| 09/21/2018 | 13 | MOTION by Self-Represented Litigant to Participate in Electronic Filing by Johnny Ray Moore. (Oliver, T.) (Entered: 09/24/2018) |
| 09/21/2018 | 14 | NOTICE of Compliance by Johnny Ray Moore (Oliver, T.) (Entered: 09/24/2018) |
| 09/26/2018 | 15 | ORDER: Plaintiff's Motion by Self-Represented Litigant to Participate in Electronic Filing (Doc. No. 13 ) is hereby GRANTED. It is so ordered. Signed by Judge Alvin W. Thompson on 09/26/18. (Patel, Ranit) (Entered: 09/26/2018) |
| 09/26/2018 | 16 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER.<br><br>SELF-REPRESENTED FILERS ARE REQUIRED TO COMPLY WITH THE JUDGE'S STANDARD ELECTRONIC FILING ORDER WHICH IS ATTACHED.<br>Signed by Judge Alvin W. Thompson on 9/26/18. (Ferguson, L.) (Entered: 09/27/2018) |
| 10/08/2018 | 17 | PROPOSED ORDER *TO TRANSFER CASE TO BRIDGEPORT DIVISION OF CONNECTICUT DISTRICT COURT* by Johnny Ray Moore. (Moore, Johnny) (Entered: |

|  |  | 10/08/2018) |
|---|---|---|
| 10/09/2018 | 18 | ORDER: Defendants Motion for an Order to Transfer this Case to the United States District Court Bridgeport Division (Doc. No. 17 ) is hereby DENIED. The proposed transfer is contrary to this district's rules governing case assignments. It is so ordered. Signed by Judge Alvin W. Thompson on 10/09/18. (Patel, Ranit) (Entered: 10/09/2018) |
| 04/19/2019 | 19 | ORDER: For the reasons set forth herein, Plaintiff's Motion for Remand of Improperly Removed Case (ECF No. 10 ) is hereby GRANTED. This action is remanded to Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. The plaintiff shall file a motion for attorney's fees within twenty-one days. It is so ordered. Signed by Judge Alvin W. Thompson on 4/19/2019. (Patel, R.) (Entered: 04/19/2019) |
| 04/19/2019 |  | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Ferguson, L.) (Entered: 04/22/2019) |
| 05/18/2023 | 20 | Case remanded to State Court Judicial District of Fairfield at Bridgeport per Order #19 filed on 4/19/19. (Ruocco, M.) (Entered: 05/18/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/29/2023 20:58:43 | | |
| PACER Login: | GodisGreat | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:18-cv-01504-AWT |
| Billable Pages: | 3 | Cost: | 0.30 |

*EXHIBIT* B



### State of Connecticut Judicial Branch
# Superior Court Case Look-up



Superior Court Case Look-up
  Civil/Family
  Housing
  Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us

**FBT-CV18-6074995-S**    **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO v. MOORE, JOHNNY RAY**

**Prefix:** FB2    **Case Type:** P00    **File Date:** 05/22/2018    **Return Date:** 06/05/2018

**Case Detail** | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶

Pending Foreclosure Sales          To receive an email when there is activity on this case, click here.

**Information Updated as of:** 12/01/2023

### Case Information

**Case Type:** P00 - Property - Foreclosure
**Court Location:** BRIDGEPORT JD
**Property Address:** 73-75 BALDWIN STREET, BRIDGEPORT, CT 06607
**List Type:** REMOVED FROM TRIAL LIST (00)
**Trial List Claim:**
**Last Action Date:** 11/30/2023  (The "last action date" is the date the information was entered in the system)

### Disposition Information

**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

### Party & Appearance Information



| Party | No Fee Party | Category |
|---|---|---|
| **P-01  THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC ASSET BANKED CERTIFICATES SERIES 2006-12** | | Plaintiff |
| **Attorney:** BROCK AND SCOTT PLLC (439942) File Date: 08/11/2023  270 FARMINGTON AVENUE  SUITE 151  FARMINGTON, CT 06032 | | |
| **D-01  JOHNNY RAY MOORE**  **Self-Rep:** 15 SACHEM DRIVE  SHELTON, CT 06485          File Date: 06/06/2018 | | Defendant |

**Comments**

### Viewing Documents on Civil, Housing and Small Claims Cases:

If there is an 🜲 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 05/22/2018 | P | SUMMONS | |
| | 05/22/2018 | P | COMPLAINT | |
| | 06/06/2018 | | APPEARANCE | |
| | 05/24/2021 | D | APPEARANCE<br>Appearance | |
| | 08/11/2023 | P | APPEARANCE<br>Appearance | |
| 100.30 | 05/22/2018 | P | RETURN OF SERVICE | No |
| 101.00 | 05/22/2018 | P | FORECLOSURE MEDIATION PLAINTIFF'S COMPLIANCE WITH SERVICE (NO DOCUMENT) | No |
| 102.00 | 05/22/2018 | C | FORECLOSURE MEDIATION – ELIGIBLE CASE (NO DOCUMENT) | No |
| 103.00 | 05/22/2018 | C | FORECLOSURE MEDIATION-COMPLIANCE WITH P.A.09-209 (NO DOCUMENT) SEE FORM# JD-CV-109 | No |
| 104.00 | 06/06/2018 | D | NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT | No |
| 105.00 | 06/06/2018 | D | REMOVED TO FEDERAL DISTRICT COURT | No |
| 106.00 | 07/20/2018 | P | NOTICE<br>of Remanded Action | No |
| 107.00 | 07/24/2018 | C | REMANDED FROM FEDERAL DISTRICT COURT | No |
| 107.50 | 07/25/2018 | D | NOTICE | No |
| 108.00 | 07/26/2018 | D | NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT | No |
| 109.00 | 07/26/2018 | D | REMOVED TO FEDERAL DISTRICT COURT | No |
| 110.00 | 08/03/2018 | P | MOTION FOR DEFAULT-FAILURE TO PLEAD<br>*RESULT:* Denied 9/12/2018 BY THE CLERK | No |
| 110.10 | 09/12/2018 | C | ORDER<br>DN D0-1<br>*RESULT:* Denied 9/12/2018 BY THE CLERK | No |
| 111.00 | 08/03/2018 | P | AFFIDAVIT OF COMPLIANCE WITH EMAP | No |
| 112.00 | 08/07/2018 | D | MOTION FOR DEFAULT-FAILURE TO PLEAD<br>Defendant's Motion for time to Plead in response to Plaintiff Motion to Default Doc. 110.<br>*RESULT:* Withdrawn 8/14/2018 BY THE CLERK | No |
| 112.10 | 08/14/2018 | C | ORDER<br>Withdrawn by Motion 114.00<br>*RESULT:* Withdrawn 8/14/2018 BY THE CLERK<br>**Last Updated:** Additional Description  08/14/2018 | No |
| 113.00 | 08/07/2018 | D | MOTION FOR EXTENSION OF TIME<br>Defendant's Motion for time to Plead in response to Plaintiff Motion to Default Doc. 110. | No |

| 114.00 | 08/07/2018 | D | **WITHDRAWAL OF MOTION** 📄 The Defendant mistakenly click on the incorrect Motion as to Doc. No. 12. and withdraws it. | No |
|---|---|---|---|---|
| 115.00 | 08/07/2018 | P | **MOTION FOR JUDGMENT-STRICT FORECLOSURE** 📄 | Yes |
| 116.00 | 08/24/2018 | P | **OBJECTION TO MOTION FOR EXTENSION OF TIME** 📄 | No |
| 117.00 | 09/07/2018 | D | **NOTICE** 📄 Defendant filed another remand on 7/26/18. | No |
| 118.00 | 09/12/2018 | D | **NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT** 📄 Defendant's Amended Second Notice of Removal in rem, filed yesterday in District Court ( part 1) | No |
| 119.00 | 09/12/2018 | D | **NOTICE** 📄 Defendant's Amended Second Notice of Removal in rem ( part 2 of filed) | No |
| 120.00 | 06/21/2019 | P | **NOTICE** 📄 Notice Of Remand | No |
| 121.00 | 06/21/2019 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD** 📄 *RESULT*: Denied 7/1/2019 BY THE CLERK | No |
| 121.10 | 07/01/2019 | C | **ORDER** 📄 DN D-01 *RESULT*: Denied 7/1/2019 BY THE CLERK | No |
| 122.00 | 06/26/2019 | D | **MOTION TO DISMISS PB 10-30** 📄 The Defendant Motion to Dismiss Complaint, Doc. No. 122, with supporting Exhibits: A,B,C,D,E,F,G. | Yes |
| 123.00 | 06/26/2019 | D | **WITHDRAWAL OF MOTION** 📄 The Defendant withdraws Motion to Dismiss, Doc. No. 122 with Exhibits | No |
| 124.00 | 06/26/2019 | D | **MOTION TO DISMISS PB 10-30** 📄 Defendant's Motion to Dismiss, Doc. No. 124, with Exhibits: A,B,C,D,E,F, AND G. | Yes |
| 125.00 | 06/27/2019 | D | **CERTIFICATION OF SERVICE** 📄 The Defendant files Corrected Certification of Service, Doc. No. 124, served upon correct parties | No |
| 126.00 | 08/06/2019 | P | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PB 10-31** 📄 | No |
| 127.00 | 09/23/2019 | D | **NOTICE OF BANKRUPTCY** 📄 The Defendant serves Notice upon the Court of the Filing of his Bankrutpcy Petition. | No |
| 128.00 | 10/08/2019 | P | **AFFIDAVIT THAT PARTY IS IN BANKRUPTCY** 📄 | No |
| 129.00 | 03/20/2020 | P | **AFFIDAVIT** 📄 Automatic Stay Not in Effect | No |
| 130.00 | 01/27/2021 | D | **WITHDRAWAL OF MOTION** 📄 Defendant Withdrawal of His Motion to Dismiss PB 10-30. DOC. NO. 124 | No |
| 131.00 | 01/27/2021 | D | **MOTION FOR STAY** 📄 Defendant's Motion For Stay *RESULT*: Denied 2/16/2021 HON JOHN CORDANI | No |
| 131.50 | 02/16/2021 | C | **ORDER** 📄 *RESULT*: Denied 2/16/2021 HON JOHN CORDANI | No |
| 132.00 | 02/04/2021 | P | **AFFIDAVIT** 📄 | No |
| 133.00 | 02/16/2021 | P | **OBJECTION TO MOTION** 📄 Objection to Motion for Stay | No |

| 134.00 | 02/22/2021 | D | **MOTION TO REARGUE/RECONSIDER** 📝 <br> Defendant's Motion to Reargue Doc. No. 135.50 <br> *RESULT:* Denied 3/12/2021 HON JOHN CORDANI | No |
|---|---|---|---|---|
| 134.50 | 03/12/2021 | C | **ORDER** 📝 <br> *RESULT:* Denied 3/12/2021 HON JOHN CORDANI | No |
| 135.00 | 04/05/2021 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD** 📝 <br> *RESULT:* Denied 6/2/2021 BY THE CLERK | No |
| 135.10 | 06/02/2021 | C | **ORDER** 📝 <br> *RESULT:* Denied 6/2/2021 BY THE CLERK | No |
| 136.00 | 04/08/2021 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD** 📝 <br> Defendant's Motion for Extension of Time to Plead, Doc. No. 135 <br> *RESULT:* Granted 5/3/2021 HON BARRY STEVENS | No |
| 136.10 | 05/03/2021 | C | **ORDER** 📝 <br> *RESULT:* Granted 5/3/2021 HON BARRY STEVENS | No |
| 137.00 | 05/03/2021 | C | **ORDER** 📝 <br> *RESULT:* Order 5/3/2021 HON BARRY STEVENS | No |
| 138.00 | 05/24/2021 | D | **MOTION FOR EXTENSION OF TIME** 📝 <br> to file Responsive Pleading (§10-8) <br> *RESULT:* Granted 6/14/2021 HON THOMAS WELCH | No |
| 138.10 | 06/14/2021 | C | **ORDER** 📝 <br> *RESULT:* Granted 6/14/2021 HON THOMAS WELCH | No |
| 139.00 | 06/01/2021 | D | **REQUEST TO REVISE** 📝 <br> Complaint | No |
| 140.00 | 07/14/2021 | P | **SUBSTITUTED COMPLAINT** 📝 | No |
| 141.00 | 07/30/2021 | D | **ANSWER** 📝 | No |
| 142.00 | 08/02/2021 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD** 📝 <br> *RESULT:* Denied 8/11/2021 BY THE CLERK | No |
| 142.10 | 08/11/2021 | C | **ORDER** 📝 <br> DN: D-01 <br> *RESULT:* Denied 8/11/2021 BY THE CLERK <br> **Last Updated:** Additional Description - 08/11/2021 | No |
| 143.00 | 08/13/2021 | P | **DEMAND FOR DISCLOSURE OF DEFENSE PB 13-19** 📝 | No |
| 144.00 | 08/18/2021 | D | **DISCLOSURE OF DEFENSE** 📝 | No |
| 145.00 | 08/25/2021 | P | **PRELIMINARY STATEMENT OF DEBT** 📝 | No |
| 146.00 | 12/15/2021 | P | **MOTION FOR SUMMARY JUDGMENT** 📝 | Yes |
| 146.10 | 02/18/2022 | C | **ORDER** 📝 <br> *RESULT:* Off 2/18/2022 HON BARRY STEVENS | No |
| 146.50 | 05/04/2022 | C | **ORDER** 📝 <br> *RESULT:* Order 5/4/2022 HON THEODORE TYMA | No |
| 147.00 | 12/15/2021 | P | **MEMORANDUM IN SUPPORT OF MOTION** 📝 <br> Motion for Summary Judgment | No |
| 148.00 | 01/31/2022 | D | **MOTION FOR EXTENSION OF TIME** 📝 <br> to file response to Mot for Summ J (146.00) | No |
| 148.10 | 02/18/2022 | C | **ORDER** 📝 <br> *RESULT:* Order 2/18/2022 HON BARRY STEVENS | No |
| 149.00 | 03/16/2022 | D | **MOTION FOR SUMMARY JUDGMENT** 📝 <br> *RESULT:* Denied 5/4/2022 HON THEODORE TYMA | Yes |
| 149.50 | 05/04/2022 | C | **ORDER** 📝 <br> *RESULT:* Denied 5/4/2022 HON THEODORE TYMA | No |

| | | | | |
|---|---|---|---|---|
| 150.00 | 03/16/2022 | D | **MEMORANDUM IN SUPPORT OF MOTION** 📝<br>for Summary Judgment (149.00) | No |
| 151.00 | 03/16/2022 | D | **MEMORANDUM IN OPPOSITION TO MOTION** 📝<br>Plaintiff's Mot. for Summ. J (146.00)<br>*RESULT:* Sustained 5/4/2022 HON THEODORE TYMA | No |
| 151.50 | 05/04/2022 | C | **ORDER** 📝<br>*RESULT:* Sustained 5/4/2022 HON THEODORE TYMA | No |
| 152.00 | 04/14/2022 | D | **CASEFLOW REQUEST (JD-CV-116)** 📝<br>to combine argument on Def's MSJ (149.00) w argument<br>scheduled for 4/18/22 on Pl's MSJ | No |
| 153.00 | 04/14/2022 | P | **REPLY** 📝<br>Reply to Defendant's objection to Motion for Summary<br>Judgment | No |
| 154.00 | 04/14/2022 | P | **OBJECTION TO MOTION** 📝<br>Objection to Defendant's Motion for Summary Judgment | No |
| 155.00 | 04/18/2022 | D | **REPLY MEMORANDUM** 📝<br>in response to Pl's Objection (154.00) to Def MSJ | No |
| 156.00 | 06/15/2022 | P | **NOTICE OF SERVICE OF REQUEST FOR ADMISSION**<br>**PB 13-22** 📝 | No |
| 157.00 | 06/15/2022 | P | **CERTIFICATE OF CLOSED PLEADINGS AND CLAIM**<br>**FOR TRIAL LIST** 📝 | No |
| 158.00 | 07/05/2022 | D | **MOTION FOR EXTENSION OF TIME RE DISCOVERY**<br>**MOTION OR REQUEST PB CH13** 📝<br>Motion for Extension of Time to Respond to Requests to<br>Admit<br>*RESULT:* Granted 7/25/2022 HON THOMAS WELCH | No |
| 158.10 | 07/25/2022 | C | **ORDER** 📝<br>*RESULT:* Granted 7/25/2022 HON THOMAS WELCH | No |
| 159.00 | 08/12/2022 | D | **ANSWER AND/OR OBJECTIONS TO REQUEST FOR**<br>**ADMISSIONS PB 13-23(a)** 📝 | No |
| 160.00 | 08/12/2022 | D | **MOTION FOR EXTENSION OF TIME RE DISCOVERY**<br>**MOTION OR REQUEST PB CH13** 📝<br>Def's Mot to Extend Time to Resp to Rogs & RFPs,<br>through September 14, 2022 | No |
| 161.00 | 08/15/2022 | D | **MOTION FOR EXTENSION OF TIME RE DISCOVERY**<br>**MOTION OR REQUEST PB CH13** 📝<br>Corrected MET (see Docket Entry: 160.00), to correct<br>signature block and Cert | No |
| 162.00 | 08/15/2022 | D | **ANSWER AND/OR OBJECTIONS TO REQUEST FOR**<br>**ADMISSIONS PB 13-23(a)** 📝<br>Corrected Cover Sheet (see Docket Entry: 159.00), to<br>correct signature block and Cert | No |
| 163.00 | 09/08/2022 | P | **NOTICE** 📝<br>Of Intent to Rely on Defendant's Admissions | No |
| 164.00 | 09/19/2022 | P | **MOTION FOR ORDER OF COMPLIANCE – PB SEC 13-14**<br>**(INTERR/PROD – 13-6/13-9)** 📝 | No |
| 165.00 | 09/26/2022 | P | **CASEFLOW REQUEST (JD-CV-116)** 📝 | No |
| 166.00 | 09/30/2022 | D | **NOTICE OF COMPLIANCE** 📝 | No |
| 167.00 | 01/06/2023 | P | **CASEFLOW REQUEST (JD-CV-116)** 📝 | No |
| 168.00 | 05/09/2023 | P | **DISCLOSURE OF EXPERT WITNESS** 📝 | No |
| 169.00 | 05/11/2023 | P | **MEMORANDUM** 📝 | No |
| 170.00 | 05/11/2023 | D | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** 📝<br>Defendant's Preliminary List of Exhibits JD-CL-28 | No |

| 171.00 | 05/18/2023 | C | **REMANDED FROM FEDERAL DISTRICT COURT** | No |
|---|---|---|---|---|
| 172.00 | 05/25/2023 | D | **MOTION FOR PERMISSION TO WITHDRAW APPEARANCE** | Yes |
| 172.10 | 05/30/2023 | C | **ORDER**<br>Order for Remote Hearing and Notice<br>*RESULT*: Order 5/30/2023 BY THE COURT | No |
| 173.00 | 06/12/2023 | D | **MOTION FOR PERMISSION TO WITHDRAW APPEARANCE AS SERVED** | Yes |
| 173.10 | 10/11/2023 | C | **ORDER**<br>*RESULT*: Granted 10/11/2023 HON JOHN CIRELLO | No |
| 174.00 | 06/12/2023 | D | **RETURN OF SERVICE** | No |
| 175.00 | 06/21/2023 | D | **MOTION FOR CONTINUANCE**<br>of Hearing on Motion to Withdraw (at Defendant's request)<br>*RESULT*: Granted 6/22/2023 HON JOHN CIRELLO | No |
| 175.10 | 06/22/2023 | C | **ORDER**<br>*RESULT*: Granted 6/22/2023 HON JOHN CIRELLO | No |
| 176.00 | 06/30/2023 | D | **OBJECTION TO MOTION TO WITHDRAW APPEARANCE**<br>Objection to Motion to Withdraw Appearance ( See Doc. Entry Nos. 172 and 173) | Yes |
| 177.00 | 07/03/2023 | D | **MOTION FOR CONTINUANCE** | No |
| 178.00 | 07/05/2023 | D | **MOTION FOR CONTINUANCE**<br>Corrected Motion for Continuance<br>*RESULT*: Granted 7/5/2023 HON THOMAS WELCH<br>**Last Updated:**  Entry Number - 07/06/2023 | No |
| 178.10 | 07/05/2023 | C | **ORDER**<br>*RESULT*: Granted 7/5/2023 HON THOMAS WELCH | No |
| 179.00 | 07/27/2023 | D | **MOTION FOR CONTINUANCE**<br>BOTH COUNSEL AND THE DEFENDANT HAVE CONSENTED TO A FINAL COUNTINUANCE<br>*RESULT*: Granted 7/28/2023 HON THOMAS WELCH | No |
| 179.10 | 07/28/2023 | C | **ORDER**<br>*RESULT*: Granted 7/28/2023 HON THOMAS WELCH | No |
| 180.00 | 08/14/2023 | D | **NOTICE TO ALL PARTIES**<br>Notice to the COURT the Def. Expert Witness that should have been Disclosed before 05/12/2023 | No |
| 181.00 | 08/24/2023 | D | **WITHDRAWAL IN PART**<br>Notice To All Parties (Doc # 180) was not procedurally filed correctly and is hereby withdrawn | No |
| 182.00 | 09/22/2023 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>to schedule argument on Motion to Withdraw before Judge Welch | No |
| 183.00 | 09/22/2023 | D | **DISCLOSURE OF EXPERT WITNESS**<br>Defendant's CPA Richard Bangs | No |
| 184.00 | 10/31/2023 | D | **MOTION FOR EXTENSION OF TIME**<br>Defendant's Certified Motion for Extension of Time to File a Motion to Reargue Doc. No. 173.10 | No |
| 185.00 | 11/27/2023 | D | **CASEFLOW REQUEST (JD-CV-116)** ǃ NEW<br>Defendant's Case Flow Request regarding Doc. Entry No. 184<br>*RESULT*: Denied 11/27/2023 HON JOHN CIRELLO | No |
| 185.10 | 11/27/2023 | C | **ORDER** ǃ NEW<br>*RESULT*: Denied 11/27/2023 HON JOHN CIRELLO | No |
| 186.00 | 11/29/2023 | P | **MILITARY AFFIDAVIT** ǃ NEW | No |

| 187.00 | 11/29/2023 | P | FORECLOSURE WORKSHEET JD-CV-77 📝 ⚠️NEW | No |
| 188.00 | 11/29/2023 | P | AFFIDAVIT OF DEBT 📝 ⚠️NEW | No |
| 189.00 | 11/29/2023 | P | AFFIDAVIT RE: ATTORNEY/COUNSEL FEES 📝 ⚠️NEW | No |
| 190.00 | 11/29/2023 | P | OATH OF APPRAISERS 📝 ⚠️NEW | No |
| 191.00 | 11/29/2023 | P | APPRAISAL 📝 ⚠️NEW | No |
| 192.00 | 11/30/2023 | D | MOTION FOR STAY 📝 ⚠️NEW<br>Defendant's Motion for Stay of Proceedings Due to Loss Mitigations Proceedings | No |
| 193.00 | 12/01/2023 | P | MOTION IN LIMINE 📝 ⚠️NEW<br>TO PRECLUDE EXPERT TESTIMONY | No |
| 194.00 | 12/01/2023 | P | OBJECTION TO MOTION 📝 ⚠️NEW<br>TO CONTINUE TRIAL | No |
| 195.00 | 12/01/2023 | P | MEMORANDUM 📝 ⚠️NEW<br>OF LAW AND LEGAL THEORIES | No |

| Scheduled Court Dates as of 11/30/2023 | | | |
|---|---|---|---|
| FBT-CV18-6074995-S - THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO v. MOORE, JOHNNY RAY | | | |
| # | Date | Time | Event Description | Status |
| 1 | 12/01/2023 | 2:00PM | Trial | Proceeding |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil🔗 standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up🔗 page and Short Calendars By Juris Number🔗 or By Court Location🔗.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2023, State of Connecticut Judicial Branch

Page Created on 12/1/2023 at 12:17:38 AM

EXHIBIT C

**SUMMONS - CIVIL**
JD-CV-1  Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)(with area code)* | Telephone number of clerk (with area code) | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | (203) 579-6527 | JUNE 5, 2018 |

| | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| ☒ Judicial District   ☐ G.A. ☐ Housing Session   Number: | Bridgeport | Major: P   Minor: 00 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented  *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Bendett & McHugh, P.C. 270 Farmington Avenue, Suite 151, Farmington, CT 06032 | 102892 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| (860) 677-2868 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* ctpleadings@bmpc-law.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; Sip. Country, if not USA) | |
|---|---|---|
| **First Plaintiff** | Name: THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12 | P-01 |
| | Address: C/O SPECIALIZED LOAN SERVICING LLC, 8742 LUCENT BOULEVARD, SUITE 300, HIGHLANDS RANCH, CO 80129 | |
| **Additional Plaintiff** | Name: | P-02 |
| | Address: | |
| **First Defendant** | Name: MOORE, JOHNNY RAY | D-01 |
| | Address: 15 SACHEM DRIVE, SHELTON, CT 06484 | |
| **Additional Defendant** | Name: | D-02 |
| | Address: | |
| **Additional Defendant** | Name: | D-03 |
| | Address: | |
| **Additional Defendant** | Name: | D-04 |
| | Address: | |

**Notice to Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Aza E.Gray | Date Signed MAY 07 2018 |
|---|---|---|---|

| If this Summons is signed by a Clerk: a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only |
|---|---|
| | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

| | |
|---|---|
| (a) Family matters·(for example divorce, child support, custody, paternity, and visitation matters) | (f) Proceedings pertaining to arbitration |
| (b) Summary Process actions | (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought |
| (c) Applications for change of name | (h) Entry and Detainer proceedings |
| (d) Probate appeals | (i) Housing Code Enforcement actions |
| (e) Administrative appeals | |

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description | Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| Miscellaneous | M 00 | Injunction | | T 28 | Malpractice - Medical |
| | M 10 | Receivership | | T 29 | Malpractice - Legal |
| | M 20 | Mandamus | | T 30 | Malpractice - All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 40 | Assault and Battery |
| | M 40 | Arbitration | | T 50 | Defamation |
| | M 50 | Declaratory Judgment | | T 61 | Animals - Dog |
| | M 63 | Bar Discipline | | T 69 | Animals - Other |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 70 | False Arrest |
| | M 68 | Bar Discipline - Inactive Status | | T 71 | Fire Damage |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | T 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 83 | Small Claims Transfer to Regular Docket | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 84 | Foreign Protective Order | | V 05 | Motor Vehicles* - Property Damage only |
| | M 90 | All other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Housing | H 10 | Housing  - Return of Security Deposit | | V 09 | Motor Vehicle* - All other |
| | H 12 | Housing  - Rent and/or Damages | | V 10 | Boats |
| | H 40 | Housing  - Audita Querela/Injunction | | V 20 | Airplanes |
| | H 50 | Housing  - Administrative Appeal | | V 30 | Railroads |
| | H 60 | Housing  - Municipal Enforcement | | V 40 | Snowmobiles |
| | H 90 | Housing  - All Other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL. (860) 677-2868 • TDD/TYY PLEASE FIRST DIAL 711

RETURN DATE: JUNE 5, 2018  :  SUPERIOR COURT

THE BANK OF NEW YORK MELLON  :  J.D. OF FAIRFIELD
FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-12

VS.  :  AT BRIDGEPORT

MOORE, JOHNNY RAY, ET AL  :  MAY 7, 2018

## COMPLAINT

1.     On May 26, 2006, Johnny Ray Moore owed Countrywide Home Loans, Inc.

$248,000.00, as evidenced by a promissory note for said sum dated on said date, and payable to

the order of Countrywide Home Loans, Inc. with interest from said date, in monthly

installments of principal and interest.

2.     On said date, by a deed of that date, said Johnny Ray Moore, to secure said note,

mortgaged to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide

Home Loans, Inc. the premises known as 73-75 Baldwin Street, Bridgeport, Connecticut, and

described in Exhibit A attached hereto and made a part hereof.

3.     Said mortgage deed was recorded on the Bridgeport Land Records on May 31,

2006 in Volume 6992 at Page 323.

4.      Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. assigned said mortgage to The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 by an assignment dated February 5, 2010 and recorded February 16, 2010 in Volume 8182 at Page 67 of the Bridgeport Land Records.

5.      The Plaintiff, directly or through an agent, has possession of original of the promissory note.  The promissory note has been duly endorsed.  Plaintiff has the right to foreclose the note and mortgage.

6.      On or before April 1, 2018, the Plaintiff became and at all times since then has been the party entitled to collect the debt evidenced by said note and is the party entitled to enforce said mortgage.  The unpaid balance due pursuant to the terms of said note is $86,892.69, plus interest from August 1, 2016 and late charges and collection costs, that have not been paid although due and payable.

7.      Said note and mortgage are now in default by virtue of nonpayment of the monthly installments of principal and interest due on September 1, 2016 and each and every month thereafter, and the Plaintiff has exercised its option to declare the entire balance of said note due and payable.

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL (860) 677-2868 • TDD/TTY PLEASE FIRST DIAL 711

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL (860) 677-2868 • TDD/TYY PLEASE FIRST DIAL 711

8.      The following encumbrances of record upon the property sought to be foreclosed are prior in right to the Plaintiff's mortgage and are not affected by this action:

      (a)      Any taxes due the City of Bridgeport that remain outstanding and properly perfected as of the date hereof pursuant to applicable law.

      (b)      Plymouth Park Tax Services, LLC d/b/a Xspand claims an interest in said premises by virtue of a tax lien in favor of the City of Bridgeport in the amount of $65.13 recorded April 26, 2007 in Volume 164 at Page 1125 of the Bridgeport Land Records; and by virtue of a tax lien in favor of the City of Bridgeport in the amount of $15.66 recorded April 26, 2007 in Volume 164 at Page 1125 of the Bridgeport Land Records.  Said tax liens were assigned to Plymouth Park Tax Services, LLC d/b/a Xspand by an assignment of municipal tax liens recorded September 15, 2008 in Volume 7893 at Page 151 of the Bridgeport Land Records.

9.      On the aforementioned piece of property, the following interests are claimed which are subsequent to Plaintiff's said mortgage:

      NONE

10.      Upon information and belief, the Defendant, Johnny Ray Moore, is the owner of record and in possession of said premises.

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL (860) 677-2868 • TDD/TTY PLEASE FIRST DIAL 711

WHEREFORE, The Plaintiff claims:

1. A foreclosure of said mortgage.
2. Immediate possession of the mortgaged premises.
3. A deficiency judgment. **No deficiency will be sought against any person whose obligation under the subject promissory note has been heretofore or hereafter discharged in bankruptcy.**
4. The appointment of a receiver to collect rents and profits accruing from the premises.
5. Reasonable attorney's fees and costs.
6. Such other relief and further equitable relief as may be required.

**NOTICE: THE LAW FIRM OF BENDETT & MCHUGH, P.C. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.**

This action is within jurisdiction of the Superior Court.

Dated at Farmington, Connecticut, May 7, 2018.

> THE PLAINTIFF,
> THE BANK OF NEW YORK MELLON FKA
> THE BANK OF NEW YORK, AS TRUSTEE
> FOR THE CERTIFICATEHOLDERS OF THE
> CWABS, INC., ASSET-BACKED
> CERTIFICATES, SERIES 2006-12
>
> By _____
>                 Aza E.Gray
> Bendett & McHugh, P.C.
> Its Attorneys
> 270 Farmington Avenue, Suite 151
> Farmington, CT 06032
> (860) 677-2868
> Juris No. 102892

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL (860) 677-2868 • TDD/TTY PLEASE FIRST DIAL 711

Bendett & McHugh, P.C., 270 Farmington Avenue, Suite 151, Farmington, CT 06032 • TEL (860) 677-2868 • TDD/TYY PLEASE FIRST DIAL 711

| | | |
|---|---|---|
| RETURN DATE: JUNE 5, 2018 | : | SUPERIOR COURT |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12 | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| MOORE, JOHNNY RAY, ET AL | : | MAY 7, 2018 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is $15,000.00 or more, exclusive of interest and costs.

PLAINTIFF,
THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-12

Aza E.Gray
Bendett & McHugh, P.C.
Its Attorneys
270 Farmington Avenue, Suite 151
Farmington, CT 06032
(860) 677-2868
Juris No. 102892

JAF/5048FC-20183072

Rev. 093016

# EXHIBIT A

That certain piece or parcel of land situated in the City of Bridgeport, County of Fairfield, State of Connecticut, together with the buildings thereon standing, known as 75 Baldwin Street, Bridgeport, and being further described as follows:

NORTHERLY:  By land of B.  Zeitlin, 100 feet;

EASTERLY:  By Baldwin Street, 40 feet;

SOUTHERLY:  By land of Kuruc and others, 100 feet;

WESTERLY:  By land of Pressman, 40 feet.



FBT-CV18-6074995-S

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | SUPERIOR COURT   : |
| v. | : | J. D. at BRIDGEPORT |
| JOHNNY RAY MOORE | : | MARCH 16, 2022 |

## MOTION FOR SUMMARY JUDGMENT

      Pursuant to Practice Book §§ 17-44, *et seq.*, the Defendant, Johnny Ray Moore, respectfully moves for summary judgment as to the Plaintiff's Complaint, insofar as there is no genuine issue of material fact in dispute concerning the allegation in the Plaintiff's Substitute Complaint that, "Notice of default was given to Johnny Ray Moore on November 4, 2016." (140.00; ¶ 7). As more fully set forth and supported in the accompanying Memorandum of Law and Exhibits, said 'Notice of Default' is a necessary pre-condition for the Plaintiff to institute the subject foreclosure action, where the failure to properly satisfy said pre-condition requires that judgment be entered against the Plaintiff's action as a matter of law. *Aurora Loan Servs., LLC v. Condron*, 181 Conn. App. 248 (2018). Because the Plaintiff's Notice of Default was issued in violation of a federal bankruptcy stay that was in force and effect at the time it was issued, pursuant to 11 USCS § 362(a), said Notice of Default is "void" under applicable federal and state law.

<div style="margin-left:50%">

DEFENDANT,
JOHNNY RAY MOORE


By   */s/ Thomas P. Willcutts*
     Thomas P. Willcutts
     Willcutts & Habib LLC
     100 Pearl Street; 14th Fl
     Hartford, CT 06103
     Juris # 302886

</div>

#149

## CERTIFICATION

I hereby certify that a copy of the attached has been served in accordance with the applicable Rules of Practice and/or Procedure on March 16, 2022 on:

BENDETT & MCHUGH PC, SUITE 151
270 FARMINGTON AVENUE,
FARMINGTON, CT. 06032
 Phone: (860) 677-2868
Fax: (860) 773-6328
aavallone@bmpc-law.com

Johnny Ray Moore
15 SACHEM DRIVE
SHELTON, CT 06485
jrmoore203@gmail.com

By /s/ Thomas P. Willcutts
    Thomas P. Willcutts
    WILLCUTTS LAW GROUP, LLC
    Juris # 302886

**FBT-CV18-6074995-S**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | SUPERIOR COURT |
| | : | |
| v. | : | J. D. at BRIDGEPORT |
| | : | |
| JOHNNY RAY MOORE | : | MARCH 16, 2022 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT (149.00)**</u>

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff's Original Complaint was notably missing the required allegation concerning whether the Plaintiff had issued a "Notice of Default" to the Defendant prior to instituting this foreclosure action, as required under the terms of the subject mortgage deed. Consequently, shortly after the appearance of the undersigned, the Defendant filed a Request to Revise (139.00) containing a single request for revision:

> With respect to the alleged default, the Defendant requests that the Plaintiff specify whether or not the Plaintiff sent a Notice of Default to the Defendant, as required by the subject Mortgage Deed, which is identified in paragraph 3 of the Complaint and attached hereto as Exhibit A.

In response to the Defendant's Request to Revise, the Plaintiff filed a Substitute Complaint (140.00), which added the following allegations to paragraph seven: "Notice of default was given to Johnny Ray Moore on November 4,2016 (the 'Notice'). The Notice was given by first class and certified mail."

#150

The subject mortgage deed ("Deed") is attached hereto as Exhibit 1. On page ten of said Deed (¶ 22), the mortgagee is required to provide a specified "notice" to the borrower of "Borrower's breach of any covenant or agreement" under the Deed, which notice of default shall include the warning: "that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums by this Security Instrument and foreclosure or sale of the Property." Again, the Plaintiff's Complaint (¶ 7) alleges that said required notice was provided to the Defendant on November 4, 2016. The Plaintiff submitted said Notice as Exhibit A-3 to its Motion for Summary Judgment, where the Plaintiff's Affiant attested that said Exhibit is the notice alleged in the Substitute Complaint, and said Notice is attached hereto as Exhibit 2 for convenience of reference.

This Court can take judicial notice of the Chapter 13 Bankruptcy Petition filed and pursued by the Defendant in the United States Bankruptcy Court for the District of Connecticut (Bridgeport): *In Re: Johnny Ray Moore a/k/a Johnny R. Moore, Debtor, Chapter 13, Case No.: 16-51133.* The relevant details of said bankruptcy proceeding are set forth within the Plaintiff's Motion for Relief from Automatic Stay ("Motion for Relief")(Exhibit 3), which was filed by the Plaintiff on March 16, 2017 in said proceeding and serves as a judicial admission relative to the facts set forth therein. Specifically, the Plaintiff's Motion for Relief sets forth the following relevant facts:

(1)  "On August 24, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code." (¶ 6).

Willcutts & Habib LLC • Attorneys at Law • 100 Pearl Street, 14th Floor • Hartford, CT 06103 • (860) 249-7071 • Juris # 440514

(2)     The plaintiff was the Assignee of the subject mortgage Deed from the time the defendant filed said Petition on 8/24/16 to the date of the plaintiff's Motion for Relief – 3/16/17. (¶¶ 1-2).

(3)     As of the date of the plaintiff's Motion for Relief (3/16/17), the automatic stay in favor of the defendant, as prescribed by 11 USCS § 362(a), was still in force and effect. (¶¶ 14-15).

## II.     ARGUMENT

### A.     Legal Standard

On summary judgment, the Defendant, as movant, must establish that the material facts are not in dispute and that he is entitled to judgment as a matter of law.

> In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45].

*HSBC Bank USA, Nat'l Ass'n v. Karlen*, 195 Conn. App. 170, 175-176 (2020).

Willcutts & Habib LLC • Attorneys at Law • 100 Pearl Street, 14th Floor • Hartford, CT 06103 • (860) 249-7071 • Juris # 440514

To prevail on his Motion for Summary Judgment, it is further necessary that the Defendant demonstrate that one or more of the necessary elements required of the Plaintiff in order to establish its prima facie case sounding in foreclosure fails as a matter of law. With exceptions that are not applicable and/or relevant here, the elements that the Plaintiff must establish on summary judgment are as follows: "In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied." Id. at 176 (Citations and internal quotations omitted.)

**B.    The Plaintiff's Notice of Default Is A Condition Precedent To Filing This Foreclosure Action And It Is Void For Being In Violation Of 11 USCS § 362(a)**

In *Aurora Loan Servs., LLC v. Condron*, 181 Conn. App. 248 (2018), the Appellate Court addressed the same notice requirement that is set forth in ¶ 22 of the subject mortgage deed here.

> The plain intent of the notification requirements set forth in §§ 15 and 22 of the mortgage deed is to provide notice of a default to a mortgagee prior to the commencement of a foreclosure proceeding. Those notification requirements are not mere formalities but, rather, constitute a condition precedent to the commencement of foreclosure actions like the present case.

Id. at 272. In finding that the plaintiff had failed to satisfy said "condition precedent" set forth within the mortgage deed, the Court held that the defendants were entitled to judgment as a matter of law. Id. at 279.

- 4 -

Specifically, the Court concluded that the plaintiff had failed to comply with the provisions within the mortgage deed setting forth the requirements for the mailing of the notice of default letter, as set forth in ¶ 15 of a similar mortgage deed. Id. at 273. "Accordingly, the plaintiff failed to satisfy the contractual condition precedent to foreclosure because it failed to prove that the defendants received the notice of default letter." Id. at 276. Due to this failure to meet said condition precedent of issuing a proper notice of default letter, the Court reversed the judgment in favor of the plaintiff and remanded the case with instructions to enter judgment in favor of the defendants: "The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendants." Id. at 279.

As set forth above, the Plaintiff here mailed the "notice of default" letter in November 2016, at a time when the automatic stay provided for under 11 USCS § 362(a) was still in force and effect, due to the defendant's filing of a Chapter 13 Petition in August 2016. There is "no question" but that this Court can take judicial notice of the file materials from the Defendant's Chapter 13 Bankruptcy proceeding in the United States District Court cited above. *Karp v. Urban Redevelopment Com.*, 162 Conn. 525, 527 (1972). Further, the statements of fact set forth in the Plaintiff's pleading filed in the said proceeding (Exhibit 3) are admissible in this action as judicial admissions. *Jones v. Forst*, 41 Conn. App. 341, 346 (1996)("Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings.").

- 5 -

The federal bankruptcy courts that have addressed the issue have held that the conduct of a mortgagee in issuing a notice of default as a pre-condition for bringing a foreclosure action against the debtor's property constitutes a violation of the automatic stay set forth in 11 USCS § 362(a), whereby such a notice of default is rendered void. Specifically, 11 USCS § 362(a)(3) prohibits "any act to obtain possession of property of the estate" when the automatic stay is in effect. "The automatic stay prohibits the initiation of any steps, such as recording a notice of default, that would lead to foreclosure of property of the debtor's estate." *In re Capital Mortg. & Loan, Inc.*, 35 B.R. 967, 971 (1983). See also, *In re Metro Square*, 1988 Bankr. LEXIS 2864, *5 ("[T]he creditor is prevented from taking overt steps to accelerate the debt, including sending notices of default."); *In re Merchants Plaza, Inc.*, 35 B.R. 888, 894 (1983)(Post-petition notices of default violate § 362(a)(3)).

It does not matter if the plaintiff were unaware of the automatic stay when it issued the notice of default in November 2016 – the notice of default is "void" regardless. "The stay is effective automatically and immediately regardless of actual notice upon the filing of a voluntary . . . petition. Actions taken which knowingly or unknowingly violate the stay are void and of no effect." *Alexander Hamilton Life Ins. Co. of Am. v. Lefebvre*, 2001 Conn. Super. LEXIS 1874 *5, Superior Court, Judicial District of Windham-Putnam (June 26, 2001)(Foley, J.), citing *Matter of Colonial Realty Co.*, 122 B.R. 1, 4 (Bkrtcy. D.Conn. 1980).

- 6 -

Where the "Notice of Default" issued by Plaintiff is void, as violative of the automatic stay that was in effect at the time it was issued, "the plaintiff failed to satisfy the contractual condition precedent to foreclosure." *Aurora Loan Servs., LLC v. Condron*, supra, 181 Conn. App. at 276. Due to said failure to meet one of the necessary, prima facie elements of the Plaintiff's cause of action sounding in foreclosure, the Defendant is entitled to judgment as a matter of law. Id. at 279.

## **CONCLUSION**

For all of the foregoing reasons, the Defendant respectfully submits that the Court should grant his Motion for Summary Judgment.

DEFENDANT,
JOHNNY RAY MOORE


By      */s/ Thomas P. Willcutts*_____
        Thomas P. Willcutts
        Willcutts & Habib LLC
        100 Pearl Street; 14th Fl
        Hartford, CT 06103
        Juris # 302886

Willcutts & Habib LLC • Attorneys at Law • 100 Pearl Street, 14th Floor • Hartford, CT 06103 • (860) 249-7071 • Juris # 440514

## CERTIFICATION

I hereby certify that a copy of the attached has been served in accordance with the applicable Rules of Practice and/or Procedure on March 16, 2022 on:


BENDETT & MCHUGH PC, SUITE 151
270 FARMINGTON AVENUE,
FARMINGTON, CT. 06032
 Phone: (860) 677-2868
Fax: (860) 773-6328
aavallone@bmpc-law.com


Johnny Ray Moore
15 SACHEM DRIVE
SHELTON, CT 06485
jrmoore203@gmail.com


By /s/ Thomas P. Willcutts
    Thomas P. Willcutts
    WILLCUTTS LAW GROUP, LLC
    Juris # 302886

# __EXHIBIT 1__

019009

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
ROMAN ALVAREZ



———————————— Line For Recording Data] ————————————————

# OPEN-END MORTGAGE DEED

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

**(A) "Security Instrument"** means this document, which is dated   MAY 26, 2006                , together
with all Riders to this document.
**(B) "Borrower"** is
JOHNNY RAY MOORE

Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this
Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(D) "Lender"** is
COUNTRYWIDE HOME LOANS, INC.
Lender is a CORPORATION
organized and existing under the laws of NEW YORK                           . Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613
**(E) "Note"** means the promissory note signed by Borrower and dated  MAY 26, 2006            . The
Note states that Borrower owes Lender
TWO HUNDRED FORTY EIGHT THOUSAND and 00/100

Dollars (U.S. $ 248,000.00          ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than  JUNE 01, 2036       .

**CONNECTICUT**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 11

VMP -6A(CT) (0005)     CHL (08/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291                Form 3007  1/01
CONV/VA






BK          PG

06992    0324

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower in consideration of this debt does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the

COUNTY                              of                    FAIRFIELD                    :
[Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which currently has the address of
73-75 BALDWIN STREET,  BRIDGEPORT                                        ,
[Street/City]

Connecticut      06607      ("Property Address"):
[Zip Code]

VMP®  -6A(CT) (0005)      CHL (08/05)          Page 2 of 11                                Form 3007  1/01

BK          PG

06992    0325

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item.





BK          PG

06992      0326

Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.





BK          PG
06992    0327

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.



BK         PG
·06992    0328

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument; (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:



J.R.m.

BK          PG

06992    0329

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.





BK       PG

06992   0330

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.



J.R.M

06992   0331

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any



J·R·M

BK    PG

06992   0332

Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any of the remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**23. Release.** Upon payment and discharge of all sums secured by this Security Instrument, this Security Instrument shall become null and void and Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waivers.** Borrower waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of curtesy and dower in the Property.

**25. Future Advances.** Lender is specifically permitted, at its option and in its discretion, to make additional loans and future advances under this Security Instrument as contemplated by Section 49-2(c) of the Connecticut General Statutes, and shall have all rights, powers and protections allowed thereunder.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____      _____ (Seal)
Alison Larouie                          JOHNNY RAY MOORE                  -Borrower

_____      _____ (Seal)
Dania Sutton                                                             -Borrower

                                        _____ (Seal)
                                                                         -Borrower

                                        _____ (Seal)
                                                                         -Borrower

J.R.M.

BK          PG

06992    0333

**STATE OF CONNECTICUT,** Fairfield                    **County ss:** Shelton

The foregoing instrument was acknowledged before me this May 26, 2006

by _____

Johnny Ray Moore

My Commission Expires: _____

Notary Public    Allison LaRue
Commissioner of the
Superior court

-6A(CT) (0005)    CHL (08/05)    Page 11 of 11    Form 3007  1/01

BK     PG

06992    0334

————————————————[Space Above This Line For Recording Data]————————————————

# INTEREST ONLY ADJUSTABLE RATE RIDER
### (LIBOR Index - Rate Caps)

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423


Prepared By:
ROMAN ALVAREZ



[Loan #]

    THIS INTEREST ONLY ADJUSTABLE RATE RIDER is made this TWENTY-SIXTH   day of
MAY, 2006      , and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
73-75 BALDWIN STREET
BRIDGEPORT, CT 06607
[Property Address]


**MULTISTATE INTEREST ONLY ADJUSTABLE RATE RIDER - LIBOR INDEX**
● BC - Interest Only ARM Rider                      Initials: J.R.m
2E121-XX (02/04)(d)          Page 1 of 3




BK          PG
06992    0335

LOAN #: ████████6737

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of    10.875 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(A) Change Dates**
    The interest rate I will pay may change on the first                          day of
JUNE, 2008                          , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."
    **(B) The Index**
    Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal.* The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
    If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.
    **(C) Calculation of Changes**
    Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN & THREE-EIGHTHS          percentage point(s) (    7.375 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
    The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.
    **(D) Limits on Interest Rate Changes**
    The interest rate I am required to pay at the first Change Date will not be greater than    12.375 % or less than    10.875 %. Thereafter, my interest rate will never be increased or decreased on any Change Date by more than single ONE & ONE-HALF                          percentage point(s) (    1.500 %) from the rate of interest. I have been paying for the preceding six months. My interest rate will never be greater than    17.875 % or less than    10.875 %.
    **(E) Effective Date of Changes**
    My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.
    **(F) Notice of Changes**
    The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.
    **(G) Date of First Principal and Interest Payment**
    The date of my first payment consisting of both principal and interest on the Note (the "First Principal and Interest Payment Due Date") shall be the first monthly payment date after the first Change Date.

Initials: *J.R.m.*

● BC - Interest Only ARM Rider
2E121-XX (02/04)                          Page 2 of 3

BK          PG

06992    0336

LOAN #: ▓▓▓6737

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Interest Only Adjustable Rate Rider.

_____ (Seal)
JOHNNY RAY MOORE                                                    - Borrower

_____ (Seal)
                                                                              - Borrower

_____ (Seal)
                                                                              - Borrower

_____ (Seal)
                                                                              - Borrower

● BC - Interest Only ARM Rider
2E121-XX (02/04)                          Page 3 of 3

BK        PG
06992   0337

# 1-4 FAMILY RIDER
### (Assignment of Rents)

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
ROMAN ALVAREZ

THIS 1-4 FAMILY RIDER is made this TWENTY-SIXTH        day of MAY, 2006                   ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure
Borrower's Note to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
73-75 BALDWIN STREET
BRIDGEPORT, CT 06607
[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

MULTISTATE 1-4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP -57R (0401).01     CHL (06/04)(d)     Page 1 of 3                         Initials: J.R.M.
VMP Mortgage Solutions, Inc. (800)521-7291                              **Form 3170 1/01**




BK          PG

06992    0338

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and

BK          PG

06992    0339

maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)
JOHNNY RAY MOORE                                                                  - Borrower

_____ (Seal)
                                                                                          - Borrower

_____ (Seal)
                                                                                          - Borrower

_____ (Seal)
                                                                                          - Borrower

-57R (0401).01 CHL (06/04)                    Page 3 of 3                    Form 3170 1/01

BK        PG

06992    0340

## Schedule A

That certain piece or parcel of land situated in the City of Bridgeport,
County of Fairfield, State of Connecticut, together with the buildings
thereon standing, known as 75 Baldwin Street, Bridgeport, and being further
described as follows:

NORTHERLY:  By land of B.  Zeitlin, 100 feet;

EASTERLY:  By Baldwin Street, 40 feet;

SOUTHERLY:  By land of Kuruc and others, 100 feet;

WESTERLY:  By land of Pressman, 40 feet.

BRIDGEPORT, CONN.
LAND RECORDS
RCVD FOR RECORD FILIN.
ON 5-31-06 AT 11:45AM
ATTEST:
HECTOR DIAZ, TOWN CLERK

# EXHIBIT 2

 **SLS**

8742 Lucent Blvd., Suite 300,
Highlands Ranch, CO 80129-2386
1-800-315-4SLS (4757)



USPS CERTIFIED MAIL™

9307 1200 1910 0026 6959 86

Pg 1 of 9

+ 0683437 000000061 09SCN8 0940421
JOHNNY RAY MOORE
73-75 BALDWIN STREET
BRIDGEPORT CT 06607-1302

November 4, 2016

Property Address: 73-75 Baldwin Street
Bridgeport, CT 06607

### Important Notice Regarding Your Mortgage Loan and Notice of Intent to Foreclose

Dear Johnny Ray Moore,

The Note on the above referenced loan is now in default as a result of your failure to pay the 09/01/16 payment and the payments due each month thereafter, as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 11/04/16 is $5,095.69. You have sixty three (63) days from the date of this letter to cure the default. We urge you to immediately upon receipt of this letter contact our Customer Assistance Department at the number provided below to obtain the amount required to reinstate your loan.

**This notice does not affect your ability to apply for or be evaluated for a foreclosure prevention option or any pending loss mitigation option that may have been extended.**

Failure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage by 01/06/17 may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for your Note. Please be advised that any extension of time or forbearance in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage shall not constitute a waiver of or preclude the exercising of any right or remedy.

If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing. You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy discharge.

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129 PH (800) 306-6062

<u>In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:</u>

1.  Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing LLC provide you with the amount of the debt. As of 11/04/16, the amount of the unpaid principal balance is $86,892.69. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.
2.  Specialized Loan Servicing LLC (SLS) is the current servicer for the owner of the loan. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original owner if different than the current owner.
3.  Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.
4.  **THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS LETTER CONSTITUTES NEITHER A DEMAND FOR PAYMENT OF THE CAPTIONED DEBT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.**

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

IF YOU DID NOT SIGN THE NOTE BUT YOU HOLD A LEGAL OR BENEFICIAL INTEREST IN THE MORTGAGED PROPERTY, THIS NOTICE IS PROVIDED TO YOU TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE MORTGAGE, AS DESCRIBED IN THE BEGINNING OF THIS LETTER, REMAINS UNPAID, **YOU MAY LOSE YOUR INTEREST IN THE MORTGAGED PROPERTY.**

SLS would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact HUD toll free number (800-569-4287) to obtain a list of HUD approved non-profit organizations serving your area. Attached is a list of HUD approved counseling agencies selected by the Connecticut Housing Finance Authority ("CHFA") for the Emergency Mortgage Assistance Payment Program ("EMAPP").

**Your mortgage may qualify for consideration under Connecticut's Emergency Mortgage Assistance Payment Program (EMAP) as administered by CHFA.**

Within sixty (60) days from the date of this letter, you have the right to (1) have a face-to-face meeting, telephone or other conference acceptable to CHFA with SLS, or a face-to-face meeting with a CHFA-approved consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or such other resolution, and (2) contact CHFA to obtain information and apply for emergency mortgage assistance payments if you are unable to resolve the delinquency or default with SLS.

Within sixty (60) days of the date of this letter, you also have the right to contact CHFA, to obtain information, and to apply for Emergency Mortgage Assistance payments if you and SLS are unable to resolve the delinquency or default. The address for CHFA is 999 West Street, Rocky Hill, Connecticut 06067,and CHFA's telephone number is 860-721-9501, and fax number is 860-571-4352. Please see the enclosed Emergency Mortgage Assistance Payment Program Brochure for more information about EMAPP.

You are further advised that you shall have the right to reinstate the Loan after acceleration, as well as the right to raise any defenses that may exist to the acceleration, including assertion of the non-existence of a default.

You are notified that a NEGATIVE CREDIT REPORT about this default and any legal action that may occur as a result may be submitted to one or more national credit reporting agencies.

WE WILL NOT GIVE YOU ANY LEGAL ADVICE. If you make a written request that we not contact you, we will not do so, except to send notices that are required by statute or contract.

If you surrender possession of the Property you may still owe additional monies after the money received from the sale of the Property is deducted from the total amount that you owe under the Note.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at (800)306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT). TDD number 800-268-9419 Monday through Friday, 8:00 a.m. to 5:00 p.m. (MT).

SLS requests that all payments be made in **certified funds, cashier's check or money order(s)** payable to and mailed to "Specialized Loan Servicing LLC" **Attention: Customer Assistance Department** to one of the below addresses **(always include your Loan Number with your payment):**

| **VIA Regular Mail** | **VIA Over Night Address** | **VIA Western Union Quick Collect** |
|---|---|---|
| Specialized Loan Servicing LLC | Specialized Loan Servicing LLC | Code City: PAYSLS |
| PO Box 105219 | 8742 Lucent Blvd, Suite 300 | Code State: CO |
| Atlanta, GA 30348 5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING LLC
Customer Assistance Department


**Emergency Mortgage Assistance Program (EMAP)**

**Brochure**

**Program Description**

The Emergency Mortgage Assistance Program (EMAP) is administered by the Connecticut Housing Finance Authority (CHFA). EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. An EMAP loan provides an initial disbursement to bring a homeowner's delinquent mortgage current. In addition, a homeowner may be eligible to receive monthly mortgage assistance.

While receiving EMAP assistance, a homeowner must participate in an annual recertification process conducted by CHFA to determine the necessity for continuation, termination or adjustment in the amount of emergency mortgage assistance. The homeowner must also notify CHFA of any changes in their financial status during the period of assistance. Repayment of the EMAP mortgage loan does not begin until a homeowner's finances permit, as determined by CHFA. Interest will not accrue on the EMAP loan until it is scheduled for repayment. The EMAP loan will be repaid as a 30-year, fixed rate mortgage.

**Terms and Conditions**

- EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. A financial hardship includes, but is not limited to, a reduction of income or an increase in expenses resulting from:
  - Unemployment or underemployment of one or more of the mortgagors;
  - A loss, reduction or delay in receipt of such federal, state, or municipal benefits as Social Security, supplemental security income, public assistance and government pensions;
  - A loss, reduction or delay in receipt of such private benefits as pension, disability, annuity or retirement benefits;
  - Divorce or a loss of support payments;
  - Disability, illness or death of a mortgagor;
  - A significant increase in the dollar amount of the periodic payments required by the mortgage;
  - An unanticipated rise in housing expenses;
  - Expenses related to the disability, illness or death of a member of the mortgagor's family.

A hardship does not include the accumulation of credit or installment debt for recreational or non-essential items which caused a financial burden.

- The maximum allowable monthly mortgage assistance is set by law and based on a formula that uses annual area median income as published by the U.S. Department of Housing and Urban Development.
- Assistance is available for up to a total of 60 months. Eligible homeowners are required to pay a portion of their monthly mortgage payment to CHFA based on their total household income, while receiving emergency mortgage assistance. CHFA will combine the homeowner's payment with the monthly assistance provided through the Emergency Mortgage Assistance Program and will then pay the total required monthly mortgage payment to the homeowner's lender.

**Eligible Properties**

A homeowner cannot have an ownership interest in any other real estate.

All properties must be owner-occupied and the primary residence of the applicant. Eligible properties include:

- Single family homes
- Single family homes located in Planned Unit Developments (PUDs)
- A unit in a condominium
- Two-to-four family homes

Please note that no business or commercial use of the property is allowed.

**Homeowner Eligibility Requirements**

Eligibility for EMAP includes the following:

- The delinquent mortgage is not FHA-insured.
- The mortgage must be secured by a home-owner's primary residence.
- Eligible homeowners must not have sufficient assets at their disposal to alleviate the financial hardship.
- A homeowner's inability to make the mortgage payments on their primary residence must be due to either a financial hardship resulting in a reduction of household income or an increase in expenses, or a significant increase in the monthly mortgage payment amount required by their current mortgage lender.
- A homeowner must either be 60 days delinquent or be in receipt of a delinquency notice from the current mortgage lender which indicates the lender's intent to initiate foreclosure proceedings. Homeowners who anticipate becoming 60 days delinquent on a mortgage may also be eligible. A homeowner will need to provide CHFA with documentation to support the probability of becoming delinquent which will be reviewed by CHFA to determine eligibility (for example: notice of a lay-off or copy of a mortgage statement showing an increase in the adjustable rate and payment).
- In order to be eligible to apply for EMAP, a homeowner must inform CHFA that they contacted their current mortgage lender in an effort to correct the delinquency, but were either unsuccessful in negotiating a repayment plan or were unable to honor a negotiated repayment plan due to an unforeseen financial hardship; or they contacted a CHFA/HUD-approved housing counseling agency (refer to the list of approved agencies on page 6) in an effort to contact their lender to negotiate terms to correct the delinquency of the mortgage.
- Homeowners who apply for EMAP and have received a Summons and Complaint are required to participate in the Judicial Mediation Program as part of the EMAP application process.
- Except for the current delinquency, the homeowners must have a favorable mortgage credit history for the previous two years (or period of ownership) with no more than three 30-day late payments for the 12 months prior to hardship.
- CHFA must determine that there is a reasonable expectation that the homeowner will be able to reinstate their current mortgage payments and have the ability to repay the EMAP mortgage loan.
- Eligible homeowners must be fully discharged from any action of bankruptcy.



## CONNECTICUT HOUSING FINANCE AUTHORITY

### EMERGENCY MORTGAGE ASSISTANCE PROGRAM
CHFA/HUD-Approved Counseling Agencies

The Connecticut Housing Finance Authority encourages all homeowners struggling with their mortgage payments to contact one of the following housing counseling agencies to explore all foreclosure prevention options available.

**Bridgeport Neighborhood Trust**
*Bridgeport*
(203) 290-4255 ext. 107

**Catholic Charities**
*Middletown, New London, Norwich and Willimantic*
(860) 889-8346 ext. 272

**Community Renewal Team (CRT)**
*Hartford and Middletown*
(860) 560-5880 (call center)

**Greater New Haven Community Loan Fund**
*New Haven*
(203) 624-7406 ext. 130

**Neighborhood Housing Services of New Britain**
(860) 224-2433

**Neighborhood Housing Services of New Haven**
(203) 777-6925 ext. 26

**Neighborhood Housing Services of Waterbury**
(203) 753-1896 ext. 10

11/04/16  ▮▮▮▮▮▮  0683437 000000061 09SCN8 0940421

Pg 7 of 9
STATE OF CONNECTICUT
**SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*



**FORECLOSURE MEDIATION
NOTICE OF COMMUNITY-
BASED RESOURCES**
JD-CV-126  Rev. 4-15
C.G.S. § 49-31*l*

**ADA NOTICE**
The Judicial Branch of the State of Connecticut
complies with the Americans with Disabilities Act
(ADA). If you need a reasonable accommodation in
accordance with the ADA, contact a court clerk or an
ADA contact person listed at *www.jud.ct.gov/ADA.*

**State of Connecticut Department of Banking**
**Foreclosure Hotline Bulletin**
**Community-Based Resources for Connecticut Homeowners in Foreclosure**
***Note:*** *Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejeria de vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days. Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

## Mortgage Assistance Programs from the
## Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP) which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency (listed below), call CHFA at **1-877-571-2432**, or visit *www.chfa.org*.

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-approved housing counselors provide free services to Connecticut homeowners who are struggling financially and may be at risk of foreclosure.  They can review your budget and find ways to help with financial issues.  They are trained in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with your mediator) and help you submit financial documents to your mortgage company as part of the mediation process. CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency closest to you.

| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
|---|---|---|
| Fairfield | **Bridgeport Neighborhood Trust**, 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team**, 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
| | **Neighborhood Housing Services of New Britain**, 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven**, 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
| | **Greater New Haven Community Loan Fund**, 171 Orange St., New Haven *http://www.theroofproject.org* | 203-624-7406 ext. 130 |
| | **Neighborhood Housing Services of Waterbury**, 161 North Main Street, Waterbury *www.nhswaterbury.org* (serves Waterbury, Naugatuck, Torrington, and all of Northwest CT) | 203-753-1896 ext. 10 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich**, 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

AF08ON

## Legal Resources

**Foreclosure Prevention Legal Clinics**: The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present free clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The clinic in **Hartford** is the **3rd Tuesday evening of most months** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The clinic in **Fairfield County** is the **3rd Wednesday evening of most months**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401**.

**Judicial Branch Foreclosure Volunteer Attorney Program**: Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm..

**Foreclosure Manual for Self-Represented Homeowners**: The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors on *www.ctfairhousing.org*, and by calling the Center at **1-888-247-4401**.

**Statewide Legal Services (SLS)**: SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380 or visiting www.slsct.org.**

**Court Service Centers**: In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services**: County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|--------|-------|-------------------------------|---------|-------|
| Fairfield | **203-335-4116** | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | **860-525-6052** | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | **203-562-5750** | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | **860-889-9384** | $25 | *www.nlcba.org* | **See website for contact form** |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.

## How Foreclosure Rescue Scams Work.
People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org*.

## Mortgage Crisis Job Training Program.
The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp*.

## Financial Assistance Programs.
Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network*.

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on

AF08QP

11/04/16   ███████   0683437 000000061 09SCN8 0940421   Pg 9 of 9

*www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

**PLEASE READ THIS ENTIRE NOTICE AS IT CONTAINS IMPORTANT INFORMATION**

Specialized Loan Servicing LLC ("SLS"), as the servicer of the above-referenced loan, which is secured by a mortgage on the above-referenced property (the "Mortgage"), is providing you formal notice, pursuant to the provisions of Connecticut Public Act 14-84(a), Section 3, of the following:

1.  Our records indicate as of the date of this letter, the Mortgage is delinquent or in default.

2.  You have the option of contacting us to discuss whether the Property may, by mutual consent , be marketed for sale pursuant to a listing agreement established in accordance with Connecticut Public Act 14-84(a), Section 5.

Foreclosure by market sale will not be an option for you unless you are a borrower on the Note, the Mortgage is a first mortgage (but not a reverse annuity mortgage), the mortgaged Property is residential real property that you occupy as your primary residence and you otherwise qualify under the act.

Foreclosure by market sale also will not be available if the amounts due on the mortgage loan, in addition to amounts of all prior lien(s), by operation of law, are less than the appraised value of the Property.

3.  You may contact SLS at:

Mailing address:   8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.
Telephone number: 1-800-306-6059
Facsimile number: 1-720-241-7526
E-Mail Address: crdocs@sls.net

4.  You have sixty (60) days after the date of this letter to initiate contact with SLS and to contemporaneously confirm with SLS in writing your election to pursue a foreclosure by market sale, either by mail sent to the designated mailing address or by e-mail sent to the designated e-mail address.

5.  You should contact a licensed Connecticut real estate agent to discuss the feasibility of listing the property for sale pursuant to the foreclosure by market sale process.

6. If we mutually agree to proceed with discussions concerning an acceptable listing agreement, you must first permit an appraisal of the Property by a licensed Connecticut appraiser to verify your eligibility for foreclosure by market sale. This appraisal will require both an interior and exterior inspection of the property.

7. If we mutually agree to proceed and you are eligible, the property would be listed for sale with a real estate agent but the terms and conditions of the listing agreement, including the duration and listing price, must be acceptable to both parties.

8. The terms and conditions of any offer to purchase, including the purchase price and any contingencies, must be acceptable to both parties.

9. If an acceptable offer is received, you would then sign an agreement to sell the Property through a foreclosure by market sale.

**10. If you consent to a foreclosure by market sale, you will not be eligible for foreclosure mediation in any type of foreclosure action that is commenced following the giving of such consent.**

AF08QQ

# USPS Tracking®

FAQs ❯ (http://faq.usps.com/?articleId=220900)

Track Another Package  **+**

Tracking Number: 9307120019100026695986

Remove ✕

Your item has been delivered to the mail room at 11:44 am on November 23, 2016 in LITTLETON, CO 80129.

 Delivered

November 23, 2016 at 11:44 am
Delivered, To Mail Room
LITTLETON, CO 80129

## Tracking History                                     ⌃

**November 23, 2016, 11:44 am**
Delivered, To Mail Room
LITTLETON, CO 80129
Your item has been delivered to the mail room at 11:44 am on November 23, 2016 in LITTLETON, CO 80129.

**November 23, 2016, 8:51 am**
Arrived at Unit
LITTLETON, CO 80130

**November 22, 2016, 12:22 am**
Departed USPS Regional Facility
DENVER CO DISTRIBUTION CENTER

**November 21, 2016, 7:09 am**
Arrived at USPS Regional Facility
DENVER CO DISTRIBUTION CENTER


**November 19, 2016, 11:44 am**
Arrived at USPS Regional Facility
NEW YORK NY DISTRIBUTION CENTER


**November 8, 2016, 9:12 am**
Out for Delivery
BRIDGEPORT, CT 06607


**November 8, 2016, 7:47 am**
Sorting Complete
BRIDGEPORT, CT 06607


**November 7, 2016, 9:02 pm**
Departed USPS Regional Facility
WHITE PLAINS NY DISTRIBUTION CENTER


**November 7, 2016, 12:43 pm**
Arrived at USPS Regional Destination Facility
WHITE PLAINS NY DISTRIBUTION CENTER


**November 5, 2016, 8:34 pm**
Arrived at USPS Regional Origin Facility
BIRMINGHAM AL DISTRIBUTION CENTER


**November 5, 2016, 7:34 pm**
Accepted at USPS Regional Facility
BIRMINGHAM AL DISTRIBUTION CENTER

---

Product Information

---

x





USPS CERTIFIED MAIL™

9307 1200 1910 0026 6959 93

Pg 1 of 9

8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129-2386
1-800-315-4SLS (4757)

+ 0683437 000000060 09SCN8 0940423
JOHNNY RAY MOORE
15 SACHEM DR
SHELTON CT 06484-1756

November 4, 2016

Property Address:   73-75 Baldwin Street
Bridgeport, CT 06607

### Important Notice Regarding Your Mortgage Loan and Notice of Intent to Foreclose

Dear Johnny Ray Moore,

The Note on the above referenced loan is now in default as a result of your failure to pay the 09/01/16 payment and the payments due each month thereafter, as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 11/04/16 is $5,095.69. You have sixty three (63) days from the date of this letter to cure the default. We urge you to immediately upon receipt of this letter contact our Customer Assistance Department at the number provided below to obtain the amount required to reinstate your loan.

**This notice does not affect your ability to apply for or be evaluated for a foreclosure prevention option or any pending loss mitigation option that may have been extended.**

Failure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage by 01/06/17 may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for your Note. Please be advised that any extension of time or forbearance in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage shall not constitute a waiver of or preclude the exercising of any right or remedy.

If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing. You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy discharge.

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129 PH (800) 306-6062

<u>In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:</u>

1. Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing LLC provide you with the amount of the debt. As of 11/04/16, the amount of the unpaid principal balance is $86,892.69. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.
2. Specialized Loan Servicing LLC (SLS) is the current servicer for the owner of the loan. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original owner if different than the current owner.
3. Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.
4. **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS LETTER CONSTITUTES NEITHER A DEMAND FOR PAYMENT OF THE CAPTIONED DEBT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.**

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

IF YOU DID NOT SIGN THE NOTE BUT YOU HOLD A LEGAL OR BENEFICIAL INTEREST IN THE MORTGAGED PROPERTY, THIS NOTICE IS PROVIDED TO YOU TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE MORTGAGE, AS DESCRIBED IN THE BEGINNING OF THIS LETTER, REMAINS UNPAID, **YOU MAY LOSE YOUR INTEREST IN THE MORTGAGED PROPERTY.**

SLS would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact HUD toll free number (800-569-4287) to obtain a list of HUD approved non-profit organizations serving your area. Attached is a list of HUD approved counseling agencies selected by the Connecticut Housing Finance Authority ("CHFA") for the Emergency Mortgage Assistance Payment Program ("EMAPP").

**Your mortgage may qualify for consideration under Connecticut's Emergency Mortgage Assistance Payment Program (EMAP) as administered by CHFA.**

Within sixty (60) days from the date of this letter, you have the right to (1) have a face-to-face meeting, telephone or other conference acceptable to CHFA with SLS, or a face-to-face meeting with a CHFA-approved consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or such other resolution, and (2) contact CHFA to obtain information and apply for emergency mortgage assistance payments if you are unable to resolve the delinquency or default with SLS.

Within sixty (60) days of the date of this letter, you also have the right to contact CHFA, to obtain information, and to apply for Emergency Mortgage Assistance payments if you and SLS are unable to resolve the delinquency or default. The address for CHFA is 999 West Street, Rocky Hill, Connecticut 06067,and CHFA's telephone number is 860-721-9501, and fax number is 860-571-4352. Please see the enclosed Emergency Mortgage Assistance Payment Program Brochure for more information about EMAPP.

You are further advised that you shall have the right to reinstate the Loan after acceleration, as well as the right to raise any defenses that may exist to the acceleration, including assertion of the non-existence of a default.

11/04/16   ▬▬▬▬▬▬   0683437 000000060 09SCN8 0940423                Pg 3 of 9

You are notified that a NEGATIVE CREDIT REPORT about this default and any legal action that may occur as a result may be submitted to one or more national credit reporting agencies.

WE WILL NOT GIVE YOU ANY LEGAL ADVICE. If you make a written request that we not contact you, we will not do so, except to send notices that are required by statute or contract.

If you surrender possession of the Property you may still owe additional monies after the money received from the sale of the Property is deducted from the total amount that you owe under the Note.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at (800)306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT).  TDD number 800-268-9419 Monday through Friday, 8:00 a.m. to 5:00 p.m. (MT).

SLS requests that all payments be made in **certified funds, cashier's check or money order(s)** payable to and mailed to "Specialized Loan Servicing LLC" **Attention: Customer Assistance Department** to one of the below addresses **(always include your Loan Number with your payment):**

| **VIA Regular Mail** | **VIA Over Night Address** | **VIA Western Union Quick Collect** |
|---|---|---|
| Specialized Loan Servicing LLC | Specialized Loan Servicing LLC | Code City: PAYSLS |
| PO Box 105219 | 8742 Lucent Blvd, Suite 300 | Code State: CO |
| Atlanta, GA 30348 5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING LLC
Customer Assistance Department

**Emergency Mortgage Assistance Program (EMAP)**

**Brochure**

**Program Description**

The Emergency Mortgage Assistance Program (EMAP) is administered by the Connecticut Housing Finance Authority (CHFA). EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. An EMAP loan provides an initial disbursement to bring a homeowner's delinquent mortgage current. In addition, a homeowner may be eligible to receive monthly mortgage assistance.

While receiving EMAP assistance, a homeowner must participate in an annual recertification process conducted by CHFA to determine the necessity for continuation, termination or adjustment in the amount of emergency mortgage assistance. The homeowner must also notify CHFA of any changes in their financial status during the period of assistance. Repayment of the EMAP mortgage loan does not begin until a homeowner's finances permit, as determined by CHFA. Interest will not accrue on the EMAP loan until it is scheduled for repayment. The EMAP loan will be repaid as a 30-year, fixed rate mortgage.

**Terms and Conditions**

- EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. A financial hardship includes, but is not limited to, a reduction of income or an increase in expenses resulting from:
  - Unemployment or underemployment of one or more of the mortgagors;
  - A loss, reduction or delay in receipt of such federal, state, or municipal benefits as Social Security, supplemental security income, public assistance and government pensions;
  - A loss, reduction or delay in receipt of such private benefits as pension, disability, annuity or retirement benefits;
  - Divorce or a loss of support payments;
  - Disability, illness or death of a mortgagor;
  - A significant increase in the dollar amount of the periodic payments required by the mortgage:
  - An unanticipated rise in housing expenses;
  - Expenses related to the disability, illness or death of a member of the mortgagor's family.

A hardship does not include the accumulation of credit or installment debt for recreational or non-essential items which caused a financial burden.

- The maximum allowable monthly mortgage assistance is set by law and based on a formula that uses annual area median income as published by the U.S. Department of Housing and Urban Development.
- Assistance is available for up to a total of 60 months. Eligible homeowners are required to pay a portion of their monthly mortgage payment to CHFA based on their total household income, while receiving emergency mortgage assistance. CHFA will combine the homeowner's payment with the monthly assistance provided through the Emergency Mortgage Assistance Program and will then pay the total required monthly mortgage payment to the homeowner's lender.

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

**Eligible Properties**

A homeowner cannot have an ownership interest in any other real estate.

All properties must be owner-occupied and the primary residence of the applicant.  Eligible properties include:

- Single family homes
- Single family homes located in Planned Unit Developments (PUDs)
- A unit in a condominium
- Two-to-four family homes

Please note that no business or commercial use of the property is allowed.

**Homeowner Eligibility Requirements**

Eligibility for EMAP includes the following:

- The delinquent mortgage is not FHA-insured.
- The mortgage must be secured by a home-owner's primary residence.
- Eligible homeowners must not have sufficient assets at their disposal to alleviate the financial hardship.
- A homeowner's inability to make the mortgage payments on their primary residence must be due to either a financial hardship resulting in a reduction of household income or an increase in expenses, or a significant increase in the monthly mortgage payment amount required by their current mortgage lender.
- A homeowner must either be 60 days delinquent or be in receipt of a delinquency notice from the current mortgage lender which indicates the lender's intent to initiate foreclosure proceedings.  Homeowners who anticipate becoming 60 days delinquent on a mortgage may also be eligible.  A homeowner will need to provide CHFA with documentation to support the probability of becoming delinquent which will be reviewed by CHFA to determine eligibility (for example: notice of a lay-off or copy of a mortgage statement showing an increase in the adjustable rate and payment).
- In order to be eligible to apply for EMAP, a homeowner must inform CHFA that they contacted their current mortgage lender in an effort to correct the delinquency, but were either unsuccessful in negotiating a repayment plan or were unable to honor a negotiated repayment plan due to an unforeseen financial hardship; or they contacted a CHFA/HUD-approved housing counseling agency (refer to the list of approved agencies on page 6) in an effort to contact their lender to negotiate terms to correct the delinquency of the mortgage.
- Homeowners who apply for EMAP and have received a Summons and Complaint are required to participate in the Judicial Mediation Program as part of the EMAP application process.
- Except for the current delinquency, the homeowners must have a favorable mortgage credit history for the previous two years (or period of ownership) with no more than three 30-day late payments for the 12 months prior to hardship.
- CHFA must determine that there is a reasonable expectation that the homeowner will be able to reinstate their current mortgage payments and have the ability to repay the EMAP mortgage loan.
- Eligible homeowners must be fully discharged from any action of bankruptcy.

## CONNECTICUT HOUSING FINANCE AUTHORITY

### EMERGENCY MORTGAGE ASSISTANCE PROGRAM
CHFA/HUD-Approved Counseling Agencies

The Connecticut Housing Finance Authority encourages all homeowners struggling with their mortgage payments to contact one of the following housing counseling agencies to explore all foreclosure prevention options available.

**Bridgeport Neighborhood Trust**
*Bridgeport*
(203) 290-4255 ext. 107

**Catholic Charities**
*Middletown, New London, Norwich and Willimantic*
(860) 889-8346 ext. 272

**Community Renewal Team (CRT)**
*Hartford and Middletown*
(860) 560-5880 (call center)

**Greater New Haven Community Loan Fund**
*New Haven*
(203) 624-7406 ext. 130

**Neighborhood Housing Services of New Britain**
(860) 224-2433

**Neighborhood Housing Services of New Haven**
(203) 777-6925 ext. 26

**Neighborhood Housing Services of Waterbury**
(203) 753-1896 ext. 10

11/04/16   ▮▮▮▮   0683437  000000060  09SCN8  0940423

**FORECLOSURE MEDIATION
NOTICE OF COMMUNITY-
BASED RESOURCES**
JD-CV-126  Rev. 4-15
C.G.S. § 49-31/

**ADA NOTICE**
The Judicial Branch of the State of Connecticut
complies with the Americans with Disabilities Act
(ADA). If you need a reasonable accommodation in
accordance with the ADA, contact a court clerk or an
ADA contact person listed at *www.jud.ct.gov/ADA*.

Pg 7 of 9
STATE OF CONNECTICUT
**SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*



## State of Connecticut Department of Banking
## Foreclosure Hotline Bulletin
## Community-Based Resources for Connecticut Homeowners in Foreclosure

***Note:*** *Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved
housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejería de
vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days.
Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline
for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

## Mortgage Assistance Programs from the
## Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP)
which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and
provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency
(listed below), call CHFA at **1-877-571-2432**, or visit *www.chfa.org.*

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-approved housing counselors provide free services to Connecticut homeowners who are struggling financially
and may be at risk of foreclosure.  They can review your budget and find ways to help with financial issues.  They are trained
in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an
Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in
the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with
your mediator) and help you submit financial documents to your mortgage company as part of the mediation process.
CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency
closest to you.

| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
|---|---|---|
| Fairfield | **Bridgeport Neighborhood Trust,** 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team,** 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
| | **Neighborhood Housing Services of New Britain,** 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven,** 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
| | **Greater New Haven Community Loan Fund,** 171 Orange St., New Haven *http://www.theroofproject.org* | 203-624-7406 ext. 130 |
| | **Neighborhood Housing Services of Waterbury,** 161 North Main Street, Waterbury *www.nhswaterbury.org* (serves Waterbury, Naugatuck, Torrington, and all of Northwest CT) | 203-753-1896 ext. 10 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich,** 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

AF08QN

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

11/04/16   ███████                0683437  000000060  09SCN8  0940423                Pg 8 of 9

# Legal Resources

**Foreclosure Prevention Legal Clinics**: The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present free clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The clinic in **Hartford** is **the 3rd Tuesday evening of most months** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The clinic in **Fairfield County** is **the 3rd Wednesday evening of most months**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401**.

**Judicial Branch Foreclosure Volunteer Attorney Program**: Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm..

**Foreclosure Manual for Self-Represented Homeowners**: The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors on *www.ctfairhousing.org*, and by calling the Center at **1-888-247-4401**.

**Statewide Legal Services (SLS)**: SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380 or visiting www.slsct.org**.

**Court Service Centers**: In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services**: County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|---|---|---|---|---|
| Fairfield | **203-335-4116** | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | **860-525-6052** | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | **203-562-5750** | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | **860-889-9384** | $25 | *www.nlcba.org* | **See website for contact form** |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.

## How Foreclosure Rescue Scams Work.
People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org.*

## Mortgage Crisis Job Training Program.
The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp.*

## Financial Assistance Programs.
Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network.*

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on

AF08QP

*www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

**PLEASE READ THIS ENTIRE NOTICE AS IT CONTAINS IMPORTANT INFORMATION**

Specialized Loan Servicing LLC ("SLS"), as the servicer of the above-referenced loan, which is secured by a mortgage on the above-referenced property (the "Mortgage"), is providing you formal notice, pursuant to the provisions of Connecticut Public Act 14-84(a), Section 3, of the following:

1. Our records indicate as of the date of this letter, the Mortgage is delinquent or in default.

2. You have the option of contacting us to discuss whether the Property may, by mutual consent , be marketed for sale pursuant to a listing agreement established in accordance with Connecticut Public Act 14-84(a), Section 5.

Foreclosure by market sale will not be an option for you unless you are a borrower on the Note, the Mortgage is a first mortgage (but not a reverse annuity mortgage), the mortgaged Property is residential real property that you occupy as your primary residence and you otherwise qualify under the act.

Foreclosure by market sale also will not be available if the amounts due on the mortgage loan, in addition to amounts of all prior lien(s), by operation of law, are less than the appraised value of the Property.

3. You may contact SLS at:

Mailing address:   8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.
Telephone number: 1-800-306-6059
Facsimile number: 1-720-241-7526
E-Mail Address: crdocs@sls.net

4. You have sixty (60) days after the date of this letter to initiate contact with SLS and to contemporaneously confirm with SLS in writing your election to pursue a foreclosure by market sale, either by mail sent to the designated mailing address or by e-mail sent to the designated e-mail address.

5. You should contact a licensed Connecticut real estate agent to discuss the feasibility of listing the property for sale pursuant to the foreclosure by market sale process.

6. If we mutually agree to proceed with discussions concerning an acceptable listing agreement, you must first permit an appraisal of the Property by a licensed Connecticut appraiser to verify your eligibility for foreclosure by market sale. This appraisal will require both an interior and exterior inspection of the property.

7. If we mutually agree to proceed and you are eligible, the property would be listed for sale with a real estate agent but the terms and conditions of the listing agreement, including the duration and listing price, must be acceptable to both parties.

8. The terms and conditions of any offer to purchase, including the purchase price and any contingencies, must be acceptable to both parties.

9. If an acceptable offer is received, you would then sign an agreement to sell the Property through a foreclosure by market sale.

**10. If you consent to a foreclosure by market sale, you will not be eligible for foreclosure mediation in any type of foreclosure action that is commenced following the giving of such consent.**

AF08QQ

# USPS Tracking®

FAQs ❯ (http://faq.usps.com/?articleId=220900)

Track Another Package ➕

Tracking Number: 9307120019100026695993                    Remove ✕

Your item has been delivered to the original sender at 11:48 am on December 5, 2016 in LONE TREE, CO 80124.

 **Delivered**

December 5, 2016 at 11:48 am
Delivered, To Original Sender
LONE TREE, CO 80124

---

Tracking History                                                    ⌃

**December 5, 2016, 11:48 am**
Delivered, To Original Sender
LONE TREE, CO 80124
Your item has been delivered to the original sender at 11:48 am on December 5, 2016 in LONE TREE, CO 80124.

**December 3, 2016, 11:14 am**
Delivery Attempted - No Access to Delivery Location
LITTLETON, CO 80126

**December 3, 2016, 10:35 am**
Out for Delivery
LITTLETON, CO 80130

**December 3, 2016, 10:25 am**
Sorting Complete
LITTLETON, CO 80130


**December 3, 2016, 8:16 am**
Arrived at Unit
LITTLETON, CO 80130


**December 2, 2016, 6:55 am**
Departed USPS Regional Facility
DENVER CO DISTRIBUTION CENTER


**December 1, 2016, 11:41 am**
Arrived at USPS Regional Facility
DENVER CO DISTRIBUTION CENTER


**November 28, 2016, 9:41 am**
Unclaimed/Being Returned to Sender
SHELTON, CT 06484


**November 8, 2016, 11:05 am**
Notice Left (No Authorized Recipient Available)
SHELTON, CT 06484


**November 7, 2016, 4:44 pm**
Arrived at USPS Regional Destination Facility
SOUTHERN CT DISTRIBUTION CENTER


**November 7, 2016, 10:20 am**
Arrived at USPS Regional Destination Facility
HARTFORD CT DISTRIBUTION CENTER


**November 5, 2016, 8:34 pm**
Arrived at USPS Regional Origin Facility
BIRMINGHAM AL DISTRIBUTION CENTER

**November 5, 2016, 7:34 pm**
Accepted at USPS Regional Facility
BIRMINGHAM AL DISTRIBUTION CENTER

---

Product Information

---

# SLS

P.O. Box 636005
Littleton, CO 80163-6005
1-800-315-4SLS (4757)

Pg 1 of 9

x

+ 0683437 000000243 09SFC8 0940422
JOHNNY RAY MOORE
73-75 BALDWIN STREET
BRIDGEPORT CT 06607-1302

November 4, 2016

Property Address:    73-75 Baldwin Street
                     Bridgeport, CT 06607

**Important Notice Regarding Your Mortgage Loan and Notice of Intent to Foreclose**

Dear Johnny Ray Moore,

The Note on the above referenced loan is now in default as a result of your failure to pay the 09/01/16 payment and the payments due each month thereafter, as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 11/04/16 is $5,095.69. You have sixty three (63) days from the date of this letter to cure the default. We urge you to immediately upon receipt of this letter contact our Customer Assistance Department at the number provided below to obtain the amount required to reinstate your loan.

**This notice does not affect your ability to apply for or be evaluated for a foreclosure prevention option or any pending loss mitigation option that may have been extended.**

Failure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage by 01/06/17 may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for your Note. Please be advised that any extension of time or forbearance in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage shall not constitute a waiver of or preclude the exercising of any right or remedy.

If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing. You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy discharge.

*C00014G*

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129 PH (800) 306-6062

11/04/16 ▬▬▬▬ 0683437 000000243 09SFC8 0940422 Pg 2 of 9

<u>In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:</u>

1.  Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing LLC provide you with the amount of the debt. As of 11/04/16, the amount of the unpaid principal balance is $86,892.69. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.
2.  Specialized Loan Servicing LLC (SLS) is the current servicer for the owner of the loan. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original owner if different than the current owner.
3.  Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.
4.  **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS LETTER CONSTITUTES NEITHER A DEMAND FOR PAYMENT OF THE CAPTIONED DEBT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.**

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

IF YOU DID NOT SIGN THE NOTE BUT YOU HOLD A LEGAL OR BENEFICIAL INTEREST IN THE MORTGAGED PROPERTY, THIS NOTICE IS PROVIDED TO YOU TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE MORTGAGE, AS DESCRIBED IN THE BEGINNING OF THIS LETTER, REMAINS UNPAID, **YOU MAY LOSE YOUR INTEREST IN THE MORTGAGED PROPERTY.**

SLS would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact HUD toll free number (800-569-4287) to obtain a list of HUD approved non-profit organizations serving your area. Attached is a list of HUD approved counseling agencies selected by the Connecticut Housing Finance Authority ("CHFA") for the Emergency Mortgage Assistance Payment Program ("EMAPP").

**Your mortgage may qualify for consideration under Connecticut's Emergency Mortgage Assistance Payment Program (EMAP) as administered by CHFA.**

Within sixty (60) days from the date of this letter, you have the right to (1) have a face-to-face meeting, telephone or other conference acceptable to CHFA with SLS, or a face-to-face meeting with a CHFA-approved consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or such other resolution, and (2) contact CHFA to obtain information and apply for emergency mortgage assistance payments if you are unable to resolve the delinquency or default with SLS.

Within sixty (60) days of the date of this letter, you also have the right to contact CHFA, to obtain information, and to apply for Emergency Mortgage Assistance payments if you and SLS are unable to resolve the delinquency or default. The address for CHFA is 999 West Street, Rocky Hill, Connecticut 06067, and CHFA's telephone number is 860-721-9501, and fax number is 860-571-4352. Please see the enclosed Emergency Mortgage Assistance Payment Program Brochure for more information about EMAPP.

You are further advised that you shall have the right to reinstate the Loan after acceleration, as well as the right to raise any defenses that may exist to the acceleration, including assertion of the non-existence of a default.

11/04/16 ████████ 0683437 000000243 09SFC8 0940422 Pg 3 of 9

You are notified that a NEGATIVE CREDIT REPORT about this default and any legal action that may occur as a result may be submitted to one or more national credit reporting agencies.

WE WILL NOT GIVE YOU ANY LEGAL ADVICE. If you make a written request that we not contact you, we will not do so, except to send notices that are required by statute or contract.

If you surrender possession of the Property you may still owe additional monies after the money received from the sale of the Property is deducted from the total amount that you owe under the Note.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at (800)306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT). TDD number 800-268-9419 Monday through Friday, 8:00 a.m. to 5:00 p.m. (MT).

SLS requests that all payments be made in **certified funds, cashier's check or money order(s)** payable to and mailed to "Specialized Loan Servicing LLC" **Attention: Customer Assistance Department** to one of the below addresses **(always include your Loan Number with your payment):**

| **VIA Regular Mail** | **VIA Over Night Address** | **VIA Western Union Quick Collect** |
|---|---|---|
| Specialized Loan Servicing LLC | Specialized Loan Servicing LLC | Code City: PAYSLS |
| PO Box 105219 | 8742 Lucent Blvd, Suite 300 | Code State: CO |
| Atlanta, GA 30348 5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING LLC
Customer Assistance Department

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

**Emergency Mortgage Assistance Program (EMAP)**

**Brochure**

**Program Description**

The Emergency Mortgage Assistance Program (EMAP) is administered by the Connecticut Housing Finance Authority (CHFA). EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. An EMAP loan provides an initial disbursement to bring a homeowner's delinquent mortgage current. In addition, a homeowner may be eligible to receive monthly mortgage assistance.

While receiving EMAP assistance, a homeowner must participate in an annual recertification process conducted by CHFA to determine the necessity for continuation, termination or adjustment in the amount of emergency mortgage assistance. The homeowner must also notify CHFA of any changes in their financial status during the period of assistance. Repayment of the EMAP mortgage loan does not begin until a homeowner's finances permit, as determined by CHFA. Interest will not accrue on the EMAP loan until it is scheduled for repayment. The EMAP loan will be repaid as a 30-year, fixed rate mortgage.

**Terms and Conditions**

- EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. A financial hardship includes, but is not limited to, a reduction of income or an increase in expenses resulting from:
  - Unemployment or underemployment of one or more of the mortgagors;
  - A loss, reduction or delay in receipt of such federal, state, or municipal benefits as Social Security, supplemental security income, public assistance and government pensions;
  - A loss, reduction or delay in receipt of such private benefits as pension, disability, annuity or retirement benefits;
  - Divorce or a loss of support payments;
  - Disability, illness or death of a mortgagor;
  - A significant increase in the dollar amount of the periodic payments required by the mortgage:
  - An unanticipated rise in housing expenses;
  - Expenses related to the disability, illness or death of a member of the mortgagor's family.

A hardship does not include the accumulation of credit or installment debt for recreational or non-essential items which caused a financial burden.

- The maximum allowable monthly mortgage assistance is set by law and based on a formula that uses annual area median income as published by the U.S. Department of Housing and Urban Development.
- Assistance is available for up to a total of 60 months. Eligible homeowners are required to pay a portion of their monthly mortgage payment to CHFA based on their total household income, while receiving emergency mortgage assistance. CHFA will combine the homeowner's payment with the monthly assistance provided through the Emergency Mortgage Assistance Program and will then pay the total required monthly mortgage payment to the homeowner's lender.

**Eligible Properties**

A homeowner cannot have an ownership interest in any other real estate.

All properties must be owner-occupied and the primary residence of the applicant. Eligible properties include:

- Single family homes
- Single family homes located in Planned Unit Developments (PUDs)
- A unit in a condominium
- Two-to-four family homes

Please note that no business or commercial use of the property is allowed.

**Homeowner Eligibility Requirements**

Eligibility for EMAP includes the following:

- The delinquent mortgage is not FHA-insured.
- The mortgage must be secured by a home-owner's primary residence.
- Eligible homeowners must not have sufficient assets at their disposal to alleviate the financial hardship.
- A homeowner's inability to make the mortgage payments on their primary residence must be due to either a financial hardship resulting in a reduction of household income or an increase in expenses, or a significant increase in the monthly mortgage payment amount required by their current mortgage lender.
- A homeowner must either be 60 days delinquent or be in receipt of a delinquency notice from the current mortgage lender which indicates the lender's intent to initiate foreclosure proceedings. Homeowners who anticipate becoming 60 days delinquent on a mortgage may also be eligible. A homeowner will need to provide CHFA with documentation to support the probability of becoming delinquent which will be reviewed by CHFA to determine eligibility (for example: notice of a lay-off or copy of a mortgage statement showing an increase in the adjustable rate and payment).
- In order to be eligible to apply for EMAP, a homeowner must inform CHFA that they contacted their current mortgage lender in an effort to correct the delinquency, but were either unsuccessful in negotiating a repayment plan or were unable to honor a negotiated repayment plan due to an unforeseen financial hardship; or they contacted a CHFA/HUD-approved housing counseling agency (refer to the list of approved agencies on page 6) in an effort to contact their lender to negotiate terms to correct the delinquency of the mortgage.
- Homeowners who apply for EMAP and have received a Summons and Complaint are required to participate in the Judicial Mediation Program as part of the EMAP application process.
- Except for the current delinquency, the homeowners must have a favorable mortgage credit history for the previous two years (or period of ownership) with no more than three 30-day late payments for the 12 months prior to hardship.
- CHFA must determine that there is a reasonable expectation that the homeowner will be able to reinstate their current mortgage payments and have the ability to repay the EMAP mortgage loan.
- Eligible homeowners must be fully discharged from any action of bankruptcy.

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129 PH (800) 306-6062

11/04/16   ███████   0683437 000000243 09SFC8 0940422   Pg 6 of 9

## CONNECTICUT HOUSING FINANCE AUTHORITY

### EMERGENCY MORTGAGE ASSISTANCE PROGRAM
CHFA/HUD-Approved Counseling Agencies

The Connecticut Housing Finance Authority encourages all homeowners struggling with their mortgage payments to contact one of the following housing counseling agencies to explore all foreclosure prevention options available.

**Bridgeport Neighborhood Trust**
*Bridgeport*
(203) 290-4255 ext. 107

**Catholic Charities**
*Middletown, New London, Norwich and Willimantic*
(860) 889-8346 ext. 272

**Community Renewal Team (CRT)**
*Hartford and Middletown*
(860) 560-5880 (call center)

**Greater New Haven Community Loan Fund**
*New Haven*
(203) 624-7406 ext. 130

**Neighborhood Housing Services of New Britain**
(860) 224-2433

**Neighborhood Housing Services of New Haven**
(203) 777-6925 ext. 26

**Neighborhood Housing Services of Waterbury**
(203) 753-1896 ext. 10

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129  PH (800) 306-6062

11/04/16   ███████        0683437  000000243  09SFC8  0940422

Pg 7 of 9
STATE OF CONNECTICUT
**SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*

**FORECLOSURE MEDIATION
NOTICE OF COMMUNITY-
BASED RESOURCES**
JD-CV-126  Rev. 4-15
C.G.S. § 49-31*l*



| **ADA NOTICE** |
| --- |
| The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*. |

## State of Connecticut Department of Banking
### Foreclosure Hotline Bulletin
### Community-Based Resources for Connecticut Homeowners in Foreclosure

***Note:*** *Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejería de vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days. Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

## Mortgage Assistance Programs from the Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP) which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency (listed below), call CHFA at **1-877-571-2432**, or visit *www.chfa.org.*

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-approved housing counselors provide free services to Connecticut homeowners who are struggling financially and may be at risk of foreclosure.  They can review your budget and find ways to help with financial issues.  They are trained in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with your mediator) and help you submit financial documents to your mortgage company as part of the mediation process. CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency closest to you.

| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
| --- | --- | --- |
| Fairfield | **Bridgeport Neighborhood Trust**, 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team**, 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
| | **Neighborhood Housing Services of New Britain**, 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven**, 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
| | **Greater New Haven Community Loan Fund,** 171 Orange St., New Haven *http://www.theroofproject.org* | 203-624-7406 ext. 130 |
| | **Neighborhood Housing Services of Waterbury,** 161 North Main Street, Waterbury *www.nhswaterbury.org* (serves Waterbury, Naugatuck, Torrington, and all of Northwest CT) | 203-753-1896 ext. 10 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich**, 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

*"800100G"*

AF08QN

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

11/04/16   ███████          0683437 000000243 09SFC8 0940422              Pg 8 of 9

# Legal Resources

**Foreclosure Prevention Legal Clinics**: The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present free clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The clinic in **Hartford** is **the 3rd Tuesday evening of most months** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The clinic in **Fairfield County** is **the 3rd Wednesday evening of most months**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401**.

**Judicial Branch Foreclosure Volunteer Attorney Program**: Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm..

**Foreclosure Manual for Self-Represented Homeowners**: The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors on *www.ctfairhousing.org*, and by calling the Center at **1-888-247-4401**.

**Statewide Legal Services (SLS)**: SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380 or visiting www.slsct.org.**

**Court Service Centers**: In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services**: County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|---|---|---|---|---|
| Fairfield | **203-335-4116** | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | **860-525-6052** | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | **203-562-5750** | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | **860-889-9384** | $25 | *www.nlcba.org* | **See website for contact form** |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.

## How Foreclosure Rescue Scams Work.
People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org*.

## Mortgage Crisis Job Training Program.
The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp*.

## Financial Assistance Programs.
Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network*.

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on

AF08QP

11/04/16 ███████  0683437 000000243 09SFC8 0940422  Pg 9 of 9

*www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

**PLEASE READ THIS ENTIRE NOTICE AS IT CONTAINS IMPORTANT INFORMATION**

Specialized Loan Servicing LLC ("SLS"), as the servicer of the above-referenced loan, which is secured by a mortgage on the above-referenced property (the "Mortgage"), is providing you formal notice, pursuant to the provisions of Connecticut Public Act 14-84(a), Section 3, of the following:

1. Our records indicate as of the date of this letter, the Mortgage is delinquent or in default.

2. You have the option of contacting us to discuss whether the Property may, by mutual consent , be marketed for sale pursuant to a listing agreement established in accordance with Connecticut Public Act 14-84(a), Section 5.

Foreclosure by market sale will not be an option for you unless you are a borrower on the Note, the Mortgage is a first mortgage (but not a reverse annuity mortgage), the mortgaged Property is residential real property that you occupy as your primary residence and you otherwise qualify under the act.

Foreclosure by market sale also will not be available if the amounts due on the mortgage loan, in addition to amounts of all prior lien(s), by operation of law, are less than the appraised value of the Property.

3. You may contact SLS at:

Mailing address:  8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.
Telephone number: 1-800-306-6059
Facsimile number: 1-720-241-7526
E-Mail Address: crdocs@sls.net

4. You have sixty (60) days after the date of this letter to initiate contact with SLS and to contemporaneously confirm with SLS in writing your election to pursue a foreclosure by market sale, either by mail sent to the designated mailing address or by e-mail sent to the designated e-mail address.

5. You should contact a licensed Connecticut real estate agent to discuss the feasibility of listing the property for sale pursuant to the foreclosure by market sale process.

6. If we mutually agree to proceed with discussions concerning an acceptable listing agreement, you must first permit an appraisal of the Property by a licensed Connecticut appraiser to verify your eligibility for foreclosure by market sale. This appraisal will require both an interior and exterior inspection of the property.

7. If we mutually agree to proceed and you are eligible, the property would be listed for sale with a real estate agent but the terms and conditions of the listing agreement, including the duration and listing price, must be acceptable to both parties.

8. The terms and conditions of any offer to purchase, including the purchase price and any contingencies, must be acceptable to both parties.

9. If an acceptable offer is received, you would then sign an agreement to sell the Property through a foreclosure by market sale.

**10. If you consent to a foreclosure by market sale, you will not be eligible for foreclosure mediation in any type of foreclosure action that is commenced following the giving of such consent.**

AF080Q

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 80129 PH (800) 306-6062

x

**SLS**

P.O. Box 636005
Littleton, CO  80163-6005
1-800-315-4SLS (4757)

Pg 1 of 9

+ 0683437 000000242 09SFC8 0940424
JOHNNY RAY MOORE
15 SACHEM DR
SHELTON CT 06484-1756

November  4, 2016

Property  Address:      73-75 Baldwin  Street
                        Bridgeport,  CT 06607

**Important  Notice Regarding  Your Mortgage  Loan and Notice of Intent to Foreclose**

Dear Johnny Ray Moore,

The Note on the above referenced  loan is now in default as a result of your failure to pay the 09/01/16 payment and the payments  due each month thereafter,  as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments  plus late charges and any payments  that may become  due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 11/04/16 is $5,095.69. You have sixty three (63) days from the date of this letter to cure the default. We urge you to immediately  upon receipt of this letter contact our Customer Assistance  Department  at the number provided below to obtain the amount required to reinstate  your loan.

**This notice does not affect your ability to apply for or be evaluated  for a foreclosure  prevention  option or any pending loss mitigation  option that may have been extended.**

Failure to pay the total amount due under the terms and conditions  of your Deed of Trust/Mortgage  by 01/06/17 may result in acceleration  of the entire balance outstanding  under the Note including, but not limited to, the principal, interest and all other outstanding  charges and costs, and commencement  of foreclosure  of the Trust Deed/Mortgage  which is security for your Note. Please be advised that any extension of time or forbearance  in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage  shall not constitute  a waiver of or preclude the exercising  of any right or remedy.

If your loan is not brought current, inspections  of your property will be made and you will be assessed fees for that purpose as permitted  under state law. Additionally,  if your property is found to be vacant and unsecured,  the mortgage  holder will have it secured and will charge you for the cost of securing.  You may also be liable for reasonable  attorney fees and costs incurred in connection  with any proceedings  on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency  that may be established  as a result of the foreclosure  action unless precluded by a bankruptcy  discharge.

*000086*

<u>In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:</u>

1.  Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing LLC provide you with the amount of the debt. As of 11/04/16, the amount of the unpaid principal balance is $86,892.69. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.
2.  Specialized Loan Servicing LLC (SLS) is the current servicer for the owner of the loan. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original owner if different than the current owner.
3.  Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.
4.  **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS LETTER CONSTITUTES NEITHER A DEMAND FOR PAYMENT OF THE CAPTIONED DEBT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.**

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

IF YOU DID NOT SIGN THE NOTE BUT YOU HOLD A LEGAL OR BENEFICIAL INTEREST IN THE MORTGAGED PROPERTY, THIS NOTICE IS PROVIDED TO YOU TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE MORTGAGE, AS DESCRIBED IN THE BEGINNING OF THIS LETTER, REMAINS UNPAID, **YOU MAY LOSE YOUR INTEREST IN THE MORTGAGED PROPERTY.**

SLS would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact HUD toll free number (800-569-4287) to obtain a list of HUD approved non-profit organizations serving your area. Attached is a list of HUD approved counseling agencies selected by the Connecticut Housing Finance Authority ("CHFA") for the Emergency Mortgage Assistance Payment Program ("EMAPP").

**Your mortgage may qualify for consideration under Connecticut's Emergency Mortgage Assistance Payment Program (EMAP) as administered by CHFA.**

Within sixty (60) days from the date of this letter, you have the right to (1) have a face-to-face meeting, telephone or other conference acceptable to CHFA with SLS, or a face-to-face meeting with a CHFA-approved consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or such other resolution, and (2) contact CHFA to obtain information and apply for emergency mortgage assistance payments if you are unable to resolve the delinquency or default with SLS.

Within sixty (60) days of the date of this letter, you also have the right to contact CHFA, to obtain information, and to apply for Emergency Mortgage Assistance payments if you and SLS are unable to resolve the delinquency or default. The address for CHFA is 999 West Street, Rocky Hill, Connecticut 06067,and CHFA's telephone number is 860-721-9501, and fax number is 860-571-4352. Please see the enclosed Emergency Mortgage Assistance Payment Program Brochure for more information about EMAPP.

You are further advised that you shall have the right to reinstate the Loan after acceleration, as well as the right to raise any defenses that may exist to the acceleration, including assertion of the non-existence of a default.

11/04/16 ▬▬▬▬▬▬ 0683437 000000242 09SFC8 0940424 Pg 3 of 9

You are notified that a NEGATIVE CREDIT REPORT about this default and any legal action that may occur as a result may be submitted to one or more national credit reporting agencies.

WE WILL NOT GIVE YOU ANY LEGAL ADVICE. If you make a written request that we not contact you, we will not do so, except to send notices that are required by statute or contract.

If you surrender possession of the Property you may still owe additional monies after the money received from the sale of the Property is deducted from the total amount that you owe under the Note.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at (800)306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT).  TDD number 800-268-9419 Monday through Friday, 8:00 a.m. to 5:00 p.m. (MT).

SLS requests that all payments be made in **certified funds, cashier's check or money order(s)** payable to and mailed to "Specialized Loan Servicing LLC" **Attention: Customer Assistance Department** to one of the below addresses **(always include your Loan Number with your payment):**

| **VIA Regular Mail** | **VIA Over Night Address** | **VIA Western Union Quick Collect** |
|---|---|---|
| Specialized Loan Servicing LLC | Specialized Loan Servicing LLC | Code City: PAYSLS |
| PO Box 105219 | 8742 Lucent Blvd, Suite 300 | Code State: CO |
| Atlanta, GA 30348 5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING LLC
Customer Assistance Department

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

## Emergency Mortgage Assistance Program (EMAP)

### Brochure

**Program Description**

The Emergency Mortgage Assistance Program (EMAP) is administered by the Connecticut Housing Finance Authority (CHFA). EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. An EMAP loan provides an initial disbursement to bring a homeowner's delinquent mortgage current. In addition, a homeowner may be eligible to receive monthly mortgage assistance.

While receiving EMAP assistance, a homeowner must participate in an annual recertification process conducted by CHFA to determine the necessity for continuation, termination or adjustment in the amount of emergency mortgage assistance. The homeowner must also notify CHFA of any changes in their financial status during the period of assistance. Repayment of the EMAP mortgage loan does not begin until a homeowner's finances permit, as determined by CHFA. Interest will not accrue on the EMAP loan until it is scheduled for repayment. The EMAP loan will be repaid as a 30-year, fixed rate mortgage.

**Terms and Conditions**

- EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. A financial hardship includes, but is not limited to, a reduction of income or an increase in expenses resulting from:
  - Unemployment or underemployment of one or more of the mortgagors;
  - A loss, reduction or delay in receipt of such federal, state, or municipal benefits as Social Security, supplemental security income, public assistance and government pensions;
  - A loss, reduction or delay in receipt of such private benefits as pension, disability, annuity or retirement benefits;
  - Divorce or a loss of support payments;
  - Disability, illness or death of a mortgagor;
  - A significant increase in the dollar amount of the periodic payments required by the mortgage:
  - An unanticipated rise in housing expenses;
  - Expenses related to the disability, illness or death of a member of the mortgagor's family.

A hardship does not include the accumulation of credit or installment debt for recreational or non-essential items which caused a financial burden.

- The maximum allowable monthly mortgage assistance is set by law and based on a formula that uses annual area median income as published by the U.S. Department of Housing and Urban Development.
- Assistance is available for up to a total of 60 months. Eligible homeowners are required to pay a portion of their monthly mortgage payment to CHFA based on their total household income, while receiving emergency mortgage assistance. CHFA will combine the homeowner's payment with the monthly assistance provided through the Emergency Mortgage Assistance Program and will then pay the total required monthly mortgage payment to the homeowner's lender.

**Eligible Properties**

A homeowner cannot have an ownership interest in any other real estate.

All properties must be owner-occupied and the primary residence of the applicant. Eligible properties include:

- Single family homes
- Single family homes located in Planned Unit Developments (PUDs)
- A unit in a condominium
- Two-to-four family homes

Please note that no business or commercial use of the property is allowed.

**Homeowner Eligibility Requirements**

Eligibility for EMAP includes the following:

- The delinquent mortgage is not FHA-insured.
- The mortgage must be secured by a home-owner's primary residence.
- Eligible homeowners must not have sufficient assets at their disposal to alleviate the financial hardship.
- A homeowner's inability to make the mortgage payments on their primary residence must be due to either a financial hardship resulting in a reduction of household income or an increase in expenses, or a significant increase in the monthly mortgage payment amount required by their current mortgage lender.
- A homeowner must either be 60 days delinquent or be in receipt of a delinquency notice from the current mortgage lender which indicates the lender's intent to initiate foreclosure proceedings. Homeowners who anticipate becoming 60 days delinquent on a mortgage may also be eligible. A homeowner will need to provide CHFA with documentation to support the probability of becoming delinquent which will be reviewed by CHFA to determine eligibility (for example: notice of a lay-off or copy of a mortgage statement showing an increase in the adjustable rate and payment).
- In order to be eligible to apply for EMAP, a homeowner must inform CHFA that they contacted their current mortgage lender in an effort to correct the delinquency, but were either unsuccessful in negotiating a repayment plan or were unable to honor a negotiated repayment plan due to an unforeseen financial hardship; or they contacted a CHFA/HUD-approved housing counseling agency (refer to the list of approved agencies on page 6) in an effort to contact their lender to negotiate terms to correct the delinquency of the mortgage.
- Homeowners who apply for EMAP and have received a Summons and Complaint are required to participate in the Judicial Mediation Program as part of the EMAP application process.
- Except for the current delinquency, the homeowners must have a favorable mortgage credit history for the previous two years (or period of ownership) with no more than three 30-day late payments for the 12 months prior to hardship.
- CHFA must determine that there is a reasonable expectation that the homeowner will be able to reinstate their current mortgage payments and have the ability to repay the EMAP mortgage loan.
- Eligible homeowners must be fully discharged from any action of bankruptcy.

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

## CONNECTICUT HOUSING FINANCE AUTHORITY

### EMERGENCY MORTGAGE ASSISTANCE PROGRAM
CHFA/HUD-Approved Counseling Agencies

The Connecticut Housing Finance Authority encourages all homeowners struggling with their mortgage payments to contact one of the following housing counseling agencies to explore all foreclosure prevention options available.

**Bridgeport Neighborhood Trust**
*Bridgeport*
(203) 290-4255 ext. 107

**Catholic Charities**
*Middletown, New London, Norwich and Willimantic*
(860) 889-8346 ext. 272

**Community Renewal Team (CRT)**
*Hartford and Middletown*
(860) 560-5880 (call center)

**Greater New Haven Community Loan Fund**
*New Haven*
(203) 624-7406 ext. 130

**Neighborhood Housing Services of New Britain**
(860) 224-2433

**Neighborhood Housing Services of New Haven**
(203) 777-6925 ext. 26

**Neighborhood Housing Services of Waterbury**
(203) 753-1896 ext. 10

11/04/16   ███████   0683437 000000242 09SFC8 0940424

**FORECLOSURE MEDIATION NOTICE OF COMMUNITY-BASED RESOURCES**
JD-CV-126  Rev. 4-15
C.G.S. § 49-31/

**STATE OF CONNECTICUT SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*



**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

### State of Connecticut Department of Banking
### Foreclosure Hotline Bulletin
### Community-Based Resources for Connecticut Homeowners in Foreclosure

***Note:*** *Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejería de vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days. Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

## Mortgage Assistance Programs from the Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP) which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency (listed below), call CHFA at **1-877-571-2432**, or visit *www.chfa.org.*

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-Approved housing counselors provide free services to Connecticut homeowners who are struggling financially and may be at risk of foreclosure.  They can review your budget and find ways to help with financial issues.  They are trained in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with your mediator) and help you submit financial documents to your mortgage company as part of the mediation process. CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency closest to you.

| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
|---|---|---|
| Fairfield | **Bridgeport Neighborhood Trust**, 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team**, 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
| | **Neighborhood Housing Services of New Britain**, 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven**, 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
| | **Greater New Haven Community Loan Fund**, 171 Orange St., New Haven *http:llwww.theroofproject.org* | 203-624-7406 ext. 130 |
| | **Neighborhood Housing Services of Waterbury**, 161 North Main Street, Waterbury *www.nhswaterbury.org* (serves Waterbury, Naugatuck, Torrington, and all of Northwest CT) | 203-753-1896 ext. 10 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich**, 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

AF08QN

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

11/04/16     0683437 000000242 09SFC8 0940424    Pg 8 of 9

# Legal Resources

**Foreclosure Prevention Legal Clinics**: The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present free clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The clinic in **Hartford** is **the 3rd Tuesday evening of most months** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The clinic in **Fairfield County** is **the 3rd Wednesday evening of most months**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401**.

**Judicial Branch Foreclosure Volunteer Attorney Program**: Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm..

**Foreclosure Manual for Self-Represented Homeowners**: The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors on *www.ctfairhousing.org*, and by calling the Center at **1-888-247-4401**.

**Statewide Legal Services (SLS)**: SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380 or visiting www.slsct.org.**

**Court Service Centers**: In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services**: County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|---|---|---|---|---|
| Fairfield | **203-335-4116** | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | **860-525-6052** | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | **203-562-5750** | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | **860-889-9384** | $25 | *www.nlcba.org* | **See website for contact form** |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.

## How Foreclosure Rescue Scams Work.

People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org*.

## Mortgage Crisis Job Training Program.

The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp*.

## Financial Assistance Programs.

Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network*.

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on

AF08QP

11/04/16   ███████   0683437 000000242 09SFC8 0940424   Pg 9 of 9

*www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

**PLEASE READ THIS ENTIRE NOTICE AS IT CONTAINS IMPORTANT INFORMATION**

Specialized Loan Servicing LLC ("SLS"), as the servicer of the above-referenced loan, which is secured by a mortgage on the above-referenced property (the "Mortgage"), is providing you formal notice, pursuant to the provisions of Connecticut Public Act 14-84(a), Section 3, of the following:

1.  Our records indicate as of the date of this letter, the Mortgage is delinquent or in default.

2.  You have the option of contacting us to discuss whether the Property may, by mutual consent , be marketed for sale pursuant to a listing agreement established in accordance with Connecticut Public Act 14-84(a), Section 5.

Foreclosure by market sale will not be an option for you unless you are a borrower on the Note, the Mortgage is a first mortgage (but not a reverse annuity mortgage), the mortgaged Property is residential real property that you occupy as your primary residence and you otherwise qualify under the act.

Foreclosure by market sale also will not be available if the amounts due on the mortgage loan, in addition to amounts of all prior lien(s), by operation of law, are less than the appraised value of the Property.

3.  You may contact SLS at:

Mailing address:   8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.
Telephone number: 1-800-306-6059
Facsimile number: 1-720-241-7526
E-Mail Address: crdocs@sls.net

4.  You have sixty (60) days after the date of this letter to initiate contact with SLS and to contemporaneously confirm with SLS in writing your election to pursue a foreclosure by market sale, either by mail sent to the designated mailing address or by e-mail sent to the designated e-mail address.

5.  You should contact a licensed Connecticut real estate agent to discuss the feasibility of listing the property for sale pursuant to the foreclosure by market sale process.

6. If we mutually agree to proceed with discussions concerning an acceptable listing agreement, you must first permit an appraisal of the Property by a licensed Connecticut appraiser to verify your eligibility for foreclosure by market sale. This appraisal will require both an interior and exterior inspection of the property.

7. If we mutually agree to proceed and you are eligible, the property would be listed for sale with a real estate agent but the terms and conditions of the listing agreement, including the duration and listing price, must be acceptable to both parties.

8. The terms and conditions of any offer to purchase, including the purchase price and any contingencies, must be acceptable to both parties.

9. If an acceptable offer is received, you would then sign an agreement to sell the Property through a foreclosure by market sale.

**10. If you consent to a foreclosure by market sale, you will not be eligible for foreclosure mediation in any type of foreclosure action that is commenced following the giving of such consent.**

AF08QQ

8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado  80129  PH (800) 306-6062

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a          Chapter 13
      Johnny R. Moore          Case No.: 16-51133
        Debtor

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
          Movant,

vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
        Respondents

_____/

## MOTION OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12 FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 ("Movant"), a

creditor in the above captioned Chapter 13 proceeding, moves this Court for an Order, pursuant to 11

U.S.C. §362(d) so that it may foreclosure a Mortgage which it holds on real property known and

numbered as 73-75 Baldwin Street, Bridgeport, CT 06607.  In support of its motion, Movant states the

following:

      1.      On May 26, 2006, Johnny Ray Moore ("Debtor") executed and delivered a Note (the

"Note", a copy of which is attached hereto as Exhibit "A") to Countrywide Home Loans, Inc.  The

Note was secured by a Mortgage also dated May 26, 2006 and recorded in the City of Bridgeport Land

Records in Book 6992 at Pages 323 (the "Mortgage", a copy of which is attached here to Exhibit "B")

on real property owned by Debtor and known and numbered as 73-75 Baldwin Street, Bridgeport, CT

06607 (the "Real Property").

2.      Movant is the current holder of the Mortgage by virtue of an Assignment of Mortgage recorded in the City of Bridgeport Land Records in Book 8549 at Page 210 (the "Assignment", a copy of which is attached hereto as Exhibit "C").

3.      There is no other collateral securing the Note.

4.      Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

5.      Movant has not filed a complaint to foreclose in the Connecticut Superior Court.

6.      On August 24, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

7.      As of February 16, 2017, the post-petition delinquency owed by the Debtor on the Note is $8,330.03 (see "Affidavit in Support of Motion for Relief" attached hereto as Exhibit "D").  Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment will come due and owing.

8.      According to Debtor's Schedules, the fair market value of the Real Property is $150,000.00, which is an admission by Debtor.  A copy of Schedule A is attached hereto as Exhibit "E".

9.      Upon information and belief, there are no additional liens or encumbrances on the Real Property.

10.      As of February 16, 2017, the total outstanding balance owed on the Note was $94,678.12 (see Exhibit "D").

11.      The estimated total amount of encumbrances on the Real Property is $94,678.12.

12.     According to Movant's Proof of Claim, the total pre-petition arrearage is $1,973.53.

13.     Debtor's Chapter 13 Plan has not been confirmed and does not provide for any treatment of Movant's secured claim.

14.     Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage.

15.     Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

WHEREFORE, Movant  moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns,  may proceed to exercise its rights pursuant to the Note and Mortgage.  They may also proceed according to applicable state and federal law to commence, continue and prosecute to judgment a foreclosure action with respect to the Real Property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12
By its attorneys,

Date: March 16, 2017

/s/ Patricia A. Davis, Esq.
Patricia A. Davis, Esq. # 25753
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI  02886
Telephone:  (401) 234-9200 x 171
pdavis@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a                    Chapter 13
      Johnny R. Moore                              Case No.: 16-51133
          Debtor,

_____/

## **CERTIFICATE OF SERVICE**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 16th day of March, 2017, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

    1.    Motion for Relief

    2.    Exhibits A through E

    3.    Proposed Order

    4.    Notice of Contested Matter

    5.    Certificate of Service

                           /s/ Patricia A. Davis, Esq.
                           Patricia A. Davis, Esq. # 25753
                           Marinosci Law Group, P.C.
                           275 West Natick Road, Suite 500
                           Warwick, RI  02886
                           Telephone:  (401) 234-9200

VIA ECF
U.S. Trustee, on behalf of the US Trustee
Molly T. Whiton, Esq., on behalf of the Trustee
Linda St. Pierre, Esq., on behalf of PennyMac Holdings, LLC
Matthew K. Beatman, Esq., on behalf of Hampshire House Condominium
Juda J. Epstein, Esq., on behalf of Water Pollution Control Authority
Victoria L. Forcella, Esq., on behalf of JP Morgan Chase Bank
Mark L. Bergano, Esq., on behalf of U.S. Bank, National Association
Mark L. Bergano, Esq., on behalf of Tower Lien, LLC
Michael T. Rozea, Esq., on behalf of Bank of America, N.A.
Linda St. Pierre, Esq., on behalf of Bank of America, N.A.
Walter M. Spader, Esq., on behalf of Tower Lien, LLC

<u>VIA US MAIL</u>
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

City of Bridgeport – Tax Collector Office
Attn: Veronica Jones
45 Lyon Terrace, Room 123
Bridgeport, CT 06604

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a                    Chapter 13
      Johnny R. Moore                            Case No.: 16-51133
        Debtor

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
        Movant,
vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
        Respondents
_____/

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

      The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 (the "Movant") has

filed a Motion for Relief, (the "Contested Matter") in the above-captioned case.  Notice is hereby

given that any response to the Contested Matter must be filed with the Court no later than

March 30, 2017.*  In the absence of a timely filed response, the proposed order in the Contested

Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

<div style="margin-left:40%">

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12

</div>

Date:  March 16, 2017               /s/ Patricia David, Esq._____
                                  Patricia Davis, Esq. #25753
                                  Marinosci Law Group, P.C.
                                  275 West Natick Road, Suite 500
                                  Warwick, RI  02886
                                  Telephone:  (401) 234-9200

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are
added after the response date set in this notice

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a                          Chapter 13
     Johnny R. Moore                                 Case No.: 16-51133
       Debtor

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
        Movant,
vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
       Respondents
_____/

## ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     After notice and a hearing, of The Bank of New York Mellon FKA The Bank of New York, as

Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12's

(hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. _____

     **IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay of 11 U.S.C.

§ 362(a) is modified pursuant to section § 362(d) to permit the Movant, and/or its successors and

assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise

its rights, if any, with respect to real property known as 73-75 Baldwin Street, Bridgeport, CT 06607 in

accordance with applicable state law, and

     **IT IS FURTHER ORDRED** that the 14-day stay of by Fed. R. Bankr. P. 4001(a)(3) is no

applicable and the Movant may immediately enforce and implement its Order.

     At _____ this _____ day of _____, 2017

                          _____
                          U.S. BANKRUPTCY JUDGE

**FBT-CV18-6074995-S**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | SUPERIOR COURT |
| | : | |
| v. | : | J. D. at BRIDGEPORT |
| | | |
| JOHNNY RAY MOORE | : | MARCH 16, 2022 |

<u>**MEMORANDUM OF LAW IN OPPOSITION TO**</u>
<u>**MOTION FOR SUMMARY JUDGMENT (146.00)**</u>

**I.     OVERVIEW**

There are two issues that are fatal to the plaintiff's argument that this Court should enter summary judgment in its favor. First, the plaintiff's pleadings do not match the plaintiff's evidence. The plaintiff's "Substitute Complaint" ("Complaint") alleges that the defendant executed a mortgage note (the "Note") and mortgage deed (the "Deed") in 2006 and that, as of September 1, 2016, the defendant is in default of his payment obligations under the Note, such that the plaintiff may pursue foreclosure as a remedy for the alleged default. The plaintiff's supporting affidavit, however, indicates that the defendant is in default of the Note "as modified," and yet the plaintiff's Complaint makes no reference to any modifications of the Note. Under applicable law, including the legal authorities cited by the plaintiff, such a disconnect between the plaintiff's pleadings and proof is fatal to the plaintiff's motion.

#151

Second, under the terms of the Deed, the plaintiff is required to issue a notice of default as a condition precedent to accelerating the debt and instituting a foreclosure action. Per the plaintiff's pleading allegations and supporting exhibits, the plaintiff issued the required notice of default in November 2016. In November of 2016, however, a bankruptcy stay in favor of the defendant was in force and effect, due to a Chapter 13 Petition filed by the defendant in August 2016. Under applicable law, the plaintiff's notice of default was issued in violation of said bankruptcy and, therefore, is void. A void notice of default is also fatal to the plaintiff's motion.

## II.  BACKGROUND

### A.  Modification of the Subject Note

The plaintiff Substitute Complaint ("Complaint")(140.00; ¶¶ 1-5) makes reference to the original 2006 Note only, and presents no allegations that said Note was ever modified. The Note is endorsed in blank, and the plaintiff's Complaint (¶ 5) asserts that the plaintiff "has possession of original of the promissory note." (Pl Ex. A-1). By reference to these facts, the plaintiff's Complaint (¶ 5) asserts that, "Plaintiff has the right to foreclose the note and mortgage."

The plaintiff's Affidavit (¶ 7) concedes, however, that the subject Note was "modified" twice, attaching the two modifications as Exhibit A-2, which includes a 2009 modification and 2013 modification. The 2013 Modification (p. 1) refers to the "Lender" as "Bank of America, N.A.," and on the signature page it is indicated that "Bank of America, N.A." is the "successor by merger of BAC Home Loans Servicing, LP." The

- 2 -

2009 Modification identifies the "Lender" as BAC Home Loans Servicing, LP. Neither Modification makes any reference to the plaintiff of any kind, and the plaintiff's Complaint presents no allegations that the plaintiff is in possession of either Modification.

The payment obligation terms for both Modifications are different from the subject Note, and the plaintiff's Complaint (¶ 7) only alleges that the defendant is in default of the subject Note. Furthermore, the plaintiff's Complaints presents no allegation that the plaintiff "has the right to foreclose" upon the Modifications to the Note, which again make no reference to the plaintiff.

**B.      Notice of Default**

The plaintiff submitted the subject mortgage Deed as Exhibit B to its Motion for Summary Judgment. On page ten of said Deed (¶ 22), the mortgagee is required to provide a specified "notice" to the borrower of "Borrower's breach of any covenant or agreement" under the Deed, which notice of default shall include the warning: "that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums by this Security Instrument and foreclosure or sale of the Property." The plaintiff's Complaint (¶ 7) alleges that said required notice was provided to the defendant on November 4, 2016. The plaintiff submitted said Notice as Exhibit A-3 to its Motion for Summary Judgment.

This Court can take judicial notice of the Chapter 13 Bankruptcy Petition filed and pursued by the defendant in the United States Bankruptcy Court for the District of

- 3 -

Connecticut (Bridgeport): *In Re: Johnny Ray Moore a/k/a Johnny R. Moore, Debtor,*
*Chapter 13, Case No.: 16-51133.* The relevant details of said bankruptcy proceeding
are set forth within the plaintiff's Motion for Relief from Automatic Stay ("Motion for
Relief")(attached as Exhibit 1), which was filed by the plaintiff on March 16, 2017 in said
proceeding and serves as a judicial admission relative to the facts set forth therein.
Specifically, the plaintiff's Motion for Relief sets forth the following relevant facts:

(1)   "On August 24, 2016, Debtor filed a petition for relief under Chapter 13 of the
      United States Bankruptcy Code." (¶ 6).

(2)   The plaintiff was the Assignee of the subject mortgage Deed from the time the
      defendant filed said Petition on 8/24/16 to the date of the plaintiff's Motion for
      Relief – 3/16/17. (¶¶ 1-2).

(3)   As of the date of the plaintiff's Motion for Relief (3/16/17), the automatic stay in
      favor of the defendant, as prescribed by 11 USCS § 362(a), was still in force and
      effect. (¶¶ 14-15).

## III.   ARGUMENT

### A.   Legal Standard

The defendant concurs with applicable legal standard to be applied to motions for
summary judgment that is set forth within the plaintiff's Memorandum of Law. (147.00;
pp. 5-6).   Further, the defendant wishes to draw special attention to the plaintiff's
statement as to the role the pleadings play on summary judgment, in limiting the facts
and issues to be considered by the Court: ***"The facts at issue in a motion for***
***summary judgment are those alleged in the pleadings."*** Id. at p. 6, citing Practice

- 4 -

Book § 17-49 & *Mountaindale Condominium Assn., Inc. v. Zappone,* 59 Conn. App. 311, 315, cert. denied, 254 Conn. 947 (2000).

**B.    The Plaintiff's Proof Does Not Match The Plaintiff's Pleading Allegations**

The plaintiff alleges that the defendant defaulted on his payment obligations under the original Note only. Further, the plaintiff alleges that it is in possession of the original Note and "has the right to foreclose the note and mortgage," but the Complaint presents no allegation that the plaintiff is in possession of the modified Note or that the plaintiff has the "right" to enforce the modified Note. Indeed, the plaintiff is nowhere mentioned in either of the modified notes, where "BAC Home Loans Servicing, LP" is identified as the "Lender" in the 2009 Modification, and "Bank of America, N.A." is identified as the "Lender" in the 2013 Modification, as the successor by merger to BAC Home Loans Servicing, LP.

Where the plaintiff's Complaint presents allegations concerning the original Note only, the plaintiff cannot on summary judgment introduce evidence concerning a default occurring as to a modification of the Note, which is not alleged in the Complaint. Again, as the plaintiff's own Memorandum of Law concedes: "The facts at issue [on summary judgment] are those alleged in the pleadings." *Mountaindale Condo. Ass'n, Inc. v. Zappone*, supra, 59 Conn. App. at 315. In *Rosick v. Equipment Maintenance & Serv.*, 33 Conn. App. 25, 31-32 (1993), the Appellate Court ruled that the plaintiff could not

- 5 -

offer evidence at trial of a modification to the parties' contract that was not pled in the complaint:

> Evidence is admissible if it has a reasonable tendency to prove or disprove a material fact in issue or shed some light upon some material inquiry. . . What is in issue is determined by the pleadings. . . . The principle that a plaintiff may rely only upon what he has alleged is basic.

The same principle applies to evidence submitted on summary judgment. In *U.S. Bank N.A. v. Eichten*, 184 Conn. App. 727, 760 (2018), the Appellate Court refused to consider the defendant's evidence concerning a modification of the subject mortgage on summary judgment, because the allegations of the defendant's special defense were insufficient to assert a modification of the mortgage.

> Connecticut is a fact pleading jurisdiction. . . . Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried . . . . For that reason, [i]t is imperative that the court and opposing counsel be able to rely on the statement of issues as set forth in the pleadings.

Id. (Citations omitted; internal quotation marks omitted). As the plaintiff here failed to plead that the subject Note had been modified, this Court cannot consider evidence put forward by the plaintiff to the effect that the defendant was in breach of the payment terms of the Note, *as modified*.

Had the plaintiff properly alleged that the subject Note had been modified and further that the defendant was in default of the payment terms of the modified mortgage (which the defendant denies), the defendant would then also have had the opportunity to raise one or more special defenses to challenge such allegations. As the Court in

- 6 -

*U.S. Bank N.A. v. Eichten* stated, the defendant is entitled to rely upon "the statement of issues as set forth" in the plaintiff's Complaint, which here only presents allegations concerning the original Note Id. The plaintiff's Affidavit simply does not attest to the defendant being in default of the payment terms of the original Note, and therefore it is insufficient to support the allegations of the Complaint on summary judgment, which are addressed solely to the original Note.

In *HSBC Bank USA, Nat'l Ass'n v. Karlen*, 195 Conn. App. 170 (2020), the Appellate Court addressed an analogous situation (argued by the undersigned) in which the plaintiff pled that the original mortgage note had been modified, but the plaintiff's evidentiary submissions on summary judgment only made reference to the defendants being in default of the original note. The Court held that the plaintiff's evidentiary submissions on summary judgment were insufficient, where they failed to address to modification to the mortgage note, as alleged in the comlaint.

> [T]he plaintiff argues that it did present evidence that the defendants defaulted on the loan as modified in 2010. In particular, the plaintiff argues that Duckett averred that the defendants defaulted on their obligations in May, 2013, more than two years after the modification and that the notice of default attached to Duckett's affidavit is dated November 26, 2013, more than three years after the modification. We are not persuaded. The default notice is nothing more than an allegation of a default. It is not proof of any default. Furthermore, Duckett's affidavit avers that the defendants "are in default under the terms of the [n]ote and [m]ortgage . . . ." The affidavit defines the note as "a [p]romissory [n]ote . . . dated [November 2, 2006] . . . ." Nowhere in Duckett's affidavit does she aver a default on the modified note.

Id. at 178.

- 7 -

In *Karlen,* the Court reversed the trial court's granting of summary judgment because the plaintiff's submissions were missing evidentiary support for the claim that there was a default in the mortgage, *as modified,* insofar as the complaint alleged the mortgage had been modified. Here, the plaintiff's evidentiary submissions only support a claim that there was a default in mortgage as modified, where again the plaintiff's allegations only support the claim that the defendant defaulted upon the original Note. In both cases the pleadings do not match the evidentiary submissions, as required in the context of a motion for summary judgment.

### C.    The Plaintiff's 'Notice of Default' Is Void

In *Aurora Loan Servs., LLC v. Condron*, 181 Conn. App. 248 (2018), the Appellate Court addressed the same notice requirement that is set forth in ¶ 22 of the subject mortgage deed here.

> The plain intent of the notification requirements set forth in §§ 15 and 22 of the mortgage deed is to provide notice of a default to a mortgagee prior to the commencement of a foreclosure proceeding. Those notification requirements are not mere formalities but, rather, constitute a condition precedent to the commencement of foreclosure actions like the present case.

Id. at 272. The Court concluded that the plaintiff had failed to comply with the provisions within the mortgage deed setting forth the requirements for the mailing of the notice of default letter, as set forth in ¶ 15 of a similar mortgage deed. Id. at 273. Consequently, the Court reversed the judgment in favor of the plaintiff and remanded the case with instructions to enter judgment in favor of the defendant. "Accordingly, the plaintiff failed

- 8 -

to satisfy the contractual condition precedent to foreclosure because it failed to prove that the defendants received the notice of default letter." Id. at 276.

As set forth above, the plaintiff here mailed the "notice of default" letter in November 2016, at a time when the automatic stay provided for under 11 USCS § 362(a) was still in force and effect, due to the defendant's filing of a Chapter 13 Petition in August 2016.[1] The federal bankruptcy courts that have addressed the issue have held that the conduct of a mortgagee in issuing a notice of default as a pre-condition for bringing a foreclosure action against the debtor's property constitutes a violation of the automatic stay set forth in 11 USCS § 362(a), whereby such a notice of default is rendered void.

Specifically, 11 USCS § 362(a)(3) prohibits "any act to obtain possession of property of the estate" when the automatic stay is in effect. "The automatic stay prohibits the initiation of any steps, such as recording a notice of default, that would lead to foreclosure of property of the debtor's estate." *In re Capital Mortg. & Loan, Inc.,* 35 B.R. 967, 971 (1983). See also, *In re Metro Square,* 1988 Bankr. LEXIS 2864, *5 ("[T]he creditor is prevented from taking overt steps to accelerate the debt, including sending

---

[1] There is "no question" but that the court can take judicial notice of the file materials from another action. *Karp v. Urban Redevelopment Com.,* 162 Conn. 525, 527 (1972). Further, the statements of fact set forth in the plaintiff's pleading filed in the defendant's Chapter 13 bankruptcy proceeding are admissible in this action as judicial admissions. *Jones v. Forst,* 41 Conn. App. 341, 346 (1996)("Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings.").

- 9 -

notices of default."); *In re Merchants Plaza, Inc.,* 35 B.R. 888, 894 (1983)(Post-petition notices of default violate § 362(a)(3)).

It does not matter if the plaintiff were unaware of the automatic stay when it issued the notice of default in November 2016 – the notice of default is "void" regardless. "The stay is effective automatically and immediately regardless of actual notice upon the filing of a voluntary . . . petition. Actions taken which knowingly or unknowingly violate the stay are void and of no effect." *Alexander Hamilton Life Ins. Co. of Am. v. Lefebvre,* 2001 Conn. Super. LEXIS 1874 *5, Superior Court, Judicial District of Windham-Putnam (June 26, 2001)(Foley, J.), citing *Matter of Colonial Realty Co.,* 122 B.R. 1, 4 (Bkrtcy. D.Conn. 1980).

Where the "Notice of Default" issued by plaintiff is void, as violative of the automatic stay that was in effect at the time it was issued, "the plaintiff failed to satisfy the contractual condition precedent to foreclosure," and as such the plaintiff cannot prevail on its claim. *Aurora Loan Servs., LLC v. Condron,* supra, 181 Conn. App. at 276.

## **CONCLUSION**

For all of the foregoing reasons, the plaintiff's Motion for Summary Judgment should be denied.

DEFENDANT,
JOHNNY RAY MOORE

By      */s/ Thomas P. Willcutts*_____
Thomas P. Willcutts
Willcutts & Habib LLC
Juris # 302886

- 10 -

## **CERTIFICATION**

I hereby certify that a copy of the attached has been served in accordance with

the applicable Rules of Practice and/or Procedure on March 16, 2022 on:


BENDETT & MCHUGH PC, SUITE 151
270 FARMINGTON AVENUE,
FARMINGTON, CT. 06032
 Phone: (860) 677-2868
Fax: (860) 773-6328
aavallone@bmpc-law.com


Johnny Ray Moore
15 SACHEM DRIVE
SHELTON, CT 06485
jrmoore203@gmail.com


By /s/ Thomas P. Willcutts
   Thomas P. Willcutts
   WILLCUTTS LAW GROUP, LLC
   Juris # 302886

# **<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a                          Chapter 13
       Johnny R. Moore                            Case No.: 16-51133
         Debtor

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
         Movant,

vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
        Respondents
_____/

## MOTION OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12 FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 ("Movant"), a

creditor in the above captioned Chapter 13 proceeding, moves this Court for an Order, pursuant to 11

U.S.C. §362(d) so that it may foreclosure a Mortgage which it holds on real property known and

numbered as 73-75 Baldwin Street, Bridgeport, CT 06607.  In support of its motion, Movant states the

following:

    1.     On May 26, 2006, Johnny Ray Moore ("Debtor") executed and delivered a Note (the

"Note", a copy of which is attached hereto as Exhibit "A") to Countrywide Home Loans, Inc.  The

Note was secured by a Mortgage also dated May 26, 2006 and recorded in the City of Bridgeport Land

Records in Book 6992 at Pages 323 (the "Mortgage", a copy of which is attached here to Exhibit "B")

on real property owned by Debtor and known and numbered as 73-75 Baldwin Street, Bridgeport, CT

06607 (the "Real Property").

2.      Movant is the current holder of the Mortgage by virtue of an Assignment of Mortgage recorded in the City of Bridgeport Land Records in Book 8549 at Page 210 (the "Assignment", a copy of which is attached hereto as Exhibit "C").

3.      There is no other collateral securing the Note.

4.      Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

5.      Movant has not filed a complaint to foreclose in the Connecticut Superior Court.

6.      On August 24, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

7.      As of February 16, 2017, the post-petition delinquency owed by the Debtor on the Note is $8,330.03 (see "Affidavit in Support of Motion for Relief" attached hereto as Exhibit "D"). Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment will come due and owing.

8.      According to Debtor's Schedules, the fair market value of the Real Property is $150,000.00, which is an admission by Debtor. A copy of Schedule A is attached hereto as Exhibit "E".

9.      Upon information and belief, there are no additional liens or encumbrances on the Real Property.

10.     As of February 16, 2017, the total outstanding balance owed on the Note was $94,678.12 (see Exhibit "D").

11.     The estimated total amount of encumbrances on the Real Property is $94,678.12.

12.    According to Movant's Proof of Claim, the total pre-petition arrearage is $1,973.53.

13.    Debtor's Chapter 13 Plan has not been confirmed and does not provide for any treatment of Movant's secured claim.

14.    Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage.

15.    Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

WHEREFORE, Movant  moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns,  may proceed to exercise its rights pursuant to the Note and Mortgage.  They may also proceed according to applicable state and federal law to commence, continue and prosecute to judgment a foreclosure action with respect to the Real Property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

                                        The Bank of New York Mellon FKA The Bank of
                                        New York, as Trustee for the certificateholders of
                                        the CWABS, Inc., Asset-Backed Certificates,
                                        Series 2006-12
                                        By its attorneys,

Date:  March 16, 2017                   /s/ Patricia A. Davis, Esq.
                                        Patricia A. Davis, Esq. # 25753
                                        Marinosci Law Group, P.C.
                                        275 West Natick Road, Suite 500
                                        Warwick, RI  02886
                                        Telephone:  (401) 234-9200 x 171
                                        pdavis@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a         Chapter 13
       Johnny R. Moore             Case No.: 16-51133
          Debtor,

_____/

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy
Procedure, 2002 and 7004, the undersigned certifies that on the 16th day of March, 2017, the
following documents were served on the U.S. Trustee and all appearing parties via the court's
electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

     1.     Motion for Relief

     2.     Exhibits A through E

     3.     Proposed Order

     4.     Notice of Contested Matter

     5.     Certificate of Service

/s/ Patricia A. Davis, Esq.
Patricia A. Davis, Esq. # 25753
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200

VIA ECF
U.S. Trustee, on behalf of the US Trustee
Molly T. Whiton, Esq., on behalf of the Trustee
Linda St. Pierre, Esq., on behalf of PennyMac Holdings, LLC
Matthew K. Beatman, Esq., on behalf of Hampshire House Condominium
Juda J. Epstein, Esq., on behalf of Water Pollution Control Authority
Victoria L. Forcella, Esq., on behalf of JP Morgan Chase Bank
Mark L. Bergano, Esq., on behalf of U.S. Bank, National Association
Mark L. Bergano, Esq., on behalf of Tower Lien, LLC
Michael T. Rozea, Esq., on behalf of Bank of America, N.A.
Linda St. Pierre, Esq., on behalf of Bank of America, N.A.
Walter M. Spader, Esq., on behalf of Tower Lien, LLC

<u>VIA US MAIL</u>
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

City of Bridgeport – Tax Collector Office
Attn: Veronica Jones
45 Lyon Terrace, Room 123
Bridgeport, CT 06604

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a                        Chapter 13
      Johnny R. Moore                           Case No.: 16-51133
        Debtor

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
        Movant,

vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
        Respondents
_____/

## <u>NOTICE OF CONTESTED MATTER RESPONSE DEADLINE</u>

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the

certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 (the "Movant") has

filed a Motion for Relief, (the "Contested Matter") in the above-captioned case.  Notice is hereby

given that any response to the Contested Matter must be filed with the Court no later than

March 30, 2017.*  In the absence of a timely filed response, the proposed order in the Contested

Matter **may** enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

<div align="right">

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12

</div>

Date:  March 16, 2017             /s/ Patricia David, Esq._____
                                 Patricia Davis, Esq. #25753
                                 Marinosci Law Group, P.C.
                                 275 West Natick Road, Suite 500
                                 Warwick, RI  02886
                                 Telephone:  (401) 234-9200

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are
added after the response date set in this notice

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a
     Johnny R. Moore
       Debtor

Chapter 13
Case No.: 16-51133

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
       Movant,

vs.

Johnny Ray Moore a/k/a
Johnny R. Moore
Molly T. Whiton, Esq., Trustee
       Respondents
_____/

## ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     After notice and a hearing, of The Bank of New York Mellon FKA The Bank of New York, as

Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12's

(hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. _____

     **IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay of 11 U.S.C.

§ 362(a) is modified pursuant to section § 362(d) to permit the Movant, and/or its successors and

assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise

its rights, if any, with respect to real property known as 73-75 Baldwin Street, Bridgeport, CT 06607 in

accordance with applicable state law, and

     **IT IS FURTHER ORDRED** that the 14-day stay of by Fed. R. Bankr. P. 4001(a)(3) is no

applicable and the Movant may immediately enforce and implement its Order.

     At _____ this _____ day of _____, 2017

                        _____
                        U.S. BANKRUPTCY JUDGE

*EXHIBIT* E

# State of Connecticut

## Additional Interest Calculations

| | |
|---|---|
| **Docket Number** | FBT-CV18-6074995-S |
| **Plaintiff** | BANK OF NEW YORK MELLON, AS TRUSTEE |
| **Defendant** | MOORE, JOHNNY RAY |

| **Principal** | **Interest Rate** | **Per Diem** |
|---|---|---|
| $86,892.69 | 10.870% | = $25.8774 |

**Additional Interest from** October 25, 2023 **to** December 1, 2023

$25.8774 x 37
**per diem** **days**

**Total Additional Interest:** $957.46

| | | |
|---|---|---|
| **Debt as of** October 25, 2023 = | | $222,952.81 |
| **Less payments made** | | |
| **Less disallowed amounts** | | |
| **Additional allowable amounts** | | |
| **Plus additional interest** | | $957.46 |
| **Total debt as of** December 1, 2023 = | | **$223,910.27** |

429148
_____
**Signed**


George P Generas
_____
**Attorney for the Plaintiff**
**(print name)**

| DOCKET NO: FBT-CV-18-6074995-S | : | SUPERIOR COURT |

THE BANK OF NEW YORK  :  J.D. OF FAIRFIELD
MELLON FKA THE BANK OF NEW
YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-12

VS  :  AT BRIDGEPORT

MOORE, JOHNNY RAY, ET AL  :

## **AFFIDAVIT OF DEBT**

I, _____Steven B. Ross_____, being over the age of eighteen years and

understanding the obligations of an oath, hereby depose and say as follows:

    1.    I am employed as a(n) ____Second Assistant Vice President____ by Specialized

Loan Servicing LLC ("SLS"). I am authorized to sign this affidavit on behalf of

Plaintiff, as an officer or employee of SLS, which is Plaintiff's loan servicing agent

("servicer") for the subject loan ("the Loan").

    2.    SLS maintains records for the Loan in its capacity as Plaintiff's servicer. As part

of my job responsibilities for SLS, I am familiar with the type of records maintained by SLS in

connection with the Loan.

    3.    The information in this affidavit is taken from SLS's business records. I have

personal knowledge of SLS's procedures for creating these records. They are: (a) made at or near

the time of the occurrence of the matters recorded by persons with personal knowledge of the

information in the business record, or from information transmitted by persons with personal

knowledge; (b) kept in the course of SLS's regularly conducted business activities; and (c) it is

the regular practice of SLS to make such records.

    4.    I have access to SLS's business records of the amounts due on the Loan and am

personally familiar with the indebtedness owed on the Loan from my review of the business records maintained by SLS.

5.    This is an action to foreclose a mortgage securing a debt owed by Johnny Ray Moore, which is evidenced by a promissory note dated May 26, 2006, in the original principal amount of $248,000.00.

6.    Plaintiff, directly or through an agent, has possession of the promissory note. The promissory note has been duly endorsed in blank. Plaintiff is the assignee of the security instrument for the subject loan. Plaintiff has the right to foreclose the subject note and mortgage.

7.    The following amounts due on the Note and Mortgage are now due and owing to Plaintiff:

| | |
|---|---|
| Principal Balance | $86,892.69 |
| Interest from 08/01/2016 to 10/25/2023 | $68,311.66 |
| Escrow Advances | $67,554.30 |
| Late Charges | $89.16 |
| Property Inspections | $0.00 |
| Property Preservation | $135.00 |
| Other: | $0.00 |
| (Suspense / Unapplied Balance) | ($30.00) |
| (Other Credit) | ($0.00) |
| **TOTAL:** | $222,952.81 |

These itemized amounts may not include all fees, expenses and sums currently due and owing on the Loan, but the decision to omit such items does not indicate that such fees, expenses and sums were not properly due and owing under the Note and the Mortgage at the time of any prior communications to the obligors under the Note.

8.   Interest at the rate of 10.87000% continues to accrue for each day that the debt remains unpaid at a rate of $25.8774, subject to any adjustment as provided for in the Note.

9.   It is requested that this Court take judicial notice that there are not sctoffs or counterclaims presently pending in the above-entitled action.

Date:

**NOV 0 6 2023**

By:      Steven B. Ross

Its:     Second Assistant Vice President

Specialized Loan Servicing LLC

Subscribed and sworn to before me in the county of Arapahoe, State of Colorado, this _6_

day of ___Nov___, 20_23_.

_____
(Notary's official Signature)

_5 - 5 - 2024_
(Commission Expiration)

LINDA GOODRICH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20204015729
MY COMMISSION EXPIRES 05/08/2024

# EXHIBIT F.

**JOHNNY RAY MOORE**
**15 SACHEM DRIVE**
**SHELTON CT 06484**
**greenenergyjrm@gmail.com**
**(203) 395-4282**

Brock & Scott, PPLC                                      November 15, 2023
3825 Forrestgate Drive
Winston Salem, NC 27103
**United Parcel Service: ID MMNH7MUDP7ADT**

    RE:   The Bank of New York Mellon of New York,
            As Trustee for the Certificateholders of the CWABS, Inc.,
            ASSET-BACKED CERTIFICATES, SERIES 2006-12.

Certified Mail Receipt:

To Whom It May Concern:

Please accept this notice in response to your communication regarding an alleged debt being claimed is owed to Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS, Inc., Asset- Back Certificate, Series 2006-12., in the amount of **$168,638.29.00.**

I, Johnny Ray Moore, am ***Disputing this debt*** because I do not owe The Bank of New York Mellon of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset -Back Certificate, Series 2006-12. Herein called ("BONY") In the amount of **$168,638,29.00.** I also have no idea why Specialized Loan Servicing LLC, herein called ("SLS") is prosecuting a foreclosure action now by Brock & Scott, PPLC, in that State of Connecticut Superior Court Judicial District of Fairfield County located at: 1061 Main Street, Bridgeport CT 06604. Under civil docket No.: FBT-CV-18-6074995-S.


I have never received any communication from BONY, In accordance with **FAS 140 or under CFR Title 12: Section 226.2(a)22.** Regarding a subprime loan I unknowingly received from Countrywide Home Loans regarding loan number 137786737, was written off by Bank of America, N.A.

I have never received no communication that the loan was sold, assigned and / or transferred by Bank of America, N.A. to BONY.

<div align="center">(1 of 4)</div>

1. The subprime loan by Countrywide Home Loans dated May 26, 2006. I was from 2006 to 2008, according to the IRS Form 1098, tendering payments regarding loan number 137786737, to Countrywide Home Loans.  (See, **Exhibit A**);

2. Then to Bank of America, N.A., according to the IRS Form 1098, in 2009. (See, **Exhibit B**);

3. There are two Assignment of Mortgage, filed on the Land Records in the State of Connecticut, Fairfield County, the first one was recorded by Attorney Adam L. Bendett claiming to be a vice president of MERS. This AOM is dated **February 5, 2010**, and was Recorded on **February 16, 2010**. It claims the Mortgage was assigned to The BONY (*See*, certified copy as **Exhibit C**);

4. The second Assignment of Mortgage was recorded on **February 13, 2012**, and filed on the Land Records in the State of Connecticut, Fairfield County by MERS on behalf of **Bank of America, N.A.**, having claimed this time the Mortgage and the Note on **February 4, 2012**, (no mention of the note with the first AOM) was sold and assigned to The BONY (*See*, certified copy as **Exhibit D**);

5. The law firm of Bendett & McHugh P.C., now known as Brock & Scott, PPLC has filed three proofs of claims in the **U.S. Bankruptcy Court, in the State of Connecticut under the penalty of perjury pursuant to 18 U.S.C. §§ 152, 157 and 3571 claiming the following:**

   a. The first proof of claim was filed on **October 19, 2012,** despite the AOM's being filed on the Land Records on February 16, 2010, and on February 13, 2012, (Emphasis Added) both were Recorded.  The second AOM, replaced the first some two years later with the alleged Note that BONY did not have.

   b. Yet, the first proof of claim filed by Bendett & McHugh P.C. EIGHT MONTHS LATER, concealed the second AOM from the Bankruptcy Court and from Johnny Ray Moore, the maker of the Note (See, **Exhibit E**);

   c. The Second Proof of Claim was filed on **December 27, 2016**, claiming the perfection of the lien was based on the second AOM. Having sworn Bank of America, N.A. on February 4, 2012, assigned, sold, transferred the Note and Mortgage to The BONY (See **Exhibit F**);

   d. The Third Proof of Claim was filed on **November 26, 2019**, claiming the perfection of the lien was based on the first AOM, claiming mortgage and without the note was assigned on February 5, 2010, to The BONY, under the penalty of perjury. (See **Exhibit G**)

6.    However, there is no evidence that The BONY was the owner and holder of the debt for which Johnny Ray Moore disputes in support of the following:

7.    On April 9, 2012, regarding Countrywide Home Loan # ██████6737. I received a letter in response from Bank of America, N.A. about a new program announced because of the U.S. Department of Justice and States Attorney General global settlement. (See, **Exhibit H**)

a.    Further, it was Bank of America, N.A., who approved a principal reduction for **$322,086.00** because of the U.S. Department of Justice investigation into Countywide Home subprime Loan lending practices that targeted minorities. **(See, Exhibit I.)**

8.    I continued to make mortgage payment to Bank of America, N.A. regarding its acquisition of Countrywide Home Loans regarding the original loan issued by Countrywide Home Loan Number ending in 6737. (See **Exhibit J**)

9.    Finally, it was Bank of America, N.A. who and I received a discharge of the mortgage debt wrote the mortgage debt off and reported it to the IRS for which I filed on my 2014 federal income tax returns (See, **Exhibit K.**)


I, Johnny Ray Moore, have acquired copies of the IRS, Federal Tax ID number for:

<u>Countrywide Home Loans</u>.: **13-2631719**

For <u>Bank of America, N.A.</u>: **94-1687665**

For <u>Specialized Loan Servicing LLC</u>.: **33-1050584**

<u>Computer Holdings, Inc. d/b/a Specialized Loan Servicing LLC</u>.: **35-2429917**


I do not know who The Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS, Inc., Asset- Back Certificate, Series 2006-12. Nor do I know why? Specialized Loan Servicing LLC, and why fraudulent claims were filed in Federal and State Court. I am DISPUTING the Amount of the DEBT.

There is no Federal ID Number that The Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS, Inc., Asset- Back Certificate, Series 2006-12.  Has ever been an *owner and holder in due course of the original Note. Therefore,* in attempt

(3 of 4)

To settle this matter, I will be submitting a loss mitigation application. This was done to settle this matter outside of Court! During the interim according to the communication Brock & Scott PPLC, file a Motion to Stay these proceedings.

I, Johnny Ray Moore, am over the age of (18) years old. I believe in the obligation of an oath and swear that the statements and exhibits are copies of the original documents in my possession among other evidence.  I am submitting these documents and statement in hopes of streamlining some of the issues with this case in light of the merger between Bendett & McHugh P.C. and Brock & Scott PPLC as a professional courtesy considering the correspondence I received and the deadline to submit a response by November 16, 2023, for which I, Johnny Ray Moore has complied. (See **Exhibit L**).

Dated: ___11/15/2023___

THE DEFENDANT

By: _Johnny Ray Moore_
JOHNNY RAY MOORE
15 SACHEM DRIVE
SHELTON CT 06484
(203) 395-4282
greenenergyjrm@gmail.com

Witness Signature
_GHEORGHE BREAHNA_

Witness Signature
_Michelle Huttel_

Subscribed and sworn before me on ~~October 31~~, *November 15* 2023

_____

Notary Public
Commission Expires on _March 31, 2027_

(4 of 4)

MARY T MINAR
Notary Public
Connecticut
My Commission Expires Mar 31, 2027

EXHIBIT A.

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2008** Form **1098** | **Mortgage Interest Statement** |
|---|---|---|---|

**RECIPIENT'S/LENDER'S name, address, and telephone number**

COUNTRYWIDE HOME LOANS
CUSTOMER SERVICE
PO BOX 5170
SIMI VALLEY, CA 93062-5170          (800) 669-6607

| RECIPIENT'S federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* |
|---|---|---|
| ███1719 | ████8060 | $          27,715.67 |

| PAYER'S/BORROWER'S name, Street address (including apt. no.), City, state, and ZIP code | 2 Points paid on purchase of principal residence |
|---|---|
| JOHNNY RAY MOORE | $          0.00 |
| 15 Sachem Dr | **3** Refund of overpaid interest |
| Shelton, CT 06484-1756 | $          0.00 |
|  | **4** Mortgage insurance premiums |
|  | $          0.00 |
| Account number (see instructions)   ███6737 | **5** |

Copy B
For Payer

The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

Form **1098**                    (keep for your records)          Department of the Treasury - Internal Revenue Service

EXHIBIT B.

Bank of America
Home Loans

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Statement date 12/31/2009

Account Number ████6737

Property address
73-75 Baldwin Street

**Active Loan Mortgage Interest Statement**

JOHNNY RAY MOORE
15 Sachem Dr
Shelton CT 06484-1756

## INSTRUCTIONS FOR PAYER/BORROWER

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the lender has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. *Caution: If you prepaid interest in*

2009 that accrued in full by January 15, 2010, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2009 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 2 may also be deductible. See Pub. 936 to figure the amount you can deduct.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2009 Form 1040. No adjustment to your prior year's tax return(s) is necessary. For more information, see Pub. 936 and *Itemized Deduction Recoveries* in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** Shows mortgage insurance premiums which may qualify to be treated as deductible mortgage interest. See the Schedule A (Form 1040) instructions.

**Box 5.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

☐ **CORRECTED (if checked)**

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2009** Form **1098** | **Mortgage Interest Statement** |
|---|---|---|---|
| BANK OF AMERICA, N.A. CUSTOMER SERVICE PO BOX 5170 SIMI VALLEY, CA 93062-5170      (800) 669-6607 | | | |

| RECIPIENT'S federal identification no. ████7665 | PAYER'S social security number ███-██-8060 | 1 Mortgage interest received from payer(s)/borrower(s)* $    2,591.41 | **Copy B For Payer** The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
|---|---|---|---|
| PAYER'S/BORROWER'S name, Street address (including apt. no.), City, state, and ZIP code | | 2 Points paid on purchase of principal residence $          0.00 | |
| JOHNNY RAY MOORE 15 Sachem Dr Shelton, CT 06484-1756 | | 3 Refund of overpaid interest $          0.00 | |
| | | 4 Mortgage insurance premiums $          0.00 | |
| Account number (see instructions) ████6737 | | 5 | |

Form **1098**                    (keep for your records)                    Department of the Treasury - Internal Revenue Service

EXHIBIT C

Record & Return to:
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
2000FC-20101480/Bridgeport

BK: 8182 PG: 67
INST: 00005939

## ASSIGNMENT OF MORTGAGE

Know all men by these presents, that Mortgage Electronic Registration Systems, Inc., with a mailing address of 1818 Library Street, Suite 300, Reston, VA 20190 does hereby grant, bargain, sell, assign, transfer, and set over to The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-12 with a mailing address of c/o BAC Home Loans Servicing, LP, 7105 Corporate Drive, Plano, TX 75024 and its successors and assigns, all interest under that certain mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for Countrywide Home Loans, Inc. from Johnny Ray Moore, dated May 26, 2006 and recorded May 31, 2006 in Volume 6992 at Page 323 of the Bridgeport Land Records, together with any interest that assignor may have in the mortgage note secured thereby.

In Witness Whereof, the Assignor has duly executed this instrument this ___ day of Febry 2010.

Signed, Sealed and Delivered
in the Presence of:

Witness Patricia A. Krup

Witness Michele R. Riccio

Mortgage Electronic Registration Systems, Inc.

By _____
Adam L. Bendett
Its Vice President

RECEIVED FOR RECORD
Feb 16, 2010 10:26:20A
ALMA L. MAYA
TOWN CLERK
BRIDGEPORT, CT

STATE OF CONNECTICUT :
                                                Farmington
COUNTY OF HARTFORD :

On this 6th day of February 2010, personally appeared Adam L. Bendett, who is known to me to be the person who executed the foregoing instrument as the Vice President, of the Corporation that executed the foregoing instrument, and acknowledged the same to be the free act and deed of said Corporation, before me.

Notary Public
My Commission Expires: 10-31-2011

I hereby certify that this is a true copy of a document filed in the office of the Bridgeport Town Clerk and that the original document from which copy was made is recorded in Vol. 8182 Pg. 67 in the Bridgeport Land Records.
Dated: 9-22-17
ATTESTED:
Charles D. Clemons, Jr., Town Clerk

# EXHIBIT 

BK# 8549 PG# 210
INST# 00003929

Recording Requested By:
**Bank of America**
Prepared By: **Mary Ann Hierman**
**888-603-9011**
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID# 13213778673713487

Property Address:
73-75 Baldwin St
Bridgeport, CT 06607-1302
CT0-ASI 17131197         2/4/2012

I hereby certify that this is a true copy
of a document filed in the office of the
Bridgeport Town Clerk and that the
original document from which
copy was made is recorded in
Vol 8549 Pg. 210 in the
Bridgeport Land Records.
Dated: 3/5/12
ATTEST: _____
**ALMA L. MAYA, TOWN CLERK**

MIN #: 1000157-0006857362-1         MERS Phone #. 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED     CERTIFICATES, SERIES 2006-12** whose address is **101 BARCLAY ST - 4W, NEW YORK ,NY 10286** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:         **COUNTRYWIDE HOME LOANS, INC.**
Borrower(s):             ~~████████████~~
Date of Mortgage:       **5/26/2006**
Original Loan Amount:    **$248,000.00**

Recorded in **Bridgeport** Township, CT on: 5/31/2006, book 06992, page 0323 and instrument number 019009

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
2/4/2012

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Aida Duenas
Assistant Secretary

Witness: **Mercedes Judilla**         Witness: **Youda Crain**

State of **California**
County of **Ventura**

On **Feb 4, 2012** before me, **Eric Way**
**Aida Duenas**                          , Notary Public, personally appeared
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

_____
Notary Public: **Eric Way**
My Commission Expires: **Feb 7, 2013**

ERIC T. WAY
Commission # 1835518
Notary Public - California
Los Angeles County
My Comm. Expires Feb 7, 2013
(Seal)

RECEIVED FOR RECORD
Feb 13,2012 03:13:47P
ALMA L. MAYA
TOWN CLERK
BRIDGEPORT, CT

EXHIBIT E.

B 10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT  BRIDGEPORT DISTRICT OF CONNECTICUT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtors: Johnny Ray Moore | Case Number: 12-51027-ahws | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor : Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12 | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br>Bank of America, N.A.<br>7105 Corporate Drive<br>Plano, TX 75024<br><br>Telephone number:                                email: | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>      *(if known)*<br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Bank of America, N.A.<br>PO Box 660933<br>Dallas, TX 75266<br><br>Telephone number:                                email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed : $371,413.18**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

X Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim: Money Loaned**
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 6737 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(see instruction # 3b) |
|---|---|---|

| 4. Secured Claim (See instruction #4)<br>Check the appropriate box if the claim is secured by a lien on property or a right of Setoff, attach required redacted documents, and provide the requested information.<br><br>Nature of property or right of setoff: X Real Estate ☐ Motor Vehicle ☐ Other<br>Describe: 73-75 Baldwin Street, Bridgeport, CT 06607<br><br>Value Of Property: $ _____<br><br>Annual Interest Rate  10.875%  ☐ Fixed X Variable<br>(when case was filed) | Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:<br><br>$111,286.47<br><br>Basis for perfection:          Recorded Mortgage<br><br>Amount of Secured Claim:  $ 371,413.18<br><br>Amount Unsecured:            $ _____ |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of the claim falls in one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (08/10 publication draft)

| |
|---|
| **7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7 and definition of "redacted.")*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: |

**8. Signature:** (See instruction #8)

Check the appropriate box:

☐ I am the creditor.    X I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor.    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Ana M. Fidalgo, Esq.
Title:    Attorney for Creditor
Company:   Bendett & McHugh, PC
Address and telephone number (if different from notice address above:
270 Farmington Avenue, Suite 151
Farmington CT 06032
Telephone number:   (860) 677-2868    email: BKECF@bmpc-law.com

(Signature)        (Date)  10-19-12

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received *a* notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (08/10 publication draft)

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom the debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor must show only the last four digits of any social security, individual's tax identification, or financial account number; only the initials of a minor's name; and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 10 *et seq*), and any applicable orders of the bankruptcy court

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an
attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| Name of debtor: | Johnny Ray Moore | Case number: | 12-51027-ahws |
|---|---|---|---|
| Name of creditor: | The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12 | Last four digits of any number you use to identify the debtor's account: | 6737 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof
of Claim form).

| 1. Principal due | | | | (1) $ | 264,013.16 |
|---|---|---|---|---|---|

2. Interest due

| Interest rate | From | To | Amount | |
|---|---|---|---|---|
| | mm/dd/yyyy | mm/dd/yyyy | | |
| 10.875 % | 8/1/2009 | 4/30/2012** | $ | $78,956.46 |
| % | / / | / / | $ | |
| % | / / | / / | $ | |
| Total interest due as of the petition date: | | | $ 78,956.46 Copy total here ▶ | (2) + $ 78,956.46 |

| 3. Total principal and interest due | | (3) $ | 342,969.62 |
|---|---|---|---|

Escrow advance in the amount of $26,372.21 is included in the total amount of the secured claim on Official Form 10.

**Partial month interest is not included for the month the bankruptcy was filed.

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges incurred in connection with the claim as of the petition date
(included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | | Amount |
|---|---|---|---|---|
| 1. Late charges | 6 @ $112.13 : 7/30/08, 08/29/08 , 09/29/08, 10/30/08, 12/1/08, 12/30/08; 1 @ $118.57 : 1/30/09 ; (less $220.00 credit applied 7/22/09 ) | | (1) $ | 571.35 |
| 2. Non-sufficient funds (NSF) fees | | | (2) $ | |
| 3. Attorney fees | 2/14/11 @ $525.00; 6/2/11 @ $975.00 | | (3) $ | 1,500.00 |
| 4. Filing fees and court costs | | | (4) $ | |
| 5. Advertisement costs | | | (5) $ | |
| 6. Sheriff/auctioneer fees | | | (6) $ | |
| 7. Title costs | | | (7) $ | |
| 8. Recording fees | | | (8) $ | |
| 9. Appraisal/broker's price opinion fees | | | (9) $ | |
| 10. Property inspection fees | | | (10) $ | |
| 11. Tax advances (non-escrow) | | | (11) $ | |
| 12. Insurance advances (non-escrow) | | | (12) $ | |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | This amount is NOT included in the total debt shown on Official Form 10 | | (13) $ | 28,375.35 |
| 14. Property preservation expenses. Specify:_____ | | | (14) $ | |
| 15. Other. Specify:_____ | | | (15) $ | |
| 18. Total prepetition fees, expenses and charges. Add all of the amounts listed above. | | | (18) $ | 30,446.70 |

**Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date**

Does the installment payment amount include an escrow deposit?

☐ No

X Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

| 1. Installment payments due | | Date last payment received by creditor | 10/20/2009 | |
|---|---|---|---|---|
| | | Number of installment payments due | (1) 33 | |
| 2. Amount of installment payments due | 22 | installments 9/1/09-6/1/11 @ 2,392.63 | $ $52,637.86 | |
| | 11 | installments 7/1/11-5/1/12 @ 2,563.81 | $ $28,201.91 | |
| | | installments @ | + $ $0.00 | |
| | | Total installment payments due as of the petition date | $ $80,839.77 | Copy total here ▶ $ 80,839.77 |
| 3. Calculation of cure amount | | Add total prepetition fees, expenses, and charges | | Copy total from Part 2 here ▶ + $ 30,446.70 |
| | | Subtract total of unapplied funds (funds received but not credited to account). This amount is deducted from the total debt shown on Official Form 10. | | − $ |
| | | Subtract amounts for which debtor is entitled to a refund. | | − $ |
| | | Total amount necessary to cure default as of petition date | | (3) $ 111,286.47 |

Copy total onto Item 4 of
Proof of Claim form

Post Petition payment due July 1, 2012 is $3,485.51 ($2,563.80 P &I / $921.71 Escrow)

Bank of America, N.A. services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12. "NOTEHOLDER".

Note holder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

Record & Return to:
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
▬▬▬▬ /Bridgeport

BK= 8182 PG=   67
INST=▬▬▬▬

## ASSIGNMENT OF MORTGAGE

Know all men by these presents, that Mortgage Electronic Registration Systems, Inc., with a mailing address of 1818 Library Street, Suite 300, Reston, VA 20190 does hereby grant, bargain, sell, assign, transfer, and set over to The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-12 with a mailing address of c/o BAC Home Loans Servicing, LP, 7105 Corporate Drive, Plano, TX 75024 and its successors and assigns, all interest under that certain mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for Countrywide Home Loans, Inc. from Johnny Ray Moore, dated May 26, 2006 and recorded May 31, 2006 in Volume 6992 at Page 323 of the Bridgeport Land Records, together with any interest that assignor may have in the mortgage note secured thereby.

In Witness Whereof, the Assignor has duly executed this instrument this 5th day of Febery 2010.

Signed, Sealed and Delivered
in the Presence of:

Witness  Patricia A. Krupa

Mortgage Electronic Registration Systems, Inc.

Witness  Michele R. Ficacio

By _____
Adam L. Bendett
Its Vice President

RECEIVED FOR RECORD
Feb 16, 2010 10:26:20(
ALMA L. MAYA
TOWN CLERK
BRIDGEPORT, CT

STATE OF CONNECTICUT :
                                    Farmington
COUNTY OF HARTFORD    :

On this 5th day of February 2010, personally appeared Adam L. Bendett, who is known to me to be the person who executed the foregoing instrument as the Vice President, of the Corporation that executed the foregoing instrument, and acknowledged the same to be the free act and deed of said Corporation, before me.

Patricia A. Krupa
Notary Public
My Commission Expires: 10-31-2011

▬▬▬ = Redacted Information



EXHIBIT F

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Johnny Ray Moore |
| | Johnny R Moore |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | _____ District of Connecticut (State) |
| Case number | 16-51133 |

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12 <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor   c/o SPECIALIZED LOAN SERVICING LLC |
| 2. | Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Specialized Loan Servicing LLC <br> Name <br><br> 8742 Lucent Blvd, Suite 300 <br> Number       Street <br><br> Highlands Ranch, Colorado 80129 <br> City              State           ZIP Code <br><br> Contact phone   (800) 315-4757 <br><br> Contact email _____ <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent? (if different)** <br><br> Specialized Loan Servicing LLC <br> Name <br><br> PO Box 636007 <br> Number       Street <br><br> Littleton, Colorado 80163 <br> City              State           ZIP Code <br><br> Contact phone   (800) 315-4757 <br><br> Contact email _____ |
| 4. | Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____ <br> MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |

**6.** Do you have any number you use to identify the debtor?

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>7231</u>

**7.** How much is the claim?   $85,599.16 .

Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

**9.** Is all or part of the claim secured?

☐ No

☑ Yes. The claim is secured by a lien on property.

Nature of Property:

☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:   73-75 Baldwin Street, Bridgeport, Connecticut  06607

Basis for Perfection:   Recordation of Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $

Amount of the claim that is secured:   $85,599.16

Amount of the claim that is unsecured:   $   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $1,973.53

Annual Interest Rate (when case was filed)   10.875000%
☑ Fixed
☐ Variable

**10.** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $

**11.** Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property:

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
| --- | --- | --- | --- | --- |
| | | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ | |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C.§ 507(a)(7). | $ | |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ | |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ | |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ | |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ | |
| | | * Amounts are subject to adjustment on 04/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/27/2016
                    MM / DD / YYYY

/s/ Andrew Kussmaul
Signature

Print the name of the person who is completing and signing this claim:

| Name | Andrew Kussmaul | | |
| --- | --- | --- | --- |
| | First name | Middle name | Last name |
| Title | Authorized Agent for Specialized Loan Servicing LLC | | |
| Company | Buckley Madole, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 9013 | | |
| | Number        Street | | |
| | Addison | TX | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email | POCInquiries@BuckleyMadole.com |

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | | |
|---|---|---|---|---|---|---|---|
| Case number: 16-51133 | Principal balance: | $86,995.91 | Principal & interest due: | $891.62 | Effective Date: | 09/01/2016 | 10/01/2016 |
| Debtor 1: Johnny Ray Moore | Interest due: | $699.84 | Prepetition fees due: | $89.16 | Principal & interest: | $891.62 | $891.62 |
| Johnny R Moore | Fees, costs due: | $89.16 | Escrow deficiency for funds advanced: | $0.00 | Monthly escrow: | $777.62 | $776.52 |
| Debtor 2: | Escrow deficiency for funds advanced: | $0.00 | Projected escrow shortage: | $1,022.75 | Private mortgage insurance: | | |
| Last 4 digits to identify: 7231 | Less total funds on hand: – | $2,185.75 | Less funds on hand: – | $30.00 | Total monthly payment: | $1,669.24 | $1,668.14 |
| Creditor: The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12 | Total debt: | $85,599.16 | Total prepetition arrearage: | $1,973.53 | | | |
| Servicer: Specialized Loan Servicing LLC | | | | | | | |
| Fixed accrual/daily simple interest/other: Fixed | | | | | | | |

## Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied / Amount Incurred | | | | | Balance After Amount Received or incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | Starting Balance | | $0.00 | | | | | | $87,498.26 | $0.00 | $2,139.26 | $0.00 | $30.00 |
| 03/01/2016 | $1,656.75 | | | Regular Payment Due | 03/01/2016 | $1,656.75 | | | | | | $87,498.26 | $0.00 | $2,139.26 | $0.00 | $30.00 |
| 03/31/2016 | | $1,656.75 | | Payment Received | 04/01/2016 | $0.00 | $98.67 | $792.95 | $765.13 | | | $87,399.59 | $0.00 | $2,904.39 | $0.00 | $30.00 |
| 04/01/2016 | $1,656.75 | | | Regular Payment Due | 04/01/2016 | $1,656.75 | | | | | | $87,399.59 | $0.00 | $2,904.39 | $0.00 | $30.00 |
| 04/29/2016 | | $1,656.75 | | Payment Received | 05/01/2016 | $0.00 | $99.56 | $792.06 | $765.13 | | | $87,300.03 | $0.00 | $3,669.52 | $0.00 | $30.00 |
| 04/29/2016 | | | $44.58 | Late Fee | 05/01/2016 | $0.00 | | | | | | $87,300.03 | $0.00 | $3,669.52 | $44.58 | $30.00 |
| 05/01/2016 | $1,656.75 | | | Regular Payment Due | 05/01/2016 | $1,656.75 | | | | | | $87,300.03 | $0.00 | $3,669.52 | $44.58 | $30.00 |
| 05/31/2016 | | $1,656.75 | | Payment Received | 06/01/2016 | $0.00 | $100.46 | $791.16 | $765.13 | | | $87,199.57 | $0.00 | $4,434.65 | $44.58 | $30.00 |
| 06/01/2016 | $1,656.75 | | | Regular Payment Due | 06/01/2016 | $1,656.75 | | | | | | $87,199.57 | $0.00 | $4,434.65 | $44.58 | $30.00 |
| 06/30/2016 | | $1,656.75 | | Payment Received | 07/01/2016 | $0.00 | $101.37 | $790.25 | $765.13 | | | $87,098.20 | $0.00 | $5,199.78 | $44.58 | $30.00 |

4126-N-4849

**Mortgage Proof of Claim Attachment: Additional Page**                    (12/15)

Case number: _____ 16-51133 _____

Debtor 1: _____ Johnny Ray Moore _____

**Part 5: Loan Payment History from First Date of Default**

| A. Date | B. Contractual payment amount | Account Activity C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | How Funds Were Applied / Amount incurred H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | Balance After Amount Received or incurred M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2016 | $1,656.75 | | | Regular Payment Due | 07/01/2016 | $1,656.75 | | | | | | $87,098.20 | $0.00 | $5,199.78 | $44.58 | $30.00 |
| 07/15/2016 | | | $3,809.16 | Escrow Disbursement: City Tax | 07/01/2016 | $1,656.75 | | | | | | $87,098.20 | $0.00 | $1,390.62 | $44.58 | $30.00 |
| 07/29/2016 | | $1,656.75 | | Payment Received | 08/01/2016 | $0.00 | $102.29 | $789.33 | $765.13 | | | $86,995.91 | $0.00 | $2,155.75 | $44.58 | $30.00 |
| 07/29/2016 | | | $44.58 | Late Fee | 08/01/2016 | $0.00 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |
| 08/01/2016 | $891.62 | | | Regular Payment Due | 08/01/2016 | $891.62 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |
| 08/24/2016 | | | | Petition Date | 08/01/2016 | $891.62 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Johnny Ray Moore |
| | Johnny R Moore |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | _____ District of    Connecticut (State) |
| Case number | 16-51133 |

# Mortgage Proof of Claim Attachment: Addendum

## Additional Claim Itemization:

| Loan History Date | Actual Date Incurred | Description | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## POC Special Language:

Specialized Loan Servicing LLC services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and /or the debtor obtains a discharge and a foreclosure action is commence on the mortgaged property, the foreclosure will be conducted in the name of The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12 , "NOTEHOLDER". Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

## CERTIFICATE OF SERVICE OF PROOF OF CLAIM

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties in interest on or before December 27, 2016 via electronic notice unless otherwise stated:

**Debtor**          *Via U.S. Mail*
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484-1756

**Debtors' Attorney**
Johnny Ray Moore
Debtor Pro Se
15 Sachem Drive
Shelton, CT  06484-1756

**Chapter 13 Trustee**
Molly T. Whiton
10 Columbus Boulevard
Hartford, Connecticut 06106

Respectfully Submitted,

/s/ Andrew Kussmaul
Andrew Kussmaul

4126-N-4849

BK: 8549 PG: 210
INST: 00003929

Recording Requested By:
Bank of America
Prepared By: Mary Ann Hierman
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

Property Address:
73-75 Baldwin St
Bridgeport, CT 06607-1302
CT0-Ah|          2/4/2012

I hereby certify that this is a true copy
of a document filed in the office of the
Bridgeport Town Clerk and that the
original document from which
copy was made is recorded in
Vol 8549  Pg. 210  in the
Bridgeport Land Records.
Dated: 3/5/12
ATTEST: Alma L Maya
ALMA L. MAYA, TOWN CLERK

This space for Recorder's use

MIN #: _____          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1901 E Voorhees
Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
THE CWABS INC., ASSET-BACKED     CERTIFICATES, SERIES 2006-12 whose address is 101 BARCLAY
ST - 4W, NEW YORK, NY 10286 all beneficial interest under that certain Mortgage described below together with the
note(s) and obligations therein described and the money due and to become due thereon with interest and all rights
accrued or to accrue under said Mortgage.

Original Lender:      COUNTRYWIDE HOME LOANS, INC.
Borrower(s):          JOHNNY RAY MOORE
Date of Mortgage:     5/26/2006
Original Loan Amount: $248,000.00

Recorded in Bridgeport Township, CT on: 5/31/2006, book 06992, page 0323 and instrument number 019009

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
2/4/2012

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.

By: _____
    Aida Duenas
    Assistant Secretary

Witness: Mercedes Judilla          Witness: Youda Crain

State of California
County of Ventura

On Feb 4, 2012 before me, Enz Thay
Aida Duenas _____, Notary Public, personally appeared
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity
(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____

ERIC T. WAY
Commission # 1835518
Notary Public - California
Los Angeles County
My Comm. Expires Feb 7, 2013

EXHIBIT G

**Fill in this information to identify the case:**

Debtor 1    Johnny Ray Moore

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of ___Connecticut___
                                                                    (State)

Case number    19-51257

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    C/O Specialized Loan Servicing LLC

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Specialized Loan Servicing LLC
Name

8742 Lucent Blvd, Suite 300
Number        Street

Highlands Ranch, Colorado 80129
City            State            ZIP Code

Contact phone    (800) 315-4757

Contact email _____

**Where should payments to the creditor be sent? (if different)**

Specialized Loan Servicing, LLC
Name

PO Box 636007
Number        Street

Littleton, Colorado 80163
City            State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 7231 |

7. **How much is the claim?**    $148,092.41 .    **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**    Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

9. **Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

**Nature of Property:**

☑ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:    73-75 Baldwin Street, Bridgeport, Connecticut  06607

**Basis for Perfection:**    Recordation of Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $

Amount of the claim that is secured:    $148,092.41

Amount of the claim that is unsecured:    $    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $70,028.93

Annual Interest Rate (when case was filed)    10.870000%

☑ Fixed
☐ Variable

10. **Is this claim based on a lease?**    ☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $

11. **Is this claim subject to a right of setoff?**    ☑ No
☐ Yes.  Identify the property:

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | |
|---|---|---|---|---|
| | | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C.§ 507(a)(7). | | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |
| | | * Amounts are subject to adjustment on 04/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date      11/26/2019
                      MM / DD / YYYY

/s/ Peter Knapp
Signature

Print the name of the person who is completing and signing this claim:

| Name | Peter Knapp | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent for Specialized Loan Servicing, LLC | | |
| Company | Bonial & Associates, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P.O. Box 9013 | | |
| | Number          Street | | |
| | Addison | Texas | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email | POCInquiries@BonialPC.com |

Record &·Return to:
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
████████ /Bridgeport

BK: 8182 PG: 67
INST █████████ 

## ASSIGNMENT OF MORTGAGE

Know all men by these presents, that Mortgage Electronic Registration Systems, Inc., with a mailing address of 1818 Library Street, Suite 300, Reston, VA 20190 does hereby grant, bargain, sell, assign, transfer, and set over to The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-12 with a mailing address of c/o BAC Home Loans Servicing, LP, 7105 Corporate Drive, Plano, TX 75024 and its successors and assigns, all interest under that certain mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for Countrywide Home Loans, Inc. from Johnny Ray Moore, dated May 26, 2006 and recorded May 31, 2006 in Volume 6992 at Page 323 of the Bridgeport Land Records, together with any interest that assignor may have in the mortgage note secured thereby.

In Witness Whereof, the Assignor has duly executed this instrument this 5th day of February 2010.

Signed, Sealed and Delivered
in the Presence of:

Witness   Patricia A. Kropo

Mortgage Electronic Registration Systems, Inc.

By _____
Adam L. Bendett
Its Vice President

Witness   Michele R. Piccio

RECEIVED FOR RECORD
Feb 16, 2010 10:26:20
ALMA L. MAYA
TOWN CLERK
BRIDGEPORT, CT

STATE OF CONNECTICUT :

Farmington

COUNTY OF HARTFORD   :

On this 5th day of February 2010, personally appeared Adam L. Bendett, who is known to me to be the person who executed the foregoing instrument as the Vice President, of the Corporation that executed the foregoing instrument, and acknowledged the same to be the free act and deed of said Corporation, before me.

Patricia A. Kropo
Notary Public
My Commission Expires: 10-31-2011

████ = Redacted Information

EXHIBIT 



April 9, 2012

NMO_N5N-00435

Johnny Ray Moore
15 Sachem Dr
Shelton, CT  06484-1756

Loan number: ██████6737

Dear Johnny Ray Moore:

Thank you for contacting us about the new programs announced as a result of the U.S. Department of Justice and State Attorneys General global settlement.

We are considering your loan for relief under the terms of the settlement.  Please be assured that we will reach out to you once we have determined your eligibility. If you have questions, please contact us at 1.877.488.7814 (Monday through Thursday 8 am - 12 am, Friday 8 am - 10 pm, and Saturday 8 am -- 6 pm Eastern).

Home Loan Team
Bank of America, N.A.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information purposes only and not an attempt to impose personal liability for the debt.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about the status of your request and your potential eligibility for programs to help you avoid foreclosure sale.

Mortgages funded and administered by an Equal Housing Lender. ⌂
Protect your personal information before recycling this document.

C3_2936

 Recycled Paper

00-14-2427B  02-2005

**IMPORTANT NOTICE:**

<u>You may qualify for significant principal reduction on your loan</u>.

**We need more information to determine if you are eligible for a modification.**

**We must receive it by February 27, 2013.**

January 28, 2013

Johnny Ray Moore
15 Sachem Dr
Shelton, CT 06484 1756

**Loan Number:** ████6737

Dear Johnny Ray Moore:

Thank you for beginning the home loan modification evaluation process with us and for the financial information you have provided so far. We are in the process of evaluating your loan for programs that may be available to you, including the new modification program introduced as a result of the U.S. Department of Justice and State Attorneys General national settlement with major mortgage servicers, including Bank of America, N.A. This modification could offer you **significant principal reduction and low payments.**

**We need additional information from you in order to determine if your loan is eligible for a modification.**

As of the date of this letter, we cannot complete our review of your loan because some information we need is missing or incomplete. **It is important that you send us the requested information today. If you do not send us these documents, you will not be eligible for this program.** Please submit the following information for each borrower by **February 27, 2013**.

- **Self Employment Income Documentation** - Each self-employed borrower must provide copies of each of the most recent quarterly or year-to-date profit and loss statement. The statement must include the business name, income, cost-of-goods sold, other income, expenses, net income after expenses and period start and end dates (for example 10/1/2011 through 12/31/2011). The statement must be signed and dated by the borrower. If you are no longer self employed, please provide a copy of your cancelled business license or letter of explanation.

This letter may list one or more documents you have already submitted to us as part of this or another loan modification request. However, they may be incomplete or we need more information about them, so please take the action noted and ensure each document meets the following guidelines, if applicable:

- The signature of each borrower and the date the document was signed is required for many documents. Please make sure all the proper signatures and dates are provided for any documents listed above.

- Some requested documents have columns of numbers that must be added or subtracted to determine a total value (for example a profit and loss statement). Please ensure that complete and accurate totals are provided for any and all columns.

- If a document you previously submitted is listed above, it may be too old to be usable. Please send us a copy of the most recent version(s) of the document.

Be sure to write your loan number at the bottom of all pages if it's not already listed. This will aid in identifying your documents should they be sent separately or get separated.

**Please note: Keep a copy of all documents for your records. Do not send original documentation unless otherwise noted.**

Please complete and fax the remaining documentation with the enclosed fax cover sheet to us at 1.866.270.0620 or send to us using the enclosed FedEx envelope. **We must receive this information no later than February 27, 2013.** Once we receive your remaining documentation, we will notify you of the next steps in the process.

If you have any questions about our request for documents or want to confirm that we have received your missing information, please call or have your attorney call us as soon as possible at 1.800.669.6650. We want to work with you and urge you to send us your documentation as soon as possible.

Home Loan Team
Bank of America, N.A.



C3_2334-4

Enclosures: (1) Pre-paid envelope (2) Customized Cover Sheet

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1.877.430.5434. If you are calling from outside the U.S. please contact us at 1.817.685.6491.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

Mortgages funded and administered by an 🏠 Equal Housing Lender.
♻ Protect your personal information before recycling this document.

C3_2334-4



**IMPORTANT NOTICE:**

**Thank you for sending your financial information.**

**Here's what to expect next.**

Johnny Ray Moore
73-75 Baldwin Street
Bridgeport, CT 06607

**Loan Number:** ███6737

January 28, 2013

Dear Johnny Ray Moore:

Thank you for beginning the home loan modification process with us and for providing your financial information. We are now evaluating your loan for modification options, including a new modification program that has been introduced as a result of the U.S. Department of Justice and State Attorneys General national settlement with major mortgage servicers, including Bank of America, N.A. **This modification could offer you significant principal reduction and low payments.**

If we are missing any documents needed to evaluate your loan, we will send a letter that identifies the documents you need to provide and the timeframe in which they are due. **Please respond promptly to all requests you receive from us.**

Please be advised that your financial documents must not be more than 90 days old at the time we receive them. They will remain valid for up to 7 months from the document date, unless you experience a change in your financial situation or the owner of your loan (investor) requires a shorter time period.

Once we have received all documents requested, we will complete the evaluation. This will take approximately 30 days. Upon completion of the evaluation, you will receive **one** of these three responses:

- Your loan has been approved to begin a Trial Period. This notification will come in the form of a Trial Period Plan letter, and will provide you details of your Trial Period Plan and instructions on how to proceed. You will have at least 14 days to accept the offer (the actual number of days will be in the offer letter).

- Your loan is not eligible for this program, but may be eligible for other alternatives. This notification will come in the form of a letter describing other options such as a different modification program, short sale or deed-in-lieu of foreclosure.

- We need more information from you to make our decision. We will either call you or send you a letter with this request.

If you are currently making your mortgage payments to a Trustee, please note that all funds we receive from the Trustee during the loan modification review, trial period, and court approval process will be applied and credited to your account if you are in an active bankruptcy.

If you have questions about this process, please call or have your attorney call me at 1.800.669.6650. We look forward to working with you and appreciate the opportunity to serve your home loan needs.

Home Loan Team
Bank of America, N.A.



Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to let you know about your potential eligibility for a loan modification program that may help you bring or keep your loan current through affordable payments.

**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1.877.430.5434. If you are calling from outside the U.S. please contact us at 1.817.685.6491.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

Mortgages funded and administered by an ⌂ Equal Housing Lender.
♻ Protect your personal information before recycling this document.

C3_3183-5

## Important Message:

**You meet the criteria to apply for a modification program as part of a national mortgage settlement. Qualifying customers will receive significant principal reduction and may reduce their monthly payment up to 39%.**

January 19, 2013

JOHNNY RAY MOORE
15 Sachem Dr
Shelton, CT 06484 1756

**Bank of America** 〜 Home Loans

**Please complete, sign and return all the enclosed documents by February 03, 2013 to see if you qualify.**

Dear JOHNNY RAY MOORE:

Loan Number ███6737

Thank you for contacting us to discuss possible loss mitigation options. We are pleased to let you know that you meet the criteria required to apply for a new modification program recently announced as a result of the U.S. Department of Justice and State Attorneys General national settlement with major mortgage services, including Bank of America, N.A.

If you qualify for this modification, any unpaid late fees will be waived, interest and advances that we paid on your behalf will be added to your principal balance, and principal reduction will be applied. Please note that if you qualify for this program, approval from the Bankruptcy Court will also be required.

Here's how this modification works. The example below was created using actual results of this program to demonstrate the potential savings or benefit a customer could receive if eligible for a modification under this program. These numbers are estimates only and actual savings may vary, however **you must apply for this modification to see if you qualify.**

**Savings Example:**

| How This Modification Works | |
|---|---|
| Unpaid Principal Balance Before Modification | $269,000 |
| Unpaid Interest and Advances (+) | $40,000 |
| Total Amount Outstanding Before Modification (=) | $309,000 |
| Principal Reduction (-) | $132,000 |
| Modified Loan Balance (=) | $177,000 |

| Customer Benefit | | |
|---|---|---|
| | Before Modification | After Modification |
| Total Amount Outstanding | $309,000 | $177,000 (43% Reduction) |
| Days Past Due | 750 Days | 0 Days (Loan Brought Current) |
| Monthly Principal and Interest Payment | $1,650 | $1,000 (39% Reduction) |

Please note that escrow/impound for taxes and insurance will be required as part of this modification. If you qualify, the escrow payment amount will be added to the new monthly principal and interest payment. In some cases an interest rate reduction will also be applied as part of this modification. Please see the enclosed Frequently Asked Questions for more information.

**What you need to do**
- To help us determine if you qualify for this principal reduction modification program, **please send us the requested financial information listed in the enclosed checklist by February 03, 2013.** We have provided a pre-paid envelope for your convenience. Within 30 days of receiving all of your documents, we will send you an approval or decline letter explaining next steps.
- Please be sure to promptly respond to any requests you receive from us.
- Please read the enclosed Frequently Asked Questions that includes important information on taxes.
- For general information about the settlement, visit **bankofamerica.com/principalreduction.**

**We are here to help**
Please review the following enclosures. If you have any questions, please call 1.877.327.9225, Monday through Friday from 8 a.m. – 9 p.m. Eastern.

C3_3013-6

*EXHIBIT* I

**Modification Agreement
(Servicer Copy)**



**RECORDING REQUESTED BY:**
Bank of America, N.A.
Attn Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan #: 347713778673706607

BAC MODIFICATION AGREEMENT – Single Fund/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 1 of 11 pages)

137788737+BACBSMPMD_BK_07052013

C3_3477-3B

This document was prepared by
Home Retention Services, Inc.,
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.877.422.1761

_____ *SPACE ABOVE THIS LINE FOR RECORDER'S USE* _____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between Johnny Ray Moore, (the "Borrower(s)") and Bank of America, N.A. ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 26 day of May, 2006 and in the amount of $248,000.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 73-75 Baldwin Street, Bridgeport, CT 06607.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1.      **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    *(Page 2 of 11 pages)*


BACBSMPMD_8K_07052013

C3_3477-3B

I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

A.   The property is currently occupied and there has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

B.   I have provided documentation for all income that I receive that I am required to disclose, and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

C.   Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

D.   I have made all payments required under a trial period plan or loan workout plan.

2.   **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.   If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

B.   I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, (3) and for borrowers in active bankruptcy, the bankruptcy court approves it, and (4) the Modification Effective Date (as defined in Section 3 below) has occurred.

3.   **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on August 01, 2013 (the "Modification Effective Date").

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                                    *Page 3 of 11 pages*



6737+BACBSMPMD_BK_07052013                                                   C3_3477-3B

A.   As part of this Modification, I agree that all amounts and arrearages that are or will be past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $412,240.46 (the "Combined Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

B.   $322,086.01 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the unpaid principal balance. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.

C.   As of the Modification Effective Date the principal balance of the loan that remains due and payable is $90,154.45 (the "New Principal Balance").

D.   Interest at the rate of 10.87% will begin to accrue on the New Principal Balance as of July 01, 2013 and the first new monthly payment on the New Principal Balance will be due on August 01, 2013. My payment schedule for the modified Loan is as follows:

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 4 of 11 pages)



6737+BACBSMPMD_BK_07052013

C3_3477-3B

| Months | Interest Rate | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 275 | 10.87% | Principal and Interest | $891.62 | $839.63 May adjust periodically | $1,731.25 May adjust periodically | 08/01/2013 |

\*  If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.D. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

E.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4.  **Additional Agreements.** Lender and I agree to the following:

A.  All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

B.  This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

C.  I will comply, except to the extent that they are modified by this Agreement, with all

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                           (Page 5 of 11 pages)



6737+BACBSMPMD_BK_07052013

C3 3477-3B

covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

D.  The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E.  All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

F.  I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may



revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G.   On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand, to the extent such action is not prohibited by applicable state and federal law.

H.   On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.   On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J.   I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position

BAC MODIFICATION AGREEMENT – Single Family/NIMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                        (Page 7 of 11 pages)



6737+BACBSMPMD_BK_07052013                                        C3_3477-3B

and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.     I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L.     Any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should contact Bank of America, N.A.

M.     I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

BAC MODIFICATION AGREEMENT - Single Family/MMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.
(Page 8 of 11 pages)


8737+BACBSMPMD_BK_07052013

C3  3477-3B

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

If you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.

;Page 9 of 11 pages·



6737+BACBSMPMD_8K_07052013

C3_3477-3B

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.



Borrower  Johnny Ray Moore

July 12, 2013
Date

_____
Borrower

_____
Date

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                     [Page 10 of 11 pages]

6737+BACBSMPMD_BK_07052013                                    C3_3477-3B

**DO NOT WRITE BELOW THIS LINE**

THIS SECTION IS FOR INTERNAL USE ONLY

**Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP**

By: Stewart Lender Services, Inc., its attorney in fact

By: _____          _____
                                                 Date

_____, Stewart Lender Services, Inc.

BAC MODIFICATION AGREEMENT — Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 11 of 11 pages)


6737+BACBSMPMD_BK_07052013

C3_3477-3B

**DO NOT WRITE BELOW THIS LINE**

----------------------------------------------------------------

THIS SECTION IS FOR INTERNAL USE ONLY

**Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP**

By: Stewart Lender Services, Inc., its attorney in fact

By: _____     7/23/13
      Jennifer Phillips, A.V.P., Stewart Lender Services, Inc.          Date



**Bank of America**
**Home Loans**

400 NATIONAL WAY
SIMI VALLEY, CA  93065-6298

Statement Date
01/21/2014

1 of 2

Account Number ▓▓▓6737

IMPORTANT TAX RETURN DOCUMENT ENCLOSED

Property Address



DEFENDANT'S
EXHIBIT
F
FBT-CV18-6074995-S

JOHNNY RAY MOORE
15 SACHEM DR
SHELTON, CT  06484-1756

---

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a lender) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged. **Note,** If you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

**Box 6.** May show the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A-Bankruptcy; B-Other judicial debt relief; C-Statute of limitations or expiration of deficiency period; D-Foreclosure election; E-Debt relief from probate or similar proceeding; F-By agreement; G-Decision or policy to discontinue collection; H-Expiration of nonpayment testing period; or I-Other actual discharge before identifiable event.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to *irs.gov/form1099c.*

---

☐ CORRECTED (if checked)   ☐ VOID (if checked)

| | | |
|---|---|---|
| CREDITOR'S name, street address, city or town, province or state, country, ZIP, or foreign postal code, and telephone no.<br><br>BANK OF AMERICA, N.A.<br>400 NATIONAL WAY<br>SIMI VALLEY, CA  93065-6298<br>1-800-669-6607 | **1** Date of identifiable event<br>July 22, 2013 | OMB No. 1545 1424 |
| | **2** Amount of debt discharged<br>322,086.00 | **2013** |
| | **3** Interest included in box 2<br>0.00 | Form **1099-C** |

**Cancellation of Debt**

| | | |
|---|---|---|
| CREDITOR'S federal identification number<br>▓▓▓7665 | DEBTOR'S identification number<br>XXX-XX-8060 | **4** Debt description<br><br>MORTGAGE LOAN |

**Copy B**
**For Debtor**

DEBTOR'S name, Street address (including apt. no.), City or town, province or state, country, and ZIP or foreign postal code

JOHNNY RAY MOORE
15 Sachem Dr
Shelton, CT  06484-1756

**5** If checked, the debtor was personally liable for repayment of the debt  . . . . . . . . . . . . . . . [X]

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

| | | |
|---|---|---|
| Account number (see instructions)<br>▓▓▓6737 | **6** Identifiable event code<br>F | **7** Fair market value of property |

Form **1099-C**          (keep for your records)          irs.gov/form1099c          Department of the Treasury - Internal Revenue Service

EXHIBIT J.

**Bank of America** 🇺🇸 **Home Loans**

PO Box 5170
Simi Valley, CA  93062-5170

0014404 01 AB 0.403 **AUTO   7 1 0891 06484-175615   -C08-P14418-I1
MSR A2D00101 0300000000000000 BBKDISCL -- MLENVCRE

JOHNNY RAY MOORE
15 SACHEM DR
SHELTON CT  06484-1756



**Customer service information**

Customer service: 1.800.669.6607

TDD/TTY users only: 1.800.300.6407

En Español: 1.800.295.0025

Monday-Friday 7a.m. to 7p.m. Local Time

| Account number | ▬6737 |
|---|---|
| Payment due date | September 1, 2014 |

**Total Amount Due**     **$1,736.43**

## Your Home Loan Account

Statement date: August 29, 2014

THIS STATEMENT IS BEING SENT FOR INFORMATIONAL AND/OR COMPLIANCE PURPOSES ONLY. IT SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT, A DEMAND FOR PAYMENT OR AN ATTEMPT TO MODIFY ANY APPLICABLE BANKRUPTCY PLAN TERMS OR DISCHARGE INJUNCTION. IF YOU HAVE RECEIVED A DISCHARGE OF YOUR PERSONAL OBLIGATION TO REPAY THE DEBT ASSOCIATED WITH THE REFERENCED LOAN, Bank of America, N.A. WILL NOT TAKE ANY ACTION AGAINST YOU BUT HAS RETAINED THE RIGHT TO ENFORCE ITS RIGHTS AGAINST THE PROPERTY SECURING THIS LOAN.

### Account information

| | |
|---|---|
| Principal balance | $89,130.19 |
| Escrow balance | $2,529.22 |
| Interest rate | 10.875% |
| Prepayment penalty | No |

### Explanation of total amount due

| | |
|---|---|
| Principal | $83.88 |
| Interest | $807.74 |
| Escrow (taxes and insurance) | $844.81 |
| **Regular monthly payment** | **$1,736.43** |
| Current period fees and charges | $0.00 |
| **Total amount due** | **$1,736.43** |

*Please see the 'Other important information' section of this statement

### Past payments breakdown

| | Paid since last statement | Paid year to date* |
|---|---|---|
| Principal | $83.12 | $644.46 |
| Interest | $808.50 | $6,488.50 |
| Escrow (taxes and insurance) | $844.81 | $6,722.22 |
| Fees, charges, and advances | $0.00 | $0.00 |
| Unapplied funds* | $0.00 | $30.00 |
| **Total** | **$1,736.43** | **$13,885.18** |

---

**Bank of America** 🇺🇸 **Home Loans**

Account number:   137786737
JOHNNY RAY MOORE
Property address:
73-75 BALDWIN STREET
BRIDGEPORT, CT 6607

Bank of America, N.A.
PO Box 15222
Wilmington, DE  19886-5222

**Amount due on September 1, 2014**     **$1,736.43**

| Additional principal | $ |
|---|---|
| Additional escrow | $ |
| **Total enclosed** | $ |

6737

⑆586990058⑆ 137786737⑈

0891 09 00 0014404 0001 0031701

JOHNNY RAY MOORE | Account 6737 | August 29, 2014 | Page 2 of 4

## Additional account information

| | |
|---|---|
| Property Address | 73-75 BALDWIN STREET |
| Loan type | 30 Yr Conventional |
| Contractual remaining term | 21 Years, 10 Months |

## Transaction activity (08/19/14 to 08/29/14)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 08/29/14 | Payment Posted - Thank you | | 1,736.43 |

## Additional contact information

 <u>Housing counselor information:</u> If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1.800.569.4287.

| General Inquiries | To mail a payment | Overnight mail | Insurance matters |
|---|---|---|---|
| PO Box 5170 | PO Box 15222 | Retail Payment Services, | Insurance Dept. |
| Simi Valley, CA 93062-5170 | Wilmington, DE 19886-5222 | DE5-023-03-04 | PO Box 961291 |
| | | Christiana III | Fort Worth, TX 76161-0291 |
| | | 900 Samoset Drive | |
| | | Newark, DE 19713-6002 | |

Notice of Error, Requests for Information and Qualified Written Requests (as defined in RESPA) must be sent to: PO Box 942019, Simi Valley, CA 93094-2019. You have certain rights under federal law to resolve errors and request information related to your account. For more information about these rights, you can go to bankofamerica.com or contact us.



## You can make your payment

- By phone - call 1.800.669.6607
- By mail using the enclosed envelope

**For checks or money orders**
- Make your check payable to Bank of America, N.A.
- Please write your loan number on the check or money order
- Include this payment coupon with your check (do not staple your check to the coupon)
- Please do not send cash or include correspondence

Bank of America, N.A., Member FDIC. ⌂ Equal Housing Lender © 2014 Bank of America Corporation.

# EXHIBIT 

United States Bankruptcy Court
District of Connecticut

In re:
Johnny Ray Moore
    Debtor

Case No. 12-51027-ahws
Chapter 7

**CERTIFICATE OF NOTICE**

District/off: 0205-5     User: sstaton     Page 1 of 3     Date Rcvd: Feb 04, 2015
                           Form ID: B18     Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 06, 2015.

| | |
|---|---|
| db | +Johnny Ray Moore, 15 Sachem Drive, Shelton, CT 06484-1756 |
| cr | American InfoSource LP as agent for Midland Fundin, PO Box 268941, Oklahoma City, OK 73126-8941 |
| cr | +Bank Of America, N.A., 2380 Performance Dr., Richardson, TX 75082-4333 |
| cr | +Bank of America, N.A c/o Prober & Raphael A Law Co, 20750 Ventura Blvd, Suite 100, Woodland Hills, CA 91364-6207 |
| dbaty | +Mark M. Kratter, Kratter & Gustafson, LLC, 71 East Avenue Suite O, Norwalk, CT 06851-4903 |
| cr | +Shameka Smith, 63 Blohm Street, Floor 1, West Haven, CT 06516-5458 |
| cr | Tower Lien, LLC, P.O. Box 823502, Philadelphia, Pa 19182-3502 |
| cr | +WPCA Of Bridgeport, Law Office of Juda J. Epstein, 3543 Main Street, Second Floor, Bridgeport, CT 06606-3626 |
| 8213526 | +Bank of America, N.A, Linda St. Pierre, Hunt Leibert Jacobson, 50 Weston Street, Hartford, CT 06120-1504 |
| 7964598 | Bank of New York Me3llon, f/k/a The Bank of New York, Bank of America, Mail Stop TX2-982-03-03, 105 Corporate Drive , PTX-09, Plano, TX 75024 |
| 7872350 | Chase, P.O. Box 46903, Glendale, CO 80246 |
| 8202898 | +Christiana Trust, A Division Of Wilmington Savings, Gerald A. Gordon, Hunt Leibert & Jacobson PC, 50 Weston Street, Hartford, CT 06120-1504 |
| 7951400 | +JPMorgan Chase Bank, National Association, 700 Kansas Lane, Attn: Correspondence Mail, Mail Code LA4-5555, Monroe, LA 71203-4774 |
| 7875562 | +JPMorgan Chase Bank, National Association, Gerald A. Gordon, Hunt Leibert & Jacobson PC, 50 Weston Street, Hartford, CT 06120-1504 |
| 8342367 | +Johnny Ray Moore, David G. Volman, One Trap Falls Road, Suite 901, Shelton, CT 06484-7601 |
| 8326678 | +PennyMac Holdings , LLC, Linda St. Pierre, Hunt Leibert Jacobson, 50 Weston Street, Hartford, CT 06120-1504 |
| 8205912 | +PennyMac Loan Services, LLC, c/o Aldridge Connors LLP, Bankruptcy Department, Fifteen Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, GA 30305-1623 |
| 8204813 | +PennyMac Loan Services, LLC, 6101 Condor Drive, Suite 310, Moorpark, CA 93021-2602 |
| 8262004 | +Shameka Smith, 63 Blohm Street, 1st Floor, West Haven , CT 06516-5458 |
| 7952301 | +Specialized Loan Servicing, LLC, Attention Bankruptcy Department, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |
| 7957389 | +State of CT, Dept. of Revenue Services, Maria A. Santos, Office of the Attorney General, 55 Elm Street, Hartford, CT 06106-1752 |
| 7948607 | State of Connecticut, Department of Revenue Services, C&E Division, Bankruptcy Unit, 25 Sigourney Street, Hartford, CT 06106-5032 |
| 7875551 | +The Bank of New York Mellon fka, The Bank of New York, as Trustee, Andrew S. Cannella, Bendett & McHugh, P.C., 270 Farmington Avenue ,Suite 151, Farmington, CT 06032-1926 |
| 7953685 | +The Bank of New York Mellon fka The Bank of New Yo, c/o Bank of America, N.A., 7105 Corporate Drive, Plano, TX 75024-4100 |
| 7972404 | +Tower Lien LLC, Mark L. Bergamo/ The Marcus Law Firm, 275 Branford Road, North Branford, CT 06471-1337 |
| 7972979 | +Tower Lien, LLC, Mark L. Bergamo, The Marcus Law Firm, 275 Branford Road, Branford, CT 06471-1337 |
| 8368354 | +WPCA of Bridgeport, Juda J. Epstein, Law Offices of Juda J. Epstein, 3543 Main Street, Second Floor, Bridgeport, CT 06606-3626 |

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

| | |
|---|---|
| tr | +EDI: QBHKATZ.COM Feb 04 2015 18:43:00 Barbara H. Katz, Trustee, 57 Trumbull Street, New Haven, CT 06510-1004 |
| cr | +EDI: PRA.COM Feb 04 2015 18:44:00 PRA Receivables Management LLC, POB 41067, Norfolk, VA 23541-1067 |
| 8040769 | +EDI: ATTWIREBK.COM Feb 04 2015 18:44:00 %AT&T Services, Inc, Karen A. Cavagnaro — Lead Paralegal, One AT&T Way, Room 3A 231, Bedminster, NJ 07921-2693 |
| 7901125 | EDI: AIS.COM Feb 04 2015 18:44:00 American InfoSource LP as agent for, Midland Funding LLC, PO Box 268941, Oklahoma City, OK 73126-8941 |
| 7919524 | +EDI: ACCE.COM Feb 04 2015 18:43:00 Asset Acceptance LLC, P.O. Box 2036, Warren MI 48090-2036 |
| 7951859 | +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00 Azurea I, LLC, c/o Weinstein & Riley, P.S., 2001 Western Ave., Ste. 400, Seattle, WA 98121-3132 |
| 7883628 | EDI: BANKAMER2.COM Feb 04 2015 18:43:00 FIA CARD SERVICES, N.A., PO Box 15102, Wilmington, DE 19886-5102 |
| 7899320 | +EDI: BANKAMER.COM Feb 04 2015 18:43:00 Bank of America, N.A., Bankruptcy Department, P.O. Box 26012, NC4-105-02-99, Greensboro, NC 27420-6012 |
| 7886702 | EDI: DISCOVER.COM Feb 04 2015 18:43:00 Discover Bank, DB Servicing Corporation., PO Box 3025, New Albany, OH 43054-3025 |
| 7980782 | EDI: IRS.COM Feb 04 2015 18:43:00 Internal Revenue Service, P.O. Box 7346, Philadelphia, Pa 19101-7346 |
| 7890585 | +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00 Keystone Recovery Partners, LLC Series A, c/o Weinsrein and Riley, 2001 Western Avenue, Ste 400, Seattle,WA 98121-3132 |
| 7873579 | EDI: MERRICKBANK.COM Feb 04 2015 18:43:00 Merrick Bank, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 7934483 | +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00 Oak Harbor Capital VI, LLC, c/o Weinstein & Riley, P.S., 2001 Western Ave., Ste. 400, Seattle, WA 98121-3132 |

District/off: 0205-5     User: sstaton         Page 2 of 3              Date Rcvd: Feb 04, 2015
                         Form ID: B18          Total Noticed: 42

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
7919066      EDI: PRA.COM Feb 04 2015 18:44:00     Portfolio Recovery Associates, LLC,    POB 41067,
             Norfolk VA 23541
8369819      +E-mail/Text: ustpregion02.nh.ecf@usdoj.gov Feb 04 2015 18:43:19     United States Trustee,
             150 Court Street, Room 302,    New Haven, Ct 06510-2022
                                                                                     TOTAL: 15

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Christiana Trust, A Division Of Wilmington Savings
cr           JPMorgan Chase Bank, National Association
cr           PennyMac Holdings, LLC
cr           PennyMac Loan Services, LLC
cr           State of CT, Dept. of Revenue Services
cr           The Bank Of New York Mellon
cr           The Bank of New York Mellon fka The Bank of New Yo
7872349      Bank of America,    Home Loans,    Special Loan Servicing,    P.O. Box 91410-0227
aty*         +Barbara H. Katz, Trustee,    57 Trumbull Street,    New Haven, CT 06510-1004
cr*          +Azurea I, LLC,    c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
             Seattle, WA 98121-3132
cr*          +Oak Harbor Capital VI, LLC,    c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
             Seattle, WA 98121-3132
                                                                           TOTALS: 8, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 06, 2015                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 4, 2015 at the address(es) listed below:
          Abigail Hausberg    on behalf of U.S. Trustee    U. S. Trustee USTPREG1ONO2.NH.ECF@USDOJ.GOV
          Ana M. Fidalgo    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York, as
          Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12
          bkecf@bmpc-law.com,  afidalgo@bmpc-law.com
          Ana M. Fidalgo    on behalf of Creditor    JPMorgan Chase Bank, National Association
          bkecf@bmpc-law.com,  afidalgo@bmpc-law.com
          Ana M. Fidalgo    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com,
          afidalgo@bmpc-law.com
          Andrew Cannella    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com
          Andrew Cannella    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York,
          as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series
          2006-12 bkecf@bmpc-law.com
          Andrew S. Cannella    on behalf of Creditor    PennyMac Holdings, LLC bkecf@bmpc-law.com
          Barbara H. Katz, Trustee    barbarakatz@snet.net,  bhkatz@ecf.epiqsystems.com
          Barbara H. Katz, Trustee    on behalf of Trustee Barbara H. Katz, Trustee barbarakatz@snet.net,
          bhkatz@ecf.epiqsystems.com
          Brian D. Rich    on behalf of Defendant    JP Morgan Chase Bank, N.A. rich@halloran-sage.com,
          spencer@halloran-sage.com
          David G. Volman    on behalf of Debtor Johnny Ray Moore joni@volmanlaw.com
          Gerald A. Gordon    on behalf of Creditor    JPMorgan Chase Bank, National Association
          ggordon@huntleibert.com
          Gerald A. Gordon    on behalf of Creditor    Christiana Trust, A Division Of Wilmington Savings
          Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
          ggordon@huntleibert.com
          Juda J. Epstein    on behalf of Creditor    WPCA Of Bridgeport contact@lawofficesjje.com
          Kim L. McCabe    on behalf of U.S. Trustee    U. S. Trustee kim.mccabe@usdoj.gov
          Linda St. Pierre    on behalf of Creditor    PennyMac Holdings, LLC bankruptcy@huntleibert.com,
          lstpierre@huntleibert.com
          Linda St. Pierre    on behalf of Creditor    PennyMac Loan Services, LLC
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Linda St. Pierre    on behalf of Defendant    Christiana Trust A Division of Wilmington ,Savings
          Fund Society,FBS,as Trustee for Normandy Mortgage Loan Trust,Series 2013-18
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com

District/off: 0205-5          User: sstaton              Page 3 of 3              Date Rcvd: Feb 04, 2015
                             Form ID: B18               Total Noticed: 42

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Linda  St. Pierre   on behalf of Creditor   JPMorgan Chase Bank, National Association
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Creditor   Bank of America, N.A c/o Prober & Raphael A Law
          Corporation bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Creditor   Bank Of America, N.A. bankruptcy@huntleibert.com,
          lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Creditor   Christiana Trust, A Division Of Wilmington Savings
          Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Defendant    Selene Finance, LLP bankruptcy@huntleibert.com,
          lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Defendant    Penny Mac Loan Services,LLC
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Linda  St. Pierre   on behalf of Defendant    JP Morgan Chase Bank, N.A.
          bankruptcy@huntleibert.com,  lstpierre@huntleibert.com
          Maria A. Santos   on behalf of Creditor   State of CT, Dept. of Revenue Services
          maria.santos@ct.gov
          Mark L. Bergamo   on behalf of Creditor   Tower Lien, LLC mbergamo@marcuslawfirm.com
          Michael A. Leone   on behalf of Defendant    JP Morgan Chase Bank, N.A. leone@halloran-sage.com
          Molly T. Whiton   on behalf of Trustee Molly T. Whiton mtwhiton@mtwhiton.com
          U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV                              TOTAL: 30

I certify that this is a true and correct copy of the
original which is on file at the Office of the Clerk.

6/6/2019

Deputy Clerk, U. S. Bankruptcy Court          Date

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## District of Connecticut
## Case No. <u>12–51027</u>
## Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

    Johnny Ray Moore
    15 Sachem Drive
    Shelton, CT 06484

Social Security / Individual Taxpayer ID No.:
    xxx–xx–8060

Employer Tax ID / Other nos.:

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>2/4/15</u>

<u>Alan H.W. Shiff</u>
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Date Prepared
01/21/2016

1 of 2

**Bank of America**
**Home Loans**

P.O. BOX 31785
TAMPA, FL 33631-3785

**Account Number** ███6737

Property Address
73-75 BALDWIN STREET

**IMPORTANT TAX RETURN DOCUMENT ENCLOSED**

JOHNNY RAY MOORE
15 Sachem Dr
Shelton CT 06484-1756



**DEFENDANT'S EXHIBIT**
**G**
FBT-CV18-6074995-S

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Debtor's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the creditor has reported your complete identification number to the IRS.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged. Note. If you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

**Box 6.** Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A-Bankruptcy; B-Other judicial debt relief; C-Statute of limitations or expiration of deficiency period; D-Foreclosure election; E-Debt relief from probate or similar proceeding; F-By agreement; G-Decision or policy to discontinue collection; H-Expiration of nonpayment testing period; or I-Other actual discharge before identifiable event.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to *irs.gov/form1099c.*

---

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>BANK OF AMERICA, N.A.<br>P.O BOX 31785<br>TAMPA, FL 33631-3785　　1-800-669-6607 | 1 Date of identifiable event<br>February 4, 2015 | OMB No. 1545-1424 | Cancellation of Debt |
|---|---|---|---|
| | 2 Amount of debt discharged<br>$87,788.97 | **2015** | |
| | 3 Interest if included in box 2<br>$0.00 | Form 1099-C | |

| CREDITOR'S federal identification number ███7665 | DEBTOR'S identification number XXX-XX-8060 | 4 Debt description<br><br>73-75 BALDWIN STREET<br>BRIDGEPORT, CT 06607 | **Copy B**<br>**For Debtor** |
|---|---|---|---|
| DEBTOR'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code<br><br>JOHNNY RAY MOORE<br>15 Sachem Dr<br>Shelton CT 06484-1756 | | 5 If checked, the debtor was personally liable for repayment of the debt . . . . . . . . ☐ | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| Account number (see instructions)<br>Servicing ███6737 | | 6 Identifiable event code<br>A | 7 Fair market value of property<br>$ | |

Form **1099-C**　　(keep for your records)　　irs.gov/form1099c　　Department of the Treasury - Internal Revenue Service

EXHIBIT 



State of Connecticut Judicial Branch
Superior Court E-Filing



E-Services Home
-
E-Services Inbox (37)
-
Superior Court E-Filing
Civil/Family
Housing
Small Claims
-
E-File a New Case
-
E-File on an Existing Case
By Docket Number
By Party Name
List My Cases
-
Court Events
By Date
By Docket Number
-
Short Calendars
Markings Entry
Markings History
My Short Calendars
By Court Location
Calendar Notices
-
My Shopping Cart (0)
My E-Filed Items
My Access Requests
-
Legal Notices
-
Pending Foreclosure Sales
-
Search By Property Address
-

**Logged-In User:** Johnny Ray Moore (JRayMoore1) **E-Mail:** johnnyraymoore@gmail.com Logout

FBT-CV18-6074995-S THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO v. MOORE, JOHNNY RAY

**Prefix:** FB2 **Case Type:** P00 **File Date:** 05/22/2018 **Return Date:** 06/05/2018

Case Detail | Notices | History | Exhibits | Scheduled Court Dates | Self-rep Help Manual

Hide Instructions

## My EFiled Exhibits

**Instructions**: Here is a list of the Exhibits that have been uploaded for this case.

Results Found: 21

| # | Added On | Party | Exhibit Description | Hearing Start Date | Exhibit Status | Exhibit List Designation |
|---|---|---|---|---|---|---|
| 1 | 05/11/2023 by 102892 | Plaintiff | 1 - Requests to Admit | | | |
| 2 | 05/11/2023 by 102892 | Plaintiff | 2 - Appraisal | | | |
| 3 | 05/11/2023 by 102892 | Plaintiff | 3 - Note | | | |
| 4 | 05/11/2023 by 102892 | Plaintiff | 4 - Mortgage | | | |
| 5 | 05/11/2023 by 102892 | Plaintiff | 5 - Assignment of Mortgage 1 | | | |
| 6 | 05/11/2023 by 440514 | Defendant | Notice of Bankruptcy Case Filing | | | |
| 7 | 05/11/2023 by 102892 | Plaintiff | 6 - Assignment of Mortgage 2 | | | |
| 8 | 05/11/2023 by 440514 | Defendant | Notice of Chapter 13 Bankruptcy Case and Notice of Service | | | |
| 9 | 05/11/2023 by 102892 | Plaintiff | 7 - Modification 1 | | | |
| 10 | 05/11/2023 by 440514 | Defendant | BNY Motion for Relief from Bankruptcy Stay | | | |
| 11 | 05/11/2023 by 102892 | Plaintiff | 8 - Modification 2 | | | |
| 12 | 05/11/2023 by 440514 | Defendant | Bankruptcy Court Order Dismissing Chapter 13 Case | | | |
| 13 | 05/11/2023 by 102892 | Plaintiff | 9 - Payment History | | | |
| 14 | 05/11/2023 by 440514 | Defendant | Interest Only Adjustable Rate Rider | | | |
| 15 | 05/11/2023 by 102892 | Plaintiff | 10 - Demand Letters | | | |
| 16 | 05/11/2023 by 102892 | Plaintiff | 11 - Payoff figures | | | |
| 17 | 05/11/2023 by 440514 | Defendant | BANA 2013 1099-C | | | |
| 18 | 05/11/2023 | Defendant | BANA 2015 1099-C | | | |

| | | | | |
|---|---|---|---|---|
| | by 440514 | | | |
| 19 | 05/11/2023 by 440514 | Defendant | 📝 | Loan Modification Agreement 01 July 2009 |
| 20 | 05/11/2023 by 440514 | Defendant | 📝 | Loan Modification Agreement 12 July 2013 |
| 21 | 05/11/2023 by 102892 | Plaintiff | 📝 | 12 - Affidavit of Debt |

Copyright © 2023, State of Connecticut Judicial Branch